Martin E. Walters E 66183
California State Prison at Solano
P.O. Box 4000, 6-206L
VACAVILLE CA. 95696
Pro se

3554 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe

FILED
JAN 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN E. WALTERS, Petitioner, | NO. '08 CV 0167 DMS NLS |
| vs | Points and Authorities in Support of ~~Petition for~~ Writ of Habeas Corpus |
| CA. DIRECTOR OF CORRECTIONS, Respondent, | |

TO: THE HONORABLE JUDGE PRESIDING IN THE ABOVE ENTITLED CAUSE OF ACTION,

I, Martin E Walters, petitioner in the instant matter, hereby submits points and Authorities that may support petitioner's petition for Writ of Habeas corpus.

ORIGINAL

CR

# TABLE OF CONTENTS

Page No.

TABLE OF CONTENTS . . . . . . . . . . . 2

TABLE OF AUTHORITIES . . . . . . . . . 3

Arguement . . . . . . . . . . . . . . 4-13(c).

Exhibits . . . . . . . . . . . . . . . 14

Exhibit 1 . . . . . . . . . . . . . . 15-18

Exhibit 2 . . . . . . . . . . . . . . 20-21

Exhibit 3 . . . . . . . . . . . . . . 23-26

Exhibit 4 . . . . . . . . . . . . . . 28-35

Varification . . . . . . . . . . . . . 36

# TABLE OF AUTHORITIES

## U.S. CONSTITUTION

U.S.C.A. CONSTITUTION AMEND. 14.
U.S.C.A. CONSTITUTION AMEND. 5.
U.S.C.A. CONSTITUTION AMEND. 6.

SANTOBELLO VS. NEW YORK, 404 U.S. 257 (1971)
RICKETTS VS. ADAMSON, 483 U.S. 1, 6 N.3. (1987)
BUCKLEY VS. TERHUNE, 441 F.3d 688, (9TH CIR. 2006)
BROWN VS. POOLE, 337 F.3d 1155, 1159 (9TH CIR. 2003).

## CALIFORNIA

CALIFORNIA CIVIL CODE §§ 1437, 1512, 1550 ET. SEQ, 1565 ET. SEQ., 1598, 1710, 1619-23, 1635, 1649, 1654, 3390-91, 3384-3412; ETC.

PEOPLE V. SHELTON, 37 CAL. 4TH AT 344, 20 CAL RPTR 3d 923 (2004)

IN RE MOSER, 6 CAL. RPTR. 2d 723, 6 CAL. 4TH 342 (CAL. 1993)

IN RE CARABES, 193 CAL. RPTR. 65, 144 CAL APP. 3d 927 (CAL. APP. 5TH DIST. 1983)

CALIFORNIA CODE OF REGULATIONS, TITLE 15 §§ 2370, 2369, 2368, 2000 (70).

California Penal Code § 1389.7.

## Fed. Statutes

28 U.S.C. § 2254 (d)(1) and (2)

Under Santobello v. New York, 404 U.S. 257, 261-62, 92 S.Ct. 495. (1971), a criminal defendant has a due process right to enforce the terms of his plea agreement. See also Buckley V. Terhune, 441 F.3d 688, 694 (9th cir. 2006); Brown V. Poole, 337 F.3d 1155, 1159 (9th cir. 2003) ("[The defendant's] due process rights conferred by the federal constitution allow [him] to enforce the terms of his Plea agreement.").

In August 2007, when the California Supreme Court Summarily denied petitioner's petition for Writ of Habeas Corpus, it had been clearly established federal law for more than a decade That the construction and interpretation of state court Plea agreements "and the cocomitant obligations flowing there from are, within broad bounds of reasonableness, Matters of state law." Ricketts V. Adamson, 483 U.S. 1, 6 n.3, 107 S.Ct. 2680 (1987).

In California, "[a] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles," People V. Shelton, 37 Cal.4th 759, 767, 37 Cal. Rptr. 3d 354, 125 P.3d 290 (2006), and "according to the rules as other contracts," People V. Toscano, 124 Cal. App. 4th 340, 344, 20 Cal. Rptr. 3d 923 (2004) (cited with approval in Shelton along with other California cases to the same effect dating back to 1982). Thus, under Adamson, California courts are required to construe and interpret plea agreements in accordance with state contract law.

The analysis regarding the breach of petitioner's plea agreement and remedy to which petitioner is entitled

Page: ______

is not New to this court.

The NiNeth Circuit Court has previously applied similar principles and rules of construction in Brown and Buckley. In those cases, on the basis of Santobello and Adamson, the NiNeth Curcuit held that the state court, in failing to properly apply California contract law when interpreting a plea agreement, had had engaged in an objectively unreasonable application of clearly established federal law under Title 28 U.S.C.A. §2254(d)(1) Brown, 337 F.3d at 1160 n.2. In petitioner's case, more on point with Buckley, The California Courts not only failed to apply state contract law properly but failed to apply it at all. Buckley, 441 F.3d at 695 hn. 7-8.

Therefore, its decision, is unquestionably contrary to clearly established federal law.

Petitioner seeks a contractual interpretation of his plea agreement to settle the ambiguities of; his sentence; Parole; the length of parole; concurrent time; served in federal custody; and multijurisdictional status; requiring a decision of the paroling authority, to either "discharge" petitioner's California sentence (C.C.R. title 15 § 2370(d)(1).) or "Set (Petitioner's) term" (within the California's first degree Murder matrix) pursuant to C.C.R. title 15 § 2370(d)(2). This was supposed to be used to effectuate petitioners underlying, true agreement, of serving 20 years in custody. (EN1)

After these ambiguities are settled, allow petitioner to enforce the terms, conditions, promises, or induements

used to obtain petitioner's guilty pleas.

Should it please this court, petitioner sincerely provides this honorable Court an opportunity to prevent a miscarriage of justice, because a plenary review of this extraordinary case would sincerely show, by operation of law, petitioner should be free at the expiration of his federal sentence as designed by the Original Contracting parties (anticipated at 2-28-2008).

Concomitant Obligations

Had the Central office Calander, California's administration for the Board of Parole Hearings, initiated the appropriate "multijurisdictional prisoner Initial Parole Hearing" (C.C.R. title 15 § 2370) Petitioner would have received the appropriate decision (§ 2370(d)). Thus, rendering the current controversey moot.

Because, California's agency (B.P.H.) does not have an appeal process petitioner is forced to seek relief from this Court. this Court has original Jurisdiction.

Petitioner respectfully attached a copy of the appropriate Rule and/or regulation, that was supposed to be used to effectuate the true agreement. (please see exhibits A and B incorporated herein and attached hereto.)

Petitioner is entitled to relief.

Parole; Benifit or Penal Consequence?

The issue of Parole is extremely difficult for Petitioner to

explain because parole under State law is not the early release to finish the remainder of a defendants term outside the prison walls, as Federal laws define Parole.

In California (post D.S.L.) parole is served after the term has been completed (Cal. Pen C § 3000 et seq.) [Moser; Carabes; Table of Auth.]

Thus, Petitioner has great difficulty conveying the word parole without offending State and or Federal law. In other words no matter how petitioner utilizes the word parole he will be wrong. Petitioner concludes this abomination is a pure Sophism and or Artiface and therefor should be estopped, because it conflicts with federal law.

For the same reasons the Federal system abolished parole when it adopted the minimum mandatory sentencing scheme, instead of merely calling "supervised release" parole ("The New parole"). The U.S. Legislature recognized "parole" means something specific, a grant of leiniency not a 'penal consequence' such as supervised release is. California did not do this. As a result prisoner's seeking judicial relief from federal court are forced to overcome the rules and principles based upon the presumption that parole is a gift, not a penal consequence that parole is, in California. Thus, "no one is entitled to parole decisions, and yet, the reality is most every person is released on parole in California. Ironicly, when [he] reads the U.S. Courts decisions, The reasons, he recognizes the paradox and the Sophism called parole.

Thus, whats left is whats petitioner's term? Because only then can the court ascertain that California does not have an Agency to determine the term between the minimum and maximum, as would be required under federal law, when operating and Indeterminate

Sentencing Scheme.

How does California operate an indeterminate sentence when no one appears to be statutorily authorized to determine the proportionate term, when former (I.S.L.) Pen. Code §§3020-25 have been abolished since 1977?

Once again petitioner finds himself in a paradox, whether claiming he is I.S.L or D.S.L. sentenced prisoner, he will be wrong.

Same paradox applies when seeking D.S.L. post conviction credits, (P.C. §§ 2930 et. seq.) because they apply to persons sentenced pursuant to P.C. § 1170, noT §1168(b), Nor §1168.(Former I.S.L.), who committed crimes prior to 7-1-77.

Petitioner recognizes the difficulty of seeking Judical review when being limited to claims of due process, when there is no way petitioner can ever be totally correct, free from fallacy, or misapplying the legislative intent of the statutes.

Thus, petitioner concludes the California courts utilized Judicial gloss to operate the ambiguous "25 years to life" (under the Determinate Sentencing Act) must be unconstitutional because it fits no model of a Constitutional "Indeterminate Sentence."

Therfor, Petitioner does not adopt the presumption that he has a legitimate indeterminate sentence or that he seeks parole. However should this court adopt California's version of law, petitioner is still entitled to relief as a multijurisdiction prisoner, or the provisions of petitioner's plea bargains ambiguities (Cal. Civ. Code § 1649).

Petioner seeks specific performance (C.C.C. § 3390) because his aleged obligation is unascertainable, as the State changes it at will.

# MAIN Issues

Notwithstanding the fact petitioner not only believed that the sentence for first degree murder carried a "sentence range of 25 years to life", and the plain words used in the statute indicate such.

Petitioner's true issue is that, Petitioner accepted the offer of serving 20 years in custody, on both State and federal cases, made by D. Thomas Ferraro (A.U.S.A.) and Evan Miller (D.D.A.) in San Diego, Witnessed by Larry Ainbinder, petitioner's court appointed lawyer, on the State Case and Jim Pokorny, Court appointed lawyer, in the federal case.

Petitioners conditions for pleading guilty were accepted by the prosecutions and judges, according to defense counsels, and are now being dishonored.

All problems stem from the charges used to effectuate the agreement. (i.e. first degree Murder)

Petitioner Wants to enforce all the terms of his Plea Bargain.

Issue #1 The prosecutions agreed that any time petitioner received in State Court would be concurrent to any time petitioner received in Federal Court.

The State Sentence is now going to be longer than the the Federal time. that was not the agreement.

Issue #2 That anytime petitioner received in state court would be served in federal custody. Now the State refuses to allow petitioner to serve his time in federal custody.

Issue #3 Petitioner was promised he could receive "early release" on parole of up to 60 months.

Now the State is claiming Petitioner he will be on Parole for the rest of his life. (P.C. § 3000.1)

Issue #4 Petitioner was told, and believed that he would receive a multijurisdiction Prisoner status and as a multijurisdiction prisoner, he would recieve a decission that would ensure Petitioner's California term expired before Petitioner's federal Sentence.

Petitioner not only was not even recognized as a multi-Jurisdictional prisoner, he did not receive a multijurisdiction Prison hearing or a decision to "ensure" his California's term expired before petitioner's federal term, but received a decision that ensured petitioner will be in State custody for a term longer than the federal term and the much longer than Petitioner's agreed upon 20 years of custody.

Issue #5 The Prosecutor, D.D.A. Miller promised Petitioner would not serve one day on the Murder because the State Sentence would expire before the federal Sentence; and the Concurrent Sentence ensured that. Now, that is a lie.

Issue #6

Petitioner knows whats wrong and Specific Performance would prove Petitioner's claims. Yet, California Courts continue to misconstrue Petitioner's claims in order to circumvent the enforcement of their unlawful promises that were used to obtain the guilty pleas. (i.e. 5 years parole; concurrent time; multijurisdiction Status; and Served in federal custody.)

not Petitioner was erroneously Sentenced to 25 years to life.

The State made all these promises and does not want to live up to them, presumably because the promises Violate State law.

Issue #7

Petitioner's lawyers also Varified the representations as true. Mr. Ainbinder told petitioner and Mr. Pokorny that petitioner would serve 19 years on the first degree murder charge, ON (5-8-90 —)5-9-90, in the federal court house and on many occasions leading up to the change of plea.

As increadible as it may appear, should your honor simply examine the multijurisdictional prisoner Initial parole Hearing regulation (title 15 § 2370(d)) You would discover that the regulations do not provide for the unethical "shield" Policy requiring a prisoner to be "found suitable for parole" before determining his punishment for the crime.

Petitioner was never told he would have to be found suitable for parole in order to receive his term or to be released from prison. now prison officials condition petitioner to be found suitable for parole (virtually impossible) in order to obtain his term and subsequent freedom. This was not the Deal in Petitioner's case.

That's the problem and "The Issues".

Petitioner can not receive parole on a term that has already expired, any more than he can make the paroling authority recognize his multijurisdictional status or the terms of his plea agreement.

Petitioner knows what he agreed to, and it was not serving life. Petitioner agreed to serve 20 years in custody, with his own conditions, that are now being dishonored by the State's Agencies.

WITH ALL DUE RESPECT PETITIONER DOES NOT UNDERSTAND WHY, THE CALIFORNIA COURTS, ARE REQUIRING PETITIONER TO MAKE A "PRIMA FACIE STATEMENT" TO CLAIM, AS FACT, THAT HE IS "UNLAWFULLY OR ILLEGALLY CONFINED," IN ORDER TO, "ENFORCE THE TERMS OF HIS PLEA AGREEMENT."

DOES PETITIONER ACTUALLY HAVE TO SUFFER IRREPARIBLE INJURY OF OVER INCARCERATION IN ORDER TO ENFORCE THE TERMS OF HIS PLEA AGREEMENT?

EXAMPLE: ON 5-9-90, IN SAN DIEGO COUNTY SUPERIOR COURT, WHEN PETITIONER AGREED TO PLEAD GUILTY ON THE THE CONDITION THAT:

A.) ANY TIME HE RECEIVED IN HIS STATE CASE (#103749) WOULD BE SERVED IN FEDERAL CUSTODY, AND ON 5-20-06 THE STATE REFUSED TO ALLOW PETITIONER TO SERVE HIS TIME IN FEDERAL CUSTODY. WHERE DOES THE ILLEGALITY OF MY CONFINEMENT FIT? OR;

B.) WHEN PETITIONER AGREED TO PLEAD GUILTY ON 5-9-90, THAT HE COULD RECEIVE EARLY RELEASE ON PAROLE FOR UP TO 60 MONTHS AND ON 11-26-06, C.D.C.R. TELLS HIM, HE MUST BE ON PAROLE (CONDITIONAL FREEDOM) FOR THE REMAINDER OF HIS LIFE.

WHERE DOES ILLEGALITY OF CONFINEMENT APPLY?

C.) THAT; ANY TIME PETITIONER RECEIVED IN STATE CASE (#103749) WOULD BE CONCURRENT TO ANY TIME PETITIONER RECEIVED IN HIS FEDERAL CASE 88-0769-G.

WHEN THE "CONCURRENT TIME" PROVISION WILL NOT BE BREACHED UNTIL PETITIONERS FEDERAL SENTENCE HAS EXPIRED. (2-28-08)

HOW DOES PETITIONER CLAIM HE IS ILLEGALLY CONFINED?

D.) THAT; PETITIONER WOULD RECEIVE MULTIJURISDICTION PRISONER INITIAL PAROLE HEARING (TITLE 15 § 2370) AND THE DECISION (TITLE 15 § 2370 (d) AND (d) (1), OR (d) (2), WHICH WOULD REQUIRE RESPONDENTS TO "DISCHARGE" OR "SET (PETITIONERS) TERM" THAT WOULD ENSURE PETITIONER'S STATE TIME WOULD EXPIRE BEFORE HIS FEDERAL TIME!" WHEN PETITIONER NEVER RECEIVED THE HEARING OR THE DECISION (DESPITE THE FACT IT WAS PROBABLY DUE IN 2005) THAT WOULD EFFECTUATE THE AGREEMENT.

PETITIONER IS PROBABLY WRONG BUT, HE ASSUMES THAT AN ORDER FROM THIS COURT, REQUIRING THE RESPONDANTS TO HONOR THE TERMS AND/OR CONDITIONS OF PETITIONERS PLEA AGREEMENT, AS AN OPERATION OF LAW, PETITIONER WOULD BE FREE AT THE EXPIRATION OF HIS FEDERAL SENTENCE.

THUS, THERE IS NO ATTACK ON THE CONVICTION OR SENTENCE, SIMPLY ORDER RESPONDENTS TO CONDUCT THE APPROPIATE MULTIJURISDICTION PRISONER INITIAL PAROLE HEARING, AND Presumably, ALL WILL BE SETTLED.

Order California to recreate an appeals process for B.P.H., So, Prisoner's are not directed to seek (presumably correct) Habeas Corpus relief, for an administrative Issue.

## Principles OF LAW THAT Should HAVE Applied

IN CALIFORNIA, "[A]LL CONTRACTS, WHETHER PUBLIC OR PRIVATE, ARE TO BE INTERPRETED BY THE SAME RULES. ..." CAL. CIV. CODE § 1635; SEE ALSO SHELTON, 37 CAL. 4TH AT 766-67; TOSCANO, 124 CAL. APP. 4TH AT 344. A COURT MUST FIRST LOOK TO THE PLAIN MEANING OF THE AGREEMENTS LANGUAGE. CAL. Civil Code §§ 1638, 1644. IF THE LANGUAGE IN THE CONTRACT is ambiguous "IT MUST BE INTERPRETED IN THE SENSE IN Which the Promisor BELIEVED, AT THE TIME OF MAKING IT, THAT THE PROMISEE UNDERSTOOD IT." CAL. CIV. CODE § 1649. THE INQUIRY CONSIDERS NOT THE SUBJECTIVE BELIEF OF THE PROMISOR BUT, RATHER, THE "OBJECTIVELY REASONABLE" EXPECTATION OF THE PROMISEE. BANK OF THE WEST V. SUPERIOR COURT, 2 CAL. 4TH 1254, 1265 (1992); BADIE V. BANK OF AM., 67 CAL. APP. 4TH 779, 802 N.9 (1998) ("ALTHOUGH THE INTENT OF THE PARTIES DETERMINES THE MEANING OF THE CONTRACT, THE RELEVANT INTENT IS OBJECTIVE - THAT IS, THE OBJECTIVE INTENT AS EVIDENCED BY THE WORDS OF THE INSTRUMENT, NOT A PARTY'S SUBJECTIVE INTENT." (INTERNAL QUOTATION MARKS AND CITATION OMITTED)). COURTS LOOK TO THE "OBJECTIVE MANIFESTATIONS OF THE PARTIES' INTENT ...." SHELTON, 37 CAL. 4TH AT 767. IF AFTER THIS SECOND INQUIRY THE AMBIGUITY REMAINS, "THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST." CAL. CIV. CODE § 1654; SEE ALSO TOSCANO, 124 CAL. APP. 4TH AT 345 ("AMBIGUITIES [IN A PLEA AGREEMENT]

ARE CONSTRUED IN FAVOR OF THE DEFENDANT").

Conclusion

Petitioner is entitled to some relief.

''

''

Verification is on page 36

E.N. 1 Cal. Penal Code Section 1389.7.

# EXHIBIT COVER PAGE:

Exhibit: 1

Description of this exhibit: multijurisdiction prisoner regulations, Matrix of terms for first degree murder; and decision of parole panel

Number of pages of this exhibit: 4 pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

_____ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: ______________________________

*1. Amendment filed 10-27-77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).*

*2. Amendment of subsection (b) filed 7-14-78 as an emergency; effective upon filing (Register 78, No. 28).*

*3. Certificate of Compliance filed 10-27-78 (Register 78, No. 43).*

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2368, s 2368. Prehearing Procedures.

***764 15 CCR s 2368**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**

**TITLE 15. CRIME PREVENTION AND CORRECTIONS**

**DIVISION 2. BOARD OF PRISON TERMS**

**CHAPTER 3. PAROLE RELEASE**

**ARTICLE 10. MULTIJURISDICTION REGULATIONS**

*This database is current through 03/16/07, Register 2007, No. 11*

**s 2368. Prehearing Procedures.**

Upon notification that the board at the central office calendar has ordered a hearing for a multijurisdiction prisoner or parolee, the central office hearing coordinator shall assure that the officials of the other jurisdiction have done the following:

(a) Scheduled the hearing.

(b) Met time limits.

(c) Advised the prisoner or parolee of his rights.

(d) Screened the prisoner's or parolee's requests for witnesses, if applicable.

(e) Notified any necessary witnesses of the date, time and place of the hearing, if applicable.

(f) Disclosed all documentary and physical evidence unless designated confidential under Section 2235.

(g) Decided requests for continuances under Section 2253.

(h) Arranged necessary attorney representation, if applicable.

(i) Otherwise prepared the case for a hearing.

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2369, s 2369. Documentation Hearing.

***765 15 CCR s 2369**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**

**TITLE 15. CRIME PREVENTION AND CORRECTIONS**

**DIVISION 2. BOARD OF PRISON TERMS**

**CHAPTER 3. PAROLE RELEASE**

**ARTICLE 10. MULTIJURISDICTION REGULATIONS**

*This database is current through 03/16/07, Register 2007, No. 11*

**s 2369. Documentation Hearing.**

At this hearing, the panel shall review the prisoner's activities and conduct considering the criteria in ss 2290 and 2410 and document activities and conduct pertinent to granting and withholding postconviction credit. This hearing shall be conducted by a one person panel and the panel member shall be a commissioner or deputy commissioner. The hearing shall be scheduled pursuant to s 2269.1. For multijurisdiction prisoners located outside California, the hearing may be conducted over the telephone or by videoconferencing.

*Note: Authority cited: Section 5076.2, Penal Code. Reference: Section 1389.7, 3041, 3041.5, 11190 and 11193, Penal Code.*

*HISTORY*

*1. Amendment of section heading, repealer and new section and newNote filed 6-17-2003; operative 7-17-2003 (Register 2003, No. 25).*

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2370, s 2370. Initial Parole Hearing: Prisoner Rights.

***766 15 CCR s 2370**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**

**TITLE 15. CRIME PREVENTION AND CORRECTIONS**

**DIVISION 2. BOARD OF PRISON TERMS**

**CHAPTER 3. PAROLE RELEASE**

**ARTICLE 10. MULTIJURISDICTION REGULATIONS**

*This database is current through 03/16/07, Register 2007, No. 11*

**s 2370. Initial Parole Hearing: Prisoner Rights.**

(a) Multijurisdiction Prisoners Located in California. At the hearing specified in Section 2268 all multijurisdiction prisoners located in California, shall have the rights specified in Sections 2245-2255.

(b) Multijurisdiction Prisoners Located Outside California. At the hearing specified in Section 2268, all multijurisdiction prisoners located outside California shall have the rights specified in Section 2367. The hearing shall be a telephone hearing.

(c) Record. The record of the hearing shall be a verbatim transcript.

(d) Decision. In making a decision concerning parole for multijurisdiction prisoners the hearing panel shall make one of the following decisions considering the factors enumerated:

(1) To discharge the California sentence at the minimum eligible parole date and waive parole when the crime for which the prisoner has been committed to the other jurisdiction is more serious than the California crime or when the prisoner has stronger family, social or economic ties to the other jurisdiction than he does to California.

(2) To set the California term as provided in this Chapter if the prisoner would serve substantially more time for the California crimes than for the crimes committed in the other jurisdiction, the prisoner has stronger social, family or economic ties to California or the panel determines that discharge would be inappropriate.

*Note: Authority cited: Section 5076.2, Penal Code. Reference: Sections 1170.2, 3041, 3041.5 and 3041.7, Penal Code.*

*HISTORY*

*1. Amendment of section title filed 10-27-77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).*

*2. New subsection (d) filed 4-4-78; effective thirtieth day thereafter (Register 78, No. 14).*

**767 3. Amendment of subsection (d)(2) filed 8-12-82; effective thirtieth day thereafter (Register 82, No. 33)*

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2371, s 2371. Progress Hearing: Prisoner Rights.

***768 15 CCR s 2371**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**

**TITLE 15. CRIME PREVENTION AND CORRECTIONS**

**DIVISION 2. BOARD OF PRISON TERMS**

**CHAPTER 3. PAROLE RELEASE**

# California Code Of Regulations
# Title 15. Division 2. Board of Prison Terms

Chapter 3, section 2403

## CIRCUMSTANCES

| First Degree Murder<br>Penal Code 189 (in years and does not include post conviction credit as provided in 2290) | A. Indirect<br>Victim died of crimes related to the act of the prisoner but was not directly assaulted by prisoner with deadly force, e.g. shock producing heart attack; a crime partner actually did the killing | B. Direct or Victim Contribution<br>Death was almost immediate or resulted at least partially from contributing factors from the victim; e.g. victim initiated struggle or had goaded the prisoner. This does not include victim acting in defense of self or property. | C. Severe Trauma<br>Death resulted from severe trauma inflicted with deadly intensity; e.g. beating, clubbing, stabbing, strangulation, suffocation, burning, multiple wounds inflicted with a weapon not resulting in immediate death or action calculated to induce terror in the victim. | D. Torture<br>Victim was subjected to the prolonged of physical pain through the use of non-deadly force prior to act resulting in death. |
|---|---|---|---|---|
| I. Participating Victim<br>Victim was accomplice or otherwise implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g., crime partners, drug dealers, etc. | 25-26-27 | 26-27-28 | 27-28-29- | 28-29-30 |
| II. Prior relationship<br>Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc), which contributed to the motivation for the act resulting in death. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense. See Category IV. | 26-27-28 | 27-28-29 | 28-29-30 | 29-30-31 |
| III. No Prior relationship<br>Victim had little or no personal relationship with prisoner, or motivation for act resulting in death was related to the accomplishment of another crime, e.g. death of victim during robbery, rape, or other felony. | 27-28-29 | 28-29-30 | 29-30-31 | 30-31-32 |
| IV. Threat to Public order or Murder for Hire<br>The act resulting in the victim's death constituted a threat to the public order include the murder of a police officer, prison guard, public official, fellow patient or prisoner, any killing within an institution or any killing where the prisoner hired and/or paid another person to commit the offense. | 28-29-30 | 29-30-31 | 30-31-32 | 31-32-33 |

## (c) Matrix of Base Terms for Second Degree Murder on or after November 8, 1978

## CIRCUMSTANCES

| Second Degree Murder<br>Penal Code 189 (in years and does not include post conviction credit as provided in 2290) | A. Indirect<br>Victim died of crimes related to the act of the prisoner but was not directly assaulted by prisoner with deadly force, e.g. shock producing heart attack; a crime partner actually did the killing | B. Direct or Victim Contribution<br>Death was almost immediate or resulted at least partially from contributing factors from the victim; e.g. victim initiated struggle or had goaded the prisoner. This does not include victim acting in defense of self or property. | C. Severe Trauma<br>Death resulted from severe trauma inflicted with deadly intensity; e.g. beating, clubbing, stabbing, strangulation, suffocation, burning, multiple wounds inflicted with a weapon not resulting in immediate death or action calculated to induce terror in the victim. |
|---|---|---|---|
| I. Participating Victim<br>Victim was accomplice or otherwise, implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g., crime partners, drug dealers, etc. | 15-16-17 | 16-17-18 | 17-18-19 |
| II. Prior relationship<br>Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc), which contributed to the motivation for the act resulting in death. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense. See Category IV. | 16-17-18 | 17-18-19 | 18-19-20 |
| III. No Prior relationship<br>Victim had little or no personal relationship with prisoner, or motivation for act resulting in death was related to the accomplishment of another crime, e.g. death of victim during robbery, rape, or other felony. | 17-18-19 | 18-19-20 | 19-20-21 |

**BOARD OF PRISON TERMS** **STATE OF CALIFORNIA**

[ ] PAROLE GRANTED – (YES)
CDC: Do not release prisoner before Governor's review.

[✓] PAROLE DENIED – (NO) 5 years
New Psych Requested

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR: ______ YEAR(S)
[ ] HEARING POSTPONED/REASON: ______

**Records Use Only**

Parole Release Date ______
YR MO DAY

Attach Prison Calculation Sheet

**PANEL RECOMMENDATIONS AND REQUESTS**

**The Board Recommends:**

[✓] No more 115's or 128A's
[ ] Work to reduce custody level
[✓] Get self-help*
[✓] Stay discipline free
[✓] Learn a trade*
[✓] Get therapy*
[✓] Earn positive chronos
[ ] Get a GED*

[ ] Recommend transfer to ______
[ ] Other ______
* These programs are recommended if they are offered at your prison and you are eligible/able to participate.

**Penal Code 3042 Notices** [ ] Sent Date: December 27, 2004

Commitment Offense(s): 187 (Code(s)) Murder 1st (Crimes(s))
CR103749 (Case #(s)) 08 (Count #(s))

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| 02/21/1991 | 02/21/1991 | 09/01/2005 |

[ ] Initial Hearing [ ] Subsequent (Hearing No.) ______ Date of Last Hearing ______

CDC Representative E. K. Parks
Attorney for Prisoner Maryann Tardiff Address
D.A. Representative Video Conference County San Diego

This form and the Board's decision at the end of the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

Chair [signature] Date 2/24/05
Panel Member [signature] Date
Panel Member Date

| NAME | CDC # | PRISON | CALENDAR | DATE |
|---|---|---|---|---|
| Walters, Martin | E86183 | PVSP | February 2005 | 02/24/2005 |

INMATE COPY

BPT 1001 (REV. 08/03)

~~Apr 13, 2006 11:47AM~~ 17

**BOARD OF PRISON TERMS** **STATE OF CALIFORNIA**

**LIFE PRISONER: PAROLE CONSIDERATION PROPOSED DECISION: DENY PAROLE**

---

[✓] **PAROLE DENIED FOR:** 1 2 3 4 (5) **YEARS**

→ Place the prisoner on the 2/2010 calendar for his next subsequent hearing.

If this decision is final, you WILL NOT get paroled. The Board will send you a copy of the decision. It will indicate the reasons you did not get paroled. If this decision is not final, the Board will set up another hearing. You can read the laws about your hearing. You can find the laws at California Code of Regulations, Title 15, section 2041.

## RECOMMENDATIONS

**The Board Recommends:**

[✓] No more 115's or 128A's

[ ] Work to reduce custody level

[✓] Get self-help*

[✓] Stay discipline free

[✓] Learn a trade*

[✓] Get therapy*

[✓] Earn positive chronos

[ ] Get a GED*

[ ] Recommend transfer to ______

[ ] Other

* These programs are recommended if they are offered at your prison and you are eligible/able to participate.

## HEARING PANEL

Name [signature] Date 2/24/05

Name [signature] Date

Name Date

| NAME | CDC# | PRISON | DATE |
|---|---|---|---|

BPT 1005(b)
(REV 04/04)

INMATE COPY

Apr 13,2006 11:47AM 18

Distribution: White-C File
Canary-BPT
Pink-Prisoner

# EXHIBIT COVER PAGE:

Exhibit: 2

Description of this exhibit: change of plea form, expressed provisions and 5 year parole period. (promises)

Number of pages of this exhibit: 2 pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

__X__ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: ______________________________

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

FILED KENNETH E. MARTONE Clerk of the Superior Court 0253 MAY -9 1990 By: A. PECK, Deputy

People vs. Martin Walters CR No. 103749

DA No. B 46516

**PLEA OF GUILTY/NO CONTEST - FELONY**

The defendant in the above-entitled action, in support of his/her motion to change his/her plea(s) in open Court, personally and by his/her attorney, does declare as follows:

1. Of those charges now filed against me in this case, I plead guilty (Guilty) No Contest to the following violations: (List Crimes and Code Sections) [MW]
P.C. §187 Murder, 1st degree (Count 8) Amended Information

1a. **(If Applicable)** I also admit the following enhancement(s)/prior conviction(s) with which I am charged: (List Court, Docket No. and Date of any Prior Conviction)
N/A

2. I have not been induced to enter the above plea by any promise or representation of any kind, except: (Briefly state any agreement with the District Attorney.) [MW]
Dismiss all remaining counts + allegations; D.A. has no opposition to serving sentence in federal custody; concurrent to federal sentence in 89-0769G; DA agrees to file no charges against either Martha Walters or Carmen Fonseca (Martin Walters mother and aunt); Dismiss the companion drug case

**RIGHT TO A LAYWER**

3. I understand that I have the right to be represented by a lawyer at all stages of the proceedings. I can hire my own lawyer, or the Court will appoint a lawyer for me if I cannot afford one. [MW]

**CONSTITUTIONAL RIGHTS**

I understand that I also have the following constitutional rights, which I now give up to plead either Guilty/No Contest:

| | I understand this right. | I give up this right. |
|---|---|---|
| 4. The right to be tried by a jury, in a speedy, public trial. | MW | MW |
| 5. The right to confront and to cross-examine all the witnesses against me. | MW | MW |
| 6. The right to remain silent (unless I choose to testify on my own behalf). | MW | MW |
| 7. The right to present evidence and to have witnesses subpoenaed to testify in my behalf at no cost to me. | MW | MW |

**CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST**

8a. I understand that I may receive this maximum penalty as a result of my plea: 25 yrs to life years in State Prison, $ 10,000 fine and ~~48~~ 60 months parole, with up to one year return to prison for every parole violation. If I should receive probation (for up to five years), I understand that I may be given up to a year in local custody, plus the fine, and any other conditions deemed reasonable by the Court. I understand that if I violate any terms or conditions of probation I can be sent to State Prison for the maximum term as stated above. [MW]

8b. My attorney has explained to me that other possible consequences of this plea may be: [MW]
(Circle applicable consequences.)
(a) Consecutive sentences.
(b) Loss of driving privileges.
(c) Commitment to the Youth Authority.
(d) Registration as a sex offender.
(e) Registration as an arsonist.
(f) Ineligibility for probation/presumptive prison. (circled)
(g) Registration as a narcotics offender.
(h) Restitution and/or a restitution fine. ($100-$10,000) (circled)
(i) Serious felony prior/prison prior. (circled)
(j) Priorable (circled)

9. I understand that if I am not a citizen of the United States a plea of Guilty or No Contest could result in deporation, exclusion from admission to this country, and/or denial of naturalization. N/A

10. I understand that my plea of Guilty or No Contest in this case could result in revocation of my probation or parole in other cases. N/A

11. I now plead guilty (Guilty/No Contest) to the charges(s) described in #1 above and admit that on the date charged I: (Describe facts as to each charge in #1.) MW

~~[illegible]~~ lawfully murdered Christine Reyes, alone, my brother Vincent did not aid or assist in any way with her death. 0254

11a. **(If Applicable)** I understand that as to any and all prior convictions(s)/enhancements(s) alleged against me in this case, I have all the constitutional rights listed in #3-#7 above. As to any prior convictions alleged, I understand that if I request a jury trial on the current case, the jury would not learn of or decide, the prior conviction(s) unless and until the jury found me guilty on the current charges. N/A

11b. **(If Applicable)** I herby admit the prior conviction(s)/enhancement(s) listed in this form, and give up my constitutional rights, including the right to separate jury determination on the issue of the prior conviction(s). N/A

12. I do understand that the matter of probation and sentence is to be determined solely by the Court. MW

13. **(Harvey Waiver)** The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence. MW

14. I am entering my plea freely and voluntarily, without threat or fear to me or anyone closely related to me. MW

15a. I am pleading Guilty because in truth and in fact I AM GUILTY MW

15b. I understand that a plea of No Contest is the same as a plea of Guilty in this criminal case and for all purposes has the same consequences as a plea of Guilty. N/A

16. I am now sober. I have not consumed any drug, alcohol or narcotic within the past 24 hours to the extent that my judgment is impaired. MW

17. I declare under penalty of perjury, under the laws of the State of California, that I have read, understood, and initialed each item above, and everything on the form is true and correct. MW

Dated: 5-9-90 Defendant's Signature Martin Walters

Defendant's Address ______ Street ______ City ______ State ______ ZIP

Defendant's Telephone No. ( ) - ______

**ATTORNEY'S STATEMENT**

The undersigned states that (s)he is the attorney for defendant in the above-entitled action; that (s)he personally read and explained the contents of the above declaration to the defendant and each item thereof; that no meritorious defense exists to the charge(s) to which defendant is pleading Guilty/No Contest; that (s)he personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge explanation of the contents of each item; that (s)he observed defendant date and sign said declaration; that (s)he concurs in defendant's above plea and in defendant's waiver of constitutional rights.

Dated: 5-9-90 Larry Aindridge

Attorney for Defendant

**INTERPRETER'S STATEMENT (If Applicable)**

I, the interpreter in this proceeding, having been duly sworn, truly translated this form and all the questions therein to the defendant in the ______ language. The defendant indicated that (s)he understood the contents of the form and (s)he then initialed and signed the form.

Dated: ______ ______

Court Interpreter

**PROSECUTOR'S STATEMENT**

The People of the State of California, plaintiff in the above-entitled criminal action, by and through its attorney, EDWIN L. MILLER, JR., District Attorney, concurs in the defendant's plea of Guilty/No Contest as set forth above.

Dated: 5.9.90 Evan Miller

Deputy District Attorney

**COURT'S FINDINGS AND ORDER**

The Court, having questioned the defendant concerning the defendant's constitutional rights, finds that defendant has voluntarily and intelligently waived his/her constitutional rights. The Court finds that defendant's pleas and admissions are freely and voluntarily made, that defendant understands the nature of the charges and the consequences of the plea, and that there is a factual basis for the plea. The Court accepts defendant's plea, and the defendant is hereby convicted on His plea.

Dated: 5/9/90 [signature]

Judge of the Superior Court

21

# EXHIBIT COVER PAGE:

Exhibit: 3

Description of this exhibit: opposition to petitioner's motion to withdraw plea, evidences promises petitioner seeks to enforce.

Number of pages of this exhibit: 4 pages

JURISDICTION: (Check only one)

____ Municipal Court

____ Superior Court

____ Appellate Court

____ State Supreme Court

X United States District Court

____ United States Circuit Court

____ United States Supreme Court

____ California Department of Corrections, 602 Exhibit.

____ Other: ______________________________

112

0342

FILED
KENNETH E. MARTONE
Clerk of the Superior Court

JAN 08 1991

By: C. BURGESS, Deputy

EDWIN L. MILLER, JR.
District Attorney
EVAN MILLER
Deputy District Attorney
STACY RUNNING
Law Clerk
6002 County Courthouse
San Diego, California 92101
531-4473

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

SAN DIEGO JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff, v. MARTIN WALTERS, Defendant. | No. CR103749/DA B46516<br>POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY<br>DATE: January 10, 1991<br>TIME: 10:00 A.M.<br>DEPT: S9 |

I

**THE BURDEN IS ON DEFENDANT TO DEMONSTRATE GOOD CAUSE FOR WITHDRAWING HIS GUILTY PLEA BY CLEAR AND CONVINCING PROOF.**

Penal Code section 1018 allows for the withdrawal of a previously entered plea at any time before judgment for good cause. The standard upon which said motion should be granted is a strong showing of clear and convincing proof. (People v. Cruz (1974) 12 Cal. 3d 562, 566; People v. Fratianno (1970) 6 Cal.App.3d 211, 222.)

The broad discretion vested in a court in connection with an evaluation of a motion pursuant to Penal Code section 1018 means a sound judicial discretion, and it will not be an abuse of discretion unless the court's decision exceeds the bounds of reason

COPY

23

0343

in its examination of the circumstances before it. (Mendieta v. Municipal Court (1980) 109 Cal.App.3d 290, 294; People v. McDonough (1961) 198 Cal.App.2d 84, 90.) "While the section is to be liberally construed, and a plea withdrawn for mistake, ignorance, inadvertence, or any other factor overreaching the defendant's free and clear judgment, the facts of such grounds must be established by clear and convincing evidence." (People v. Roper (1983) 144 Cal.App.3d 1033, 1044; People v. Knight (1987) 194 Cal.App.3d 337, 344.)

Prob. Report./plea

The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering his decision. Brady v. United States (1970) 397 U.S. 742, 756-757. Post plea apprehension (buyer's remorse) regarding the anticipated sentence, even if it occurs well before sentencing, is not sufficient to compel the exercise of judicial discretion to permit withdrawal of the plea of guilty. Id.

The court's discretion is to be exercised only after a consideration of all factors necessary to a just result. (Ibid.) In determining whether its ruling will "promote justice," the court is required to consider the rights of the People. Leave to withdraw a plea which will result in inconvenience and expense to the state should not be granted lightly. (Id., at p. 331.)

The court is not bound to give full credence to the statements of a defendant in support of his motion to withdraw his plea, even if uncontradicted, in view of the defendant's obvious interest in the outcome of the proceeding. (People v. Beck (1961) 188 Cal.App.2d 549, 553.)

/ / / / /

24

0344

In this case, the defendant, Martin Walters, is attempting to withdraw the state portion of a federal/state plea bargain package he entered into with the United States Government and the People of the State of California.

The basis for this request is the defendant's contention that he mistakenly believed he would be facing life without possibility of parole for the primary count charged in his federal indictment. The defendant claims that for this reason alone, he accepted the plea bargain package. [See defendant's moving papers at p.2, lines 21 through 26].

However, the People must point out that this defendant had other reasons for accepting this plea bargain. The defendant was charged in Counts 7 and 8 of the state information with kidnapping for ransom with allegations of bodily injury (PC 209(a)) and murder in the first degree (PC 187(a)), respectively. Count 7 mandated a sentence of life without parole. Count 8 had a sentence range of 25 years to life.

In exchange for his plea of guilty to Count 8 of the information (PC 187(a)) the People dismissed Count 7, thereby saving the defendant from the possibility of life without parole in state prison. Furthermore, the People did not oppose the defendant's wish to serve his sentence in federal custody; concurrent with his federal sentence. The People agreed to file no charges against the defendant's mother, Martha Walters, or his aunt, Carmen Fonsica, and also to assist in limiting the amount of time they would serve in federal custody. Finally, the People dismissed the companion drug cases against the defendant that had been trailing along with the

/ / / / /

25

primary charges. The defendant received the benefit of his bargain with regard to the state charges.

II

**THE DEFENDANT HAS CHOSEN THE WRONG FORUM IN WHICH TO PRESENT HIS CLAIMS**

Assuming arguendo, that the defendant was mistaken about the maximum sentence he could receive in federal court, why is he seeking his remedy in state court where he received the benefit of his bargain and yet, has filed no motion in federal court to withdraw his plea?

**CONCLUSION**

For the reasons stated, it is respectfully requested that defendant's motion be denied.

Dated: January 8, 1991

Respectfully submitted,

EDWIN L. MILLER, JR.
District Attorney

By: Evan Miller
EVAN MILLER
Deputy District Attorney

Attorney for Plaintiff

26

# EXHIBIT COVER PAGE:

Exhibit: 4

Description of this exhibit: opinions of the State Courts (misSTATEing Petitioner's claims)

Number of pages of this exhibit: 8 pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

_____ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: ______________________________

SAN DIEGO SUPERIOR COURT
CENTRAL DIVISION
CRIMINAL OPERATIONS BUREAU
COUNTY COURTHOUSE • ROOM 3005
220 WEST BROADWAY
P.O. BOX 120128
SAN DIEGO, CALIFORNIA 92112-0128

June 2, 2006

Martin Walters
E-86183 15-D-2-U
C.S.P. Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dear Mr. Walters

The Petition for Writ of Habeas Corpus you submitted was filed on 04-21-06 and is currently being processed. The court has 60 days to process a habeas corpus petition.

Sincerely,

San Diego Superior Court
Attn: Habeas Corpus Desk
220 West Broadway
San Diego, CA 92101

FILED
Clerk of the Superior Court
JUN 21 2006
By: NORMA TAQUINO, Deputy

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF:<br><br>MARTIN E. WALTERS,<br><br>Petitioner | HC 17872<br>CR 103749<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

THIS COURT, HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS AND THE FILES IN THE ABOVE CAPTIONED MATTER, FINDS AS FOLLOWS:

On May 5, 1990, Petitioner pled guilty to murder. On January 10, 1991, he was sentenced to an indeterminate term of 25 years to life in prison. The court ordered Petitioner pay restitution to the victims and a restitution fine.

Petitioner previously filed a petition for writ of habeas corpus on October 14, 2004, arguing his sentence was a *determinate* term of 25 years because the court did not aggravate it to "life." He also argued the Department of Corrections repeatedly set his maximum term at 25 years, but then "resentenced" him to an indeterminate life term. Finally, Petitioner argued the court improperly imposed restitution without determining his ability to pay. This Court denied Petitioner's claims as untimely.

On January 7, 2005, Petitioner filed a petition for writ of habeas corpus with the Fourth Appellate District, Division One (Case No. D045658), raising the same issues raised in his prior petition with this Court. The Court of Appeal denied the petition on February 15, 2005, finding the trial court had imposed a legal sentence, and the Board of Prison Terms would determine when and if he was suitable for parole. The Court of Appeal also found Petitioner's contentions regarding his restitution fine were untimely.

Petitioner appears to have filed a subsequent petition for writ of habeas corpus with the California Supreme Court (Case No. S132581), which was denied January 18, 2006.

Petitioner filed the instant petition for writ of habeas corpus on April 27, 2006. In the instant petition, Petitioner seeks to "enforce the terms of the plea agreement." According to Petitioner, he was "under the impression" he would be released after spending 21 years in custody. However, he claims he has "erroneously" received a sentence of 25 years to life.

In support of his claims, Petitioner has filed, among other things, a request for judicial notice.

Evidence Code section 452, subdivision (d) permits judicial notice of the records of "any court of record of the United States or of any state of the United States." (Evid. Code, § 452, subd. (d).) Defendant seeks judicial notice of two pages purportedly taken from the January 17, 1991 transcript of proceedings which took place in case number 88-0769-G-Criminal, before the Honorable Earl B. Gilliam, Judge of the United States District Court for the Southern District of California. This Court declines to take judicial notice of these pages because the documents offered are neither certified nor provided under subpoena from the Southern District. Thus, this Court has no assurance of their authenticity. "When a party desires the appellate court to take judicial notice of a document or record on file in the court below the parties should furnish the [reviewing] court with a copy of such document or record certified by its custodian." (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 791-792.) It is the burden of the party seeking judicial notice to demonstrate a reason for the failure to furnish certified copies. (*Ibid.*) Petitioner has not met this burden. However, the Court notes, even if these pages were properly certified, this Court could only take judicial notice as to the existence of the transcript;

not as to the truth of any of the statements contained therein. (*Id.* at p. 792, citing *Day v. Sharp* (1975) 50 Cal.App.3d 904, 914.)

The petition for writ of habeas corpus is also DENIED.

First, "a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him." (*In re Clark* (1993) 5 Cal.4th 750, 767-775, quoting *In re Connor* (1940) 16 Cal.2d 701, 705.) Unless a petitioner can justify the filing of numerous habeas corpus petitions, the reviewing court may summarily deny the current petition in its entirety. (*In re Clark, supra,* 5 Cal.4[th], at pp. 767-775.) Here, Petitioner has not explained why he failed to raise the instant claims in any of his prior petitions. Petitioner contends the claim regarding his plea agreement was "unknown until recently." However, Petitioner has already filed at least two prior habeas petitions addressing his sentence. That Petitioner did not at that time "discover" any further basis for his claims does not automatically provide justification for filing successive piecemeal petitions.

Second, even if this Court were to review the merits of Petitioner's claims, the petition would fail. Every petitioner, even one filing in pro per, must set forth a prima facie statement of facts which would entitle him to habeas corpus relief under existing law. (*In re Bower* (1985) 38 Cal.3d 865, 872; *In re Hochberg* (1970) 2 Cal.3d 870, 875 fn 4.) The petitioner then bears the burden of proving the facts upon which he bases his claim for relief. (*In re Riddle* (1962) 57 Cal.2d 848, 852.) Petitioner has not met this burden.

Petitioner has not demonstrated his "impression" that he would be released from custody after twenty-one years was based on anything more than speculation regarding his minimum eligible parole date. In fact, at the time of sentencing, no one has any way of knowing the status of all of the factors that will be considered by the parole board years in the future. That Petitioner would be "eligible" for parole at any given time, is not a guarantee Petitioner would definitely be granted parole at that time.

Petitioner has filed a motion for production of certified transcripts which would allegedly provide prima facie evidence of his claims. However, Petitioner has not made any showing that the certified transcripts he seeks will provide information different from the information



31

contained in the federal transcripts he has already provided in support of his petition. Petitioner notably has failed to specify in that motion any proposed factual basis for obtaining this material. Factual specificity and particularity are required when seeking a reporter's transcripts and other documents at the taxpayers' expense. (See *People v. Bizieff* (1991) 226 Cal.App.3d 1689, 1702; *United States v. MacCollom* (1976) 426 U.S. 317, 322-325.) Therefore the request for production is denied.

It is emphasized that Petitioner's right of access to these transcripts is ***not*** being denied. However, right of access is not the same as a right to have the taxpayers and/or the County of San Diego pay to make copies of documents. Petitioner has the right, as does any member of the public, to review these files and to request that copies be made of whatever documents are contained therein. The requesting party bears the cost of making copies and there is no legal authority requiring the taxpayer to subsidize this expense. Petitioner may have a friend or relative review the file and have copies made of whatever is contained therein -- for a fee. However, the transcripts Petitioner seeks may not be in the Court file, because transcripts of every hearing are not automatically prepared. In that case, Petitioner would have to contact the court reporter who transcribed the hearings in question to negotiate financial arrangements to pay for what he wants.

For each of the foregoing reasons, the petition for writ of habeas corpus, request for judicial notice and request for production of transcripts are denied. Service of this Order is ordered upon (1) Petitioner, and (2) the San Diego Office of the District Attorney (Appellate Division).

IT IS SO ORDERED.

DATED: June 21, 2006

Robert F. O'Neill

ROBERT F. O'NEILL
JUDGE OF THE SUPERIOR COURT

I hereby certify that the foregoing instrument is a full, true & correct copy of the original on file in this office, that said document has not been revoked, annulled or set aside, and it is in full force and effect.

Attest: JUN 21 2006 @ 4:00pm

Clerk of the Superior Court of the State of California, in and for the County of San Diego

By AT Deputy

32

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
MAY 24 2001
Court of Appeal Fourth District

| | |
|---|---|
| In re MARTIN E. WALTERS<br><br>on<br><br>Habeas Corpus. | D050312<br><br>(San Diego County<br>Super. Ct. No. CR103749) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Presiding Justice McConnell, and Associate Justices McIntyre and O'Rourke.

Martin Edward Walters pleaded guilty to a first degree murder committed in 1988. The trial court sentenced him to an indeterminate term of 25 years to life in prison and ordered him to pay restitution fines.

Walters asserts the terms of his plea agreement are not being properly enforced. Specifically, he claims the terms of his plea agreement state he is to be released from custody after serving a determinate sentence of 21 years and that the court erroneously sentenced him to 25 years to life. He further asserts the terms of the plea agreement were "obtained by fraud."

Preliminarily, we note procedural bars to Walters's claims. His claim that the terms of his plea agreement are not being enforced is untimely and Walters has not established good cause for the delay in bringing the claim. (*In re Robbins* (1998) 18 Cal.4th 770, 780.)

In any event, Walters has failed to state a prima facie case for relief. To satisfy this requirement, the petition must state fully and specifically the facts justifying relief. It must also include reasonably available supporting evidence, including trial transcripts and/or affidavits or declarations. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Conclusory allegations made without any explanation of the basis for them do not support the granting of relief or even an evidentiary hearing. (*Ibid.*)

Walters has not shown that he would be released from custody after serving a 21-year sentence. The sentencing order clearly states Walters received a sentence of 25 years to life. Further, Walters pleaded guilty to first degree murder. The punishment for murder in the first degree is either death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life. (Pen. Code, § 190, subd. (a).) The court imposed a legal sentence.

Also, there is nothing in the record showing the terms of the plea agreement were obtained under conditions of fraud or duress. A review of the guilty plea form shows Walters's initials appear next to the statement asserting he was not induced to enter his plea. The record shows Walters filed a motion to withdraw the plea following its entry. The trial court denied the motion. Walters has not stated a prima facie case for relief. (*People v. Duvall, supra,* 9 Cal.4th at pp. 474-475.)

The petition is denied.

McINTYRE, Acting P. J.

Copies to: All parties

Court of Appeal, Fourth Appellate District, Div. 1 - No. D050312
**S153765**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re MARTIN E. WALTERS on Habeas Corpus

---

The petition for review is denied.

SUPREME COURT
FILED

AUG 15 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

## CONCLUSION

Petitioner is entitled to relief.

I Declare under the penalty of perjury that the foregoing is true and correct to the best of my knowlege This declaration was executed at California State Prison - Solano, in Vacaville California, executed on January 3, 2008.

Martin Walters

MARTIN WALTERS
Pro Per petitioner

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM)

2254 ✓ 1983

FILING FEE PAID Yes ___ No ✓

IFP MOTION FILED Yes ✓ No ___

COPIES SENT TO Court ✓ Pro Se ✓

FILED

2008 JAN 28 PM 4:20

CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BY ______ DEPUTY

I (a) PLAINTIFFS

**Martin Edward Walters**

DEFENDANTS

**D. K. Sisto**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Solano

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Martin Edward Walters**
**PO Box 4000**
**Vacaville, CA 95696**
**E-86183**

ATTORNEYS (IF KNOWN)

'08 CV 0167 DMS NLS

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS – PERSONAL INJURY | TORTS – PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State |
| | | | | | ☐ 890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |
| ☐ 290 All Other Real Property | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE January 28, 2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~ [signature]