**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARTIN EDWARD WALTERS,<br>Petitioner,<br>v.<br>D.K SISTO, Warden,<br>Defendants. | ) | Civil No.08cv167 DMS (NLS)<br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>[Doc. No. 3] |

Petitioner Douglas Lucky, a state prisoner proceeding pro se, filed a habeas petition contesting his confinement. Petitioner seeks to appoint counsel because, he says, (1) the issues in this case are particularly complex; (2) Petitioner is not trained in the law; (3) Petitioner does not have meaningful access to law materials; and (4) Petitioner does not understand procedure. The Court has considered Petitioner's request and **DENIES** without prejudice his motion to appoint counsel.

**Right to Counsel.**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. When no evidentiary hearing is necessary, appointment of counsel is discretionary. *Id.* In the Ninth Circuit, indigent

prisoners are not entitled to appointed counsel unless counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

Petitioner asks for counsel because he is not trained as a lawyer and says that he suffers from chronic back pain and the visual impairment of "double vision." He alleges that he will be allowed access to the law library only two times per week, but more often than not, may not be allowed in there at any time during the week. Petitioner argues that the issues here are particularly complex and that an attorney will be able to better articulate Petitioner's arguments.

First, at this point in the case, the Court does not have any reason to set an evidentiary hearing, and denies appointing counsel for such a reason. Second, the Court notes that Petitioner has sufficiently represented himself to date. From the face of the petition, it appears that he has a good grasp of this case and the legal issues involved. Also, at this point the issues do not appear so complex such that Petitioner cannot litigate them. Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**<u>Petitions Filed by *Pro Se* Litigants.</u>**

Federal courts highly protect a pro se petitioner's rights. *Knaubert*, 791 F.2d at 729 (citation omitted). The court must construe a pro se petition more liberally than a petition drafted by counsel. *Id.* It must also "scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." *Id.* Even if the court accepts a state court's factual findings, it must draw its own legal conclusion regarding the legality of the incarceration. *Id.* The appellate court will review the district court's conclusion de novo. *Id.*

The Court acknowledges that counsel can provide valuable assistance: "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." *Knaubert*, 791 F.2d at 729. The Court, however, also notes that "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Id.*

This Court will review the state court record independently, draw its own legal conclusion and

inform itself of the relevant law. Therefore, the additional assistance counsel could provide, while significant, is not compelling.

Here, the "interests of justice" do not compel the appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: February 1, 2008

Nita L. Stormes

Hon. Nita L. Stormes
U.S. Magistrate Judge