EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
ANTHONY DASILVA
Deputy Attorney General
WILLIAM M. WOOD, State Bar No. 73219
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2202
Fax: (619) 645-2191
Email: William.Wood@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN EDWARD WALTERS,**<br>Petitioner,<br>v.<br>**D K. SISTO, WARDEN,**<br>Respondent. | 08 CV 0167 DMS (NLS)<br>**NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>Hearing Date Not Requested<br>Courtroom: Judge: The Honorable Nita L. Stormes |

# TABLE OF CONTENTS


| | Page |
|---|---|
| **MEMORANDUM OF POINTS AND AUTHORITIES** | 3 |
| **PROCEDURAL HISTORY** | 3 |
| State Trial Court | 3 |
| State Appeal | 4 |
| State Habeas (First Round) | 4 |
| State Habeas (Second Round) | 4 |
| State Habeas (Third Round) | 5 |
| Federal Habeas (First Petition) | 5 |
| Federal Habeas (Current Petition) | 5 |
| **STATEMENT OF FACTS** | 5 |
| **ARGUMENT** | 7 |
| **I. THE PETITION FOR WRIT OF HABEAS CORPUS MUST BE DISMISSED WITH PREJUDICE BECAUSE IT WAS NOT FILED WITHIN THE APPLICABLE PERIOD OF LIMITATION SET FORTH IN 28 U.S.C. § 2244(D)** | 7 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES


| | Page |
|---|---|
| **Cases** | |
| *Bowen v. Roe* 188 F.3d 1157 (9th Cir. 1999) | 8 |
| *Bunney v. Mitchell* 262 F.3d 973 (9th Cir. 2001) | 8 |
| *Ferguson v. Palmateer* 321 F.3d 820 (9th Cir. 2003) | 9 |
| *Patterson v. Stewart* 251 F.3d 1243 (9th Cir. 2001) | 8 |
| *Smith v. Duncan* 297 F.3d at 814 (2002) | 8 |
| *Smith v. Robbins* 528 U.S. 259 120 S. Ct. 746 145 L. Ed. 2d 756 (2000) | 7, 8 |
| *U.S. v. Battle* 362 F.3d 1195 (9th Cir. 2004) | 8 |
| **Statutes** | |
| 28 U.S.C. | |
| § 2244(d) | 7 |
| § 2244(d)(1) | 7 |
| § 2244(d)(2) | 8 |
| § 2244(d)(1)(B), (C) | 8 |
| § 2244(d)(1)(D) | 8 |
| California Penal Code | |
| § 182 | 3 |
| § 187 | 3 |
| § 209(a) | 3 |
| § 245(a)(2) | 3 |
| § 246 | 3 |
| § 995 | 3 |
| § 1192.7(c)(8) | 3 |
| § 12022.5 | 3 |

## TABLE OF AUTHORITIES (continued)

**Page**

**Other Authorities**

Antiterrorism and Effective Death Penalty Act ("AEDPA") 7, 8

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
ANTHONY DASILVA
Deputy Attorney General
WILLIAM M. WOOD, State Bar No. 73219
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2202
Fax: (619) 645-2191
Email: William.Wood@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN EDWARD WALTERS,**<br><br>Petitioner,<br><br>v.<br><br>**D K. SISTO, WARDEN,**<br><br>Respondent. | 08 CV 0167 DMS (NLS)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date Not Requested<br><br>Judge: The Honorable Nita L. Stormes |

**TO PETITIONER, MARTIN EDWARD WALTERS:**

**PLEASE TAKE NOTICE** that pursuant to this Court's order, filed February 1, 2008, Respondent hereby moves this Court to dismiss the petition for writ of habeas corpus on the basis that the petition was not filed within the period of limitation specified in 28 U.S.C. § 2244(d).

The motion is based on this notice of motion, the accompanying memorandum of points and authorities, and all the pleadings and papers on file and lodged in this matter.

///

///

Dated: March 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

ANTHONY DASILVA
Deputy Attorney General

s/WILLIAM M. WOOD

WILLIAM M. WOOD
Deputy Attorney General

Attorneys for Respondent

70118470.wpd
SD2008800363

## MEMORANDUM OF POINTS AND AUTHORITIES

## PROCEDURAL HISTORY

**State Trial Court**

On February 9, 1990, the District Attorney of San Diego County filed an eight-count amended information charging Petitioner and three co-defendants[1/] with conspiracy to commit kidnapping for robbery (Cal. Penal Code §§ 182, 209(a)); two counts of assault with a firearm (Cal. Penal Code § 245(a)(2)) in which it was further alleged that Petitioner personally used a firearm (Cal. Penal Code §§ 1192.7(c)(8), 12022.5); discharging a firearm at an occupied motor vehicle (Cal. Penal Code § 246) in which it was further alleged that Petitioner personally used a firearm (Cal. Penal Code, § 1192.7(c)(8)); three counts of kidnapping for ransom (Cal. Penal Code § 209(a)) in which it was further alleged that Petitioner personally used a firearm (Cal. Pen. Code, § 12022.5) and, in one count, that the victim suffered death; and murder (Cal. Pen. Code § 187). 1 CT 145-151.[2/]

On April 18, 1990, Petitioner's motion pursuant to California Penal Code section 995 was partially granted, and one count of kidnapping for ransom (count 5) was dismissed as to Petitioner. 2 CT 384. Of the remaining two counts of kidnapping for ransom, one count alleged that the victim suffered death.

On May 9, 1990, Petitioner entered a plea of guilty to the murder charge, which was specified as first degree. 2 CT 253-254, 389.

On January 10, 1991, Petitioner's motion to withdraw his guilty plea was heard and denied. Petitioner was sentenced to state prison for an indeterminate term of 25 years to life. 2 CT 348-349, 397. Petitioner's notice of appeal and statement under penalty of perjury were filed March 8, 1991. 2 CT 350.

///

---

1. Not all three co-defendants were charged in each count, although each count charged at least one co-defendant along with Petitioner.

2. As used herein, "CT" refers to the clerk's transcript from the state court proceedings, a copy of which has been lodged with this Court. See Lodged Records, item 1.

**State Appeal**

On May 21, 1992, the California Court of Appeal, Fourth Appellate District, Division One, ordered modification of the restitution and otherwise affirmed the judgment. Lodged Records, item 2. On August 12, 1992, the California Supreme Court denied Petitioner's petition for review. Lodged Records, item 3.

**State Habeas (First Round)**

On October 14, 2004, Petitioner filed a petition for writ of habeas corpus with the San Diego County Superior Court, case numbers HC 17872, CR 103749. Lodged Records, item 4. The superior court denied the petition in an order filed December 2, 2004. Lodged Records, item 5.

On January 7, 2005, Petitioner filed petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division One, in case number D045658. Lodged Records, item 6. The court of appeal denied the petition on February 15, 2005. Lodged Records, item 7.

On March 28, 2005, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court in case number S132581. Lodged Records, item 8. On January 18, 2006, the California Supreme Court denied the petition. Lodged Records, item 9.

**State Habeas (Second Round)**

On April 27, 2007, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court in *Martin Walters v. Tom L. Carey*, case numbers HC 17872 and CR 103749. Lodged Records, item 10. The superior court denied the petition on June 21, 2006. Lodged Records, item 11.

On February 16, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division One, in case number D050312. Lodged Records, item 12. The court of appeal denied the petition on May 24, 2007. Lodged Records, item 13.

On June 22, 2007, Petitioner filed a petition for review with the California Supreme Court in *Martin E. Walters v. Superior Court*, case number S153765. Lodged Records, item 14. The California Supreme Court denied the petition on August 15, 2007. Lodged Records, item 15.

**State Habeas (Third Round)**

On March 5, 2007, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court in *Martin E. Walters v. California Board of Prison Hearings*, case number 07CRWR678286. Lodged Records, item 16. The case was transferred to the San Diego County Superior Court and filed on April 27, 2007. Lodged Records, item 17. The San Diego County Superior Court denied the petition on May 25, 2007. Lodged Records, item 18.

**Federal Habeas (First Petition)**

On November 26, 2007, Petitioner filed a writ of habeas corpus pending before this Court in *Martin Ed Walters v. D. K. Sisto,* case number 07 CV 2236-JLS (LSP). The petition was dismissed without prejudice on November 30, 2007, and Petitioner's motion for reconsideration was denied on January 2, 2008.

**Federal Habeas (Current Petition)**

The petition for writ of habeas corpus pending before this Court was filed January 28, 2008.

**STATEMENT OF FACTS**[3/]

In August and September of 1988, Petitioner and several others set up and operated a methamphetamine lab in the garage of Steven Barnett. In September, because of concerns about a potential drug raid of the lab, two pounds of methamphetamine was given to Barnett for safekeeping. Barnett gave the methamphetamine to Daniel Johnson who, in turn, gave it to Jay Boreno, a known drug user and dealer. Michael Provencio and Kristine Reyes were present when the methamphetamine was delivered to Boreno.

On September 24, when Johnson, at Barnett's behest, sought return of the methamphetamine, Boreno refused. On September 25, Johnson again attempted to gain return of the methamphetamine because of pressure being applied to Barnett by one of Petitioner's co-defendants. Again, Boreno refused.

---

3. Because the case was resolved by a guilty plea, the facts are taken from the factual summary in the report of the probation officer. 2 CT 257-262.

On the afternoon of September 25, Petitioner and co-defendant Juan Lopez were discussing the unreturned methamphetamine with Barnett when Barnett pointed to a passing car and stated he believed the two occupants were people who had the methamphetamine. Petitioner and Lopez followed the car and fired three shots at the occupants before the occupants escaped. The two occupants received minor injuries, but were not struck by any of the shots.

On the evening of September 25, Barnett and Vincent Walters kidnapped Johnson and took him to Juan Lopez's residence where Johnson saw Petitioner and three others armed with firearms. The group took Johnson to the Provencio residence looking for Boreno, who was not there. However, Provencio and Kristine Reyes were there and were kidnapped. Provencio and Johnson were taken to Barnett's house, and Reyes was taken to another location by Juan Lopez.

Provencio and Johnson were held at gunpoint at the Barnett residence. Petitioner and various of his co-defendants kept guard on the two at different times that night and the next day. On the evening of September 26, Boreno was contacted and agreed to return the methamphetamine. However, after it was returned that night, Reyes was not released.

Police found Reyes's body in a vacant house on September 30. A strip of cloth tied around her neck held a sock over her mouth and nose. She had died one or two days earlier from acute carbon tetrachloride poisoning, which had been inhaled rather than swallowed. Death would have occurred in a matter of minutes after administration of the poison.

Subsequent investigation and the statements of co-defendants indicated Petitioner and his brother were involved in large scale methamphetamine manufacture and sales. Petitioner was the one who fired at the other car when he and Juan Lopez pursued it. In addition, Petitioner killed Kristine Reyes.

///

///

///

## ARGUMENT

## I.

## THE PETITION FOR WRIT OF HABEAS CORPUS MUST BE DISMISSED WITH PREJUDICE BECAUSE IT WAS NOT FILED WITHIN THE APPLICABLE PERIOD OF LIMITATION SET FORTH IN 28 U.S.C. § 2244(D)

Because the petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Smith v. Robbins,* 528 U.S. 259, 268, n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). As amended by AEDPA, section 2244(d) of Title 28 U.S.C., provides a "1-year period of limitation . . . to an application for a writ of habeas corpus" by a state prisoner. 28 U.S.C. § 2244(d)(1). The one-year period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

The California Supreme Court order denying review was filed August 12, 1992. Lodged Records, item 3. Petitioner claims he filed a petition for writ of certiorari that was denied, but provides no dates or other identifying information. Petition at 3. Respondent has found no record of a petition for certiorari and none of Petitioner's state habeas petitions asserts such a petition was filed. Lodged Records, item 4 at 21; item 6 at 21; item 8 at 21; item 10 at 25; item 12 at 20; item 16 at 6. In light of the absence of any evidence of a certiorari petition, the state court judgment

became final 120 days later, on December 10, 1992.[4] *Bowen v. Roe*, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). State petitioners whose judgments became final before the AEDPA's enactment had one year from the effective date of the Act, i.e., until April 24, 1997, within which to file a petition. *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

This federal petition was not filed until January 28, 2008. Even with the benefit of the mailbox rule, the petition was not filed earlier than January 22, 2008, when it was placed in the United States mail as provided by the corrections officials. *Smith v. Duncan*, 297 F.3d at 814 (2002); *Patterson v. Stewart*, 251 F.3d 1243, 1245, n. 2 (9th Cir. 2001). Thus, it was untimely unless Petitioner was entitled to a later starting date or statutory or equitable tolling.

Petitioner does not claim he was impeded from filing a timely petition by unconstitutional state action nor does he rely on any newly recognized, retroactive constitutional right in any of his claims. 28 U.S.C. § 2244(d)(1)(B), (C). Section 2244(d)(1)(D) provides a later start date based on the diligent, but delayed discovery of the factual predicate for a claim. However, the claims in grounds one, two and four arise from facts occurring at the time of sentencing (January 10, 1991), when the trial court imposed an indeterminate term of 25 years to life. Petitioner's claim that he did not know his sentence was a life term until he attended a parole setting hearing on February 24, 2005, is rebutted by his own assertions in the state courts. See Lodged Records, item 12 at 17 [trial judge imposed "surprise sentence" that Petitioner did not agree to]. The facts underlying the claim in ground three, according to Petitioner, arose on September 29, 1994, when the administrative fee was statutorily imposed, which was, in any case, well before the AEDPA was enacted. Thus, there is no basis for a delayed discover date. *U.S. v. Battle*, 362 F.3d 1195, 1198 (9th Cir. 2004) [due diligence requires that the petitioner at least consult his own memory of the trial proceedings].

Pursuant to 28 U.S.C. section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

4. For petitions denied by the California Supreme Court prior to January 1, 2003, the Ninth Circuit ruled, pursuant to then-existing California Rules of Court, rule 24, that such denials were not final for 30 days, which extended the tolling period for 30 days after denial. *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001).

or claim is pending shall not be counted toward any period of limitation under this subsection." However, all of Petitioner state applications were filed after expiration of the period of limitation. No statutory tolling occurred. (*Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) [section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed].)

///

///

///

## CONCLUSION

For the foregoing reasons, respondent respectfully requests that the petition be dismissed with prejudice and a certificate of appealability be denied.

Dated: March 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

ANTHONY DASILVA
Deputy Attorney General

s/WILLIAM M. WOOD

WILLIAM M. WOOD
Deputy Attorney General

Attorneys for Respondent

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: ***Walters v. Sisto***

No.: **08 CV 0167 DMS (NlS)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 26, 2008, I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUMOF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Martin Edward Walters
E-86183
C.S.P. - Sol.
P.O. Box 4000
Vacaville, CA 95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 26, 2008, at San Diego, California.

| | |
|---|---|
| Terri Garza | Terri Garza |
| Declarant | Signature |

70118767.wpd