**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN EDWARD WALTERS, Petitioner, v. D.K SISTO, Warden, Defendants. | Civil No.08cv167 DMS (NLS) **ORDER DENYING APPLICATION FOR BAIL PENDING DETERMINATION OF PETITION FOR WRIT OF HABEAS CORPUS** [Doc. No. 10] |

Petitioner filed his habeas petition on January 28, 2008. On February 1, the Court sent out an order requiring Respondent to file either a motion to dismiss or an answer to the petition. The Court then granted Respondent an extension of time in which to file a motion to dismiss. Petitioner filed this motion for recognizance release pending the outcome of his habeas petition on March 24, 2008.

The Ninth Circuit has not specifically resolved the issue of whether a district court has authority to release a state prisoner pending resolution of his or her habeas proceedings. *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). Even though it has not resolved that issue, the Court has determined that if a district court could release a state prisoner on bail, the prisoner would have to demonstrate that his or her case is “an ‘extraordinary case[]involving special circumstances or a high probability of success.’” *Id.* (quoting *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)). Examples of special circumstances include where the sentence is “so short that if bail were denied and the habeas petition ultimately granted the petitioner would have already serve[d] the sentence.” *Souliere v. Edwards*, 2006 U.S. Dist. LEXIS 76657, *3 (D. Ariz. 2006) (citing *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992)). Another

example is "when a petitioner suffers a serious deterioration of health while incarcerated and there was an unusual delay of the appeals process." *Souliere*, 2006 U.S. Dist. LEXIS 76657 at *3 (citing *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1987)). Further, a Court must consider the petitioner's risk of flight and the danger to the community should the prisoner be released. *Mebrhato Tsehai v. Schwarte*, 2006 U.S. Dist. LEXIS 68111, *2 (E.D. Cal. 2006) (citing *Marino v. Vasquez*, 812 F.2d 499, 508-509 (9th Cir. 1987)).

Here, Petitioner argues he will prevail on his habeas petition because he has served a proportionate term of his sentence and the Respondent lacks jurisdiction. In further support Petitioner says he will appear for any and all court appearances and that his word is good.

This Court finds that Petitioner has not set forth any facts that demonstrate his case is extraordinary. He makes no showing of any special circumstances. While the Court has not examined the merits of the petition or a response to it, it finds that Petitioner's initial argument that he has served a proportionate term of his sentence does not indicate a high probability of success on the petition. Finally, Petitioner's general statement regarding his commitment to making all court appearances is not persuasive concerning his actual risk of flight or the possibility that he is a danger to the community. For these reasons, the Court **DENIES** Petitioner's motion for bail pending the outcome of his habeas petition.

**IT IS SO ORDERED.**

DATED: March 28, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge