MARTIN EDWARD WALTERS
C.S.P.-SOL. 6-206, #E86183
P.O. Box 4000
Vacaville, CA. 95696
in Pro se

FILED

2008 APR 29 PM 3:55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY Rm DEPUTY

NUNC PRO TUNC
APR 28 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN EDWARD WALTERS<br>Petitioner,<br>v.<br>D.K. SISTO, WARDEN,<br>Defendants. | Civil No. 08cv167 DMS (NLS)<br>Opposition to Defendants/Respondents motion to dismiss |

On 3-26-2008, Defendant filed Notice of Motion and Motion to dismiss Petition for Writ of Habeas Corpus and Memo. of Points and authorities in support thereof. Petitioner received them on 3-4-08, about 9 P.M.. The Motion is unverified.

Petitioner is a layman at law and is currently on lock down without any access to the law library research material or Legal services and could use a lawyer to navigate the complex Federal law. However, Petitioner will do his best.

It appears Defendant is seeking an Order to dismiss Petitioner's petition for Writ of Habeas Corpus with prejudice because allegedly and ambiguously (rome) Petitioner failed to meet the Stat-

utory time limitations, (28 U.S.C. 2244(D)) by a State prisoner. Correct?

Petitioner asserts that he is, or supposed to be, a Federal prisoner; Petitioner does not know that he is subject to the aforesaid statutory limitations because the Statute refers to successive Petitions in Federal Court and this is My First (Processed) Petition. [redacted] Assuming Petitioner is required to file his Petition within the One year limit, Petitioner asserts that his Petition is within the One Year limit under two (2) options.

Persuant to 28 U.S.C. § 2244(d)(1)(B) and (D); And the miscarriage of Justice, detrimental reliance doctrines Should equitably Toll or bar A.E.D.P.A. Completely because Petitioner was brain Washed by Defendants back in 1991 VIA Their "Authority" status. (see FN.1 on page 21)

With all due respect to Mr. Wood, whom undoubtedly is unaware of the tactics or unprofessionalism of the Departments staff, utilized to mislead Petitioner into a parallel universe were Petitioner is uncertain about What the "FACTS" are or Were at a given moment in time. In other Words Petitioner believed the facts were different at Plea Bargaining 5-9-1990, at Sentencing 1-10-1991, at reception center 2-26-1991, during the conversion of his "25 year term" into a "life Term/Sentence" in 2003, back to an Indeterminate term (I.S.L.) in 2005 by indication of the State Court; back into a "Life term" by the Board despite Courts Orders, etc.. Thus, Petitioner could not objectively comprehend Fact from Fiction poseing as fact by Authority figures because Petitioner's Subjective Understanding of fact is in constant conflict with the Anamalous Cal. Statue P.C. § 190 et. seg. and administration flowing therefrom's interpretation. Petitioner offers an explanation of why he should receive equitable

tolling or why he should not be subject to A.E.D.P.A. if He were attacking facts which arose at Sentencing. (Petitioner's ~~Attacks~~ Issues are mainly execution of Sentence.)

28 U.S.C.§ 2244(d)(1)(B)

On 1-10-1991, in the San Diego Co. Superior Court Petitioner's Court appointed Counsel, Larry Ainbinder, Told Petitioner That Prison officials, would fix petitioners ambigueous Term at the reception Center, within 120 days. (After Sentencing) [FN. 2 on page 21]

On or about 2-26-1991, at Cal. State Prison, R.J. Donovan, in San Diego CA., Prison officials told Petitioner that he had a "25 year term"; and that he may reduce the (Presumedly Fixed) term by Participating in Work, education, or Vocational etc. Programs, and behaived good. Petitioner was further told that even if he did Misbehaive he may receive or reaccrue any forfeited Credits.

Petitioner was asked if he would be interested in such and upon Petitioner's reliance ~~above~~ said information, obtained Petitioner's agreement and Signature. (P.C.§ 2930)

Petitioner Comprehended the terms, "MAXimum Release Date" To Mean the MAXimum amount of time Petitioner would be Subject the C.D.C.R., by Virtue of forfeiture of every Single day of Credit. (See exhibit A, incorporated herein/attached hereto.)

Petitioner Comphrehended the Term "Minimum release date" as the minimum date upon which Petitioner would be in C.D.C.R. by applying Pre and Post conviction credit to the Max. date.

Petitioner comprehended "days to serve" in C.D.C. as their Plain meaning, state. (who would not?)

(See exhibit A, incoporated herein by reference and annexed hereto.)

Are the release dates fact?

In Petitioner's mind, "Parole" means "early release to finish the remainder of the Term (obviously determined) outside prison walls". Thus, "Parole release" is early release on or Via parole grant.

"Release date"-is The date a prisoner will be "released" regaurdless of Whether Said Prisoner Was found Suitable for early release on or Via parole, or not.

This seemed only logical, especially Considering Petitioner's, Parole Consideration hearing was set over a year before Petitioner's minimum release date. (e.g. July, 2004)

For over 12 years, Petitioner was lead to believe his release date (Tentative) was Fixed/set/Secured at 9-1-2005, he worked and tried To behaive, and in fact only forfeited 30 days of credit in 15 years or when 9-1-2005 arrived.

Petitioner did not create the forms, he did not know the Department (Agent of the State) officials were lying to obtain work from Petitioner and prejudice Petitioner with a false sense of reality of being released. (And advance its "Life Prisoner" Seeking "Parole" agenda)

Petitioner did not prejudice the State, The Department did, by creating So many deceptive phrases and practices Petitioner (or any other inmate) did not / could not ascertain reality.

Please allow me to explain, When Petitioner arrived in State Prison, their were plenty of Indeterminate Sentencing Law (I.S.L) Prisoners or ex-prisoners of That era and mentality (counselors and officers, and administrators, Too).

When Petitioner inquired about or spoke about his Indeterminate sentence he received plenty of feed back about how the California Supreme Court Ordered the Authority To fix all indeterminate Sentences within 120 days of Reception, [In re Rodriguez (1975) 14 C.3d. 639, 657] Some prisoner's had their Terms set, some had experienced Extended Term Hearings, [Per P.C. § 1170.2] What Courts dont understand is that Staff and Inmates, Law Clerks etc. cemented in Petitioner's mind that although he received an allegedly Valid Indeterminate Sentence his Term was Fixed, and his Release date was established.

Don't you see, I.S.L. meant something totally different, it's 2008 and Petitioner still gets I.S.L. Paperwork from C.D.C.R.! Is Petitioner a I.S.L. Prisoner a fact?

## PREJUDICE

Petitioner was the one prejudiced, while detrimentally relying upon his "Release Date" and "Days to serve", and Working to reduce his Period of Confinement as Promised by Staff, He did not persue on direct appeal or Petition for Review, all his issues or a timely Habeas Corpus Petitions for state and/or Federal Constitutional issues believed to be known then.

Petitioner was completely brain washed and since the release date would expire before the Federal release date, their was no reason to even contemplate going to court. Thus, when my direct appeal was denied and Petition for Review Denied, Petitioner Succumbed to the "total belief" that he would be released at the expiration

of his (State and) Federal Term as planned at the Plea Bargain Stages. (P) can not express in Words how deeply Petitioner believed in the Words on the form, the magnitude of the surrounding circumstances (e.g. everyone believed Saddam H. had Weapons of mass distruction), We, Petitioner believed... in his Release Date.

In 1996, with the passage of A.E.D.P.A., 28 U.S.C. § 2244(d)(1)(A-D) came and Went, it was of No matter, Petitioner had no reason to to make issue, When he believed he had his "release date", 9-1-05.

Cause of first State Habeas

Then in about 2003 2004, Counselors started telling me Verbally that I had a "Life Sentence" with a minimum eligible Parole Date of 25 years. [The exact position the People took, and Was rejected in the Case of In re Jeanice D. (1980) 28 Cal. 3d 210, 168 Cal. Rptr. 455]

Petitioner filed an Administrative Appeal 602, complaining and or appealing the Conversion of Petitioner's 25 year term (believed) into a "Life Sentence". (Did Pet. have a life Sentence Fact?)

Petitioner was ignorant, inarticulate and lacked confidence in his own expression. Petitioner thought the Counselor gave him a life Sentence and when that became silly, Petitioner thought Prison officals or the C.D.C.R. Converted his Sentence to Life!

During the appeal process administrators told Petitioner that if Petitioner believed the Department was Changeing his Sentence Petitioner should seek relief from the Court.

Knowing absolutely nothing about California Habeas Corpus, Purpose, Office, Presumptive attack, timeliness or untimeliness, Prima facie Statements, Sufficiency or Specificity of facts, etc., Petitioner with help filed his first Petition for Writ of Habeas Corpus

On or about Oct. of 2004.(unknown) Petitioner was under the misguided "help" of the "knowlegable Legal "law library clerks," and "Jail house lawyers" and under the Staff created "sentencing" Issues. (was this a sentence issue Fact)

Needless to say that exercize of, "the blind leading the blinder" through, "Judicial remedies" was inadaquate.

Petitioner was told the Courts would guide him through the process, that Habeas Corpus was the first and Only remedy at law; Prisoner's are so misguided, Thus the inadvertant abuse of the Great Writ by successive filings, meritless claims, untimely filings. The Pressure of Time, library access, misdirection which is worse than No help, in a Prison setting is Virtually insurmountable, as if "entitled to relief" is not in of itself sufficient a hurdle to satisfy the burden of inquirery, in the Scope of Promoting Justice, as the Framers believed, and Petitioner Prays for.

Petitioner does not know if Total brain washing and total detrimental reliance constitutes equitable tolling, or state created impediment as defined by any published opinion, to the ends of reviving issues/Grounds/claims that Petitioner Knew of back in 1998, The Very thought is unsettleing at best. However, Thats not these issues.

Anyway, back on point, Petitioner received Orders responses from the State Courts (Superior and Appellate) claiming or indicating Petitioner was mistaken, that Petitioner received a legal Indeterminate Sentence, Not life Thus, reaffirming Petitioner's belief that he received an Indeterminate Sentence (I.S.L.) and his Term was set, and his release date was still good. (was this a fact?)

Petitioner was not claiming he had a "Life Sentence," prison officials said that, [T]hey were (and still are) mistakenly claiming

That all indeterminate Sentenced Prisoners (I.S.L. or D.S.L.) have "Life Sentences with M.E.P.D.'s", and in a Total "reverse brain Washing", use their "inherent influence" to Convince everyone that, despite The Supreme Court (Cal.) Holdings in In re Jeanice D. (supra) and numerous other cases. (Petitioner being of a earlier generation does not subscribe to this new deception.)

During the first State Habeas Corpus Petition process, Petitioner showed his counselor an Order (Superior) from Court, Claiming Petitioner received an Indeterminate Sentence, the Counselor Conceded that the Department "calls us" (similarly situated) "Lifers" or "Sentenced to Life", in late 2004 **(December)**.

Approximate Cause of this Action

In Febuary 24, 2005, Petitioner appeared for "Parole Consideration" as a labelled "Life Prisoner" (do you see the Sophism?) Petitioner Could see it (in hindsight) after the decision (proposed) denying him parole for five (5) years, because he took a plea bargain and "the memories of what was supposed to happen", the terms, provisions, promises, representations meant something was wrong. He Could not ascertain if C.D.C.R., B.P.H., his lawyers, the D.D.A., Courts, etc. was either lying or lied or made some mistake?

Petitioner was told the "proposed decision" would not become final until it was reviewed. Thus, even the "proposed decision" wasn't a controversial fact. (Please See exhibit B, incorporated herein, and annexed hereto)

Coinsidently, during the time period, B.P.H. repealed its appeal process, despite the fact the prison law library not only did not have the New Title 15 reflecting repeal, it Provided Petitioner with all the appeal forms, (B.P.T. 1040) and directions.

Petitioner appealed the panels decision, about July 2005 as a multijurisdiction prisoner to the Cand PR / Interstate Unit. (With No Response)

Petitioner was subsequently transfered to Cal. State Prison - Solano On or about Oct. 29, 2005, while awaiting a response on the appeals.

C.S.P. -Sol. has the worst law library access Petitioner has ever experienced in any prison... EVER! With 2,800+ Inmates and 24 chairs, for months Virtually every single day only P.L.U. status (Prisoners with Verified Court deadlines) could even get in the law library, until administration alternated facility / yard access every other day. (State created impediment?) in mid 2006.. or Lock downs.

Despite never hearing back on the finality of the review Petitioner filed a second State Petition for Writ of Habeas Corpus on (this Ground) The State is Violating the terms of Petitioner's plea agreement, with help from a friend, who drafted every portion of the Petition, he knew the law and basic facts, Petitioner's mind did not know what the Specific and Sufficient Pertinent facts were that entitle a prisoner to relief or Who did exactly what to Violate Petitioner's Federal and or State Constitutionally protected Rights. However, Petitioner was being tutored and read, studied countless books (law), cases, dictionaries, Codes, manuals, treatsies, Legislation, propositions both Federal and State, writing letters to any Person agency or official remotely connected to this case trying to find the preverbial Needle in the haystack, and Obtain a factual conclusive decision and learn the procedure for Petitioner's extra Ordinary and unusual situation.

Petitioner has been diligent in attempting to establish facts, find law

That entitled Petitioner to relief, and Conducting ongoing investigations.

About Sept./Oct., 2007, while Prepareing petitioner's 28 U.S.C. § 2241, Petition's detailed Declaration, Petitioner was reconstructing every single detail of the May 9, 1990 'Plea Bargain conversation with D.D.A. Evan Miller, with an eye towards what would have happend had Petitioner been sent to Fed. Prison, Petitioner assuming the Panel would tell him he had a "Life Sentence" and he would've been totally clueless. However, when Petitioner applied the appropriate law he discovered and remembered seemingly unimportant details such as Telephone Call hearings or U.S. Parole Commission members conducting the multijurisdiction Prisoner initial Hearing at Leavenworth or Lewisburg Penitentary.

Petitioner did not presume to think that his "status" was as important a factor to render an "entirely different hearing" and dispositive decisions, [redacted].

Petitioner diligently filed an administrative appeal(s), and numerous letters to B.P.H. officials, trying to ascertain who (what Agency) was/is responsible for the oversight/mistake in scheduling and or determining what hearing Petitioner was entitled to by law.

Instead of answering my questions the Agencies refer me to the Courts. (Petitioner has numerous documents as proof.) [See ex. E incorporated herein and attached hereto.)

Factual Predicates; 28 U.S.C. § 2244(d)(1)(D)

In Keeping within the statute of limitations, Petitioner [redacted] provides the following dates ...

Please keep in mind that the breaches of Plea Agreement Terms are for concomitant obligations flowing from the promises, inducements representations, etc., that induced the guilty Plea and Waiver of My U.S. Constitutional Rights; Not the empty Promise itself that occured in 1991. Thus, they could not be known for years into the future. (Ripen into issues)

1. Concurrent Time Provision - Fact - the States promise that its time would be run concurrent (i.e. "at the same time") to Petitioner's federal time, could not be breached until the States time exceeded Petitioner's federal time, calculated tenatively at 1-27-2008.

It should be noted Petitioner anticipated the potential breach in 2005-06, when he received a five year parole denial, and he diligently attempted to remedy the anticipated breach by filing a State Petition for Writ of Habeas Corpus which is the underlying Petition before this Court in ground 1. (When he discovered law via Buckley)

Plus, Petitioner is under the impression he had to perform all of his obligations? (i.e. serve his federal time?)

2. State term Served in Federal Custody Provision - about 6-4-07, Petitioner sought to be returned to Federal prison and the State expressly refused to contact the U.S. authorities in violation of the express provision of our Plea Agreement. This Fact was not known until 1-19-08, when Officials answered the Administrative appeal (602 form, still in process) as exhibit E)

It should be noted Respondents Agents usually only imply or indicate non-compliance, rarely difinative, thus Non "factual" in my mind, under penalty of perjury.

Representations

3. Multijurisdiction Prisoner (status) Initial Parole Hearing — As Stated above Petitioner located the Regulation in or about Sept./Oct. 2007, While recreating discussions and events in a detailed declaration Of What Was Supposed to happen in the disposeing process of Petitioner's California Sentence and Thus, "ensured Petitioner's freedom at the expiration of Petitioner's federal sentence", as assured by D.D.A. Miller i.e. the "effectuating" The underlying actual agreement.

The problem is the State's Agencies (B.P.H or C.D.C.R.) do not actually refuse to "Schedule" the Hearing; or modify the proposed decision to one authorized. They Only do so by impliedly not answering or by inaction, They refer Petitioner to Court. (see Exhibits F incorporated herein by reference, attached hereto). However, On 2-7-08, Deputy Commissioner Roos did appear to conduct a Multijurisdiction Prisoner documentation hearing (Title 15 §2369) 1½ years late and he admitted the B.P.H. is in disarray and he did not know how to Conduct the hearing, and made a ad hoc decision to affirm the proposed decision. [redacted] He did affirm Petitioner's Status and Said Petitioner Should inform the panel at his next hearing and Petitioner Would "get what You wanted" then, Pass the buck bureaucracy. Petitioner asserts that if the Agencies Performed or had an appeal process this May Not even be before this Court. Fact established on 2-7-08.

Parole Period

4. This is a complex Issue. However the State Authorities refused to honor the "up to 60 month" Parole Period, and insist Petitioner will be on parole "penal Consequence" for life; On 1-28-08 Via 602 Appeal still being processed. Petit. not on Parole yet.

Pre and Post Conviction Credit

5. Complicated Issue, Term Reducing credits (P.C.§§ 2900.5, 4019, 2931) have been transmografied to M.E.P.D. Credit, contravening Legislative intent and U.S. Supreme Court Law, factual refused on 6-17-2006. Via 602. (See [redacted] FN 3.) and...

(See exhibit C, and D responses by Prison officials.)

Thus, in either case of "parole" or "credits," they are timely upon when the Factual discovery and Contraversey occured, or because they are repugnant to either States Legislative Intent i.e. controvert or the laws defineing "parole" or "credits" set forth by the United States Supreme Court. Where Under the "Exceptions" under Robbins/Clark (like Ground 2, invalid Statute underlying Petitioners offense) Permit Untimeliness for "persons under Judgement of Death."

Petitioner asserts California laws, at bench in controversey, and Petitioner's four Grounds are in Conflict with Clearly established U.S. Supreme Courts law "Holdings" and The principles or doctrines of applying those laws to Petitioner's "facts".

Petitioner asserts California is exploiting the United States Principles or Doctrines in bad faith to circumvent meaningful review of "Parole", "Indeterminate Sentences", "M.E.P.D. credits", "Life Prisoner"/ "Life Term"/ "Life Sentence", in order To deprive United States Citizens of their Federal Constitutional (guaranteed) Rights and embaress the Purpose of the Great Writ, i.e. Justice and Liberty, the Very touchstone of our nation.

Back on Point, Petitioner's factual Predicates are Within the One-Year-Statute-of-Limitations, regaurdless of the inparticular/non-specific/misdirection, Indicative claims of Respondent, because Petitioner's issues mainly stem from "execution" of the Sentence.

Petitioner asserts that his main objective is to enforce the terms and (mis-) Representations made at the Plea Agreement, not overturn the Conviction(s), unless thats necessary.

Petitioner asserts Ground 2 was not uncovered by Petitioner until about April 2007, while Petitioner was concudtcting research into about Robbins/clark "exception to successive or untimeliness issue" However, the Cal. Courts did not even address the Ground or issues.

Petitioner asserts Ground 3 and 4 were not discovered until about April 2007, when Petitioner was conducting on going research and investigation into An Attempt to present all claims to the state and Federal Courts, and Petitioner needed to bring light onto the Repugnant Cal. Statutes that Violate Federal law when applied to Petitioner and in conflict with U.S. Supreme Court Law (the Supreme Law of our Nation). the Law underlying Petitioners claims in ground 3 (and 4) was enacted in 1994 (and 1977) However, Petitioner was not overcharged until 2003-04, and did not know it, and more importantly Petitioner did not remember he had an ethical duty To the United States to report California's deceptions and repugnant abuse of his fellow U.S. Citizens Rights as well. No one is safe from the overreaching Practices of the Department or State Legislature, and it appears No refund or credit is forth comming, nor "Parole" assimilation.

Petitioner only sees excuses for why the State should not honor its obligations, Promises, and concomitant obligations to both Petitioner and to the United States Supreme Court law. (e.g. Parole, ex post facto)

The Purpose of the Great Writ is to Promote Justice, not embaress it, or circumvent it, Petitioner is illegally unlawfully confined, and that should not ever ripen into legal confinement with the passage of time and neither should Repugnant State Statutes. That is not Justice; Thats not America, That's not in the intrest of a (free) Society. We deserve better, and the Executive should be estopped when Legislature shows no restraint.

Thus, Petitioner offers Mr. Wood, Respondent an accord and Satisfaction to renegotiate with clear Terms.

After an indepth study of the law (Cal.) Petitioner now comprehends what the Attorney's designed to effectuate the underlying agreement.

## Objective View

The Federal Case is basic because it's all determinate.

The State Case seemingly more complex because it involves an (alleged) indeterminate Term/sentence. i.e. "25-years-to-life".

In remembering the Promised (expressed) Terms;

1. Concurrent to federal term.
2. Served in federal Custody.

## Execution of Sentence

On 1-10-1991, Petitioner is sentenced to an indeterminate Term, Concurrent to the federal Sentence (P.C. § 2900, 669), served in federal custody or prison. (See Sentenceing transcripts or Minute order) executed after fed. Sentence on 1-18-1991.

On 1-17-1991, Petitioner was Sentenced to 272 mo. anticipated Release date sometime in 2008 (We presumed a 279 mo. sentence)

D.D.A. Miller knew that Petitioner was a multijurisdiction Prisoner (status) and as such, would receive a disposition of his Cal. Term at Petitioner's Multijurisdiction Prisoner Initial Parole hearing Per Title 15 § 2370 (d)(1) or (d)(2), Predicted in July of 2004. (long before the Fed. term would expire.)

Presumeing either (1) discharge at M.E.P.D. 8-1-05, or; (2) Set the term in murder matrix, and subtract credits by 33% would result in a net term between 19-21 years in custody.

Since Petitioner does not know Procedures employed by B.P.H or U.S. Parole Commission he assumes one of the two

AGENCIES WOULD HAVE PERFORMED THE MINISTERIAL PRESCRIBED DUTY. THUS, BY OPERATION OF LAW PETITIONER WOULD BE RELEASED AT THE EXPIRATION OF HIS FEDERAL TERM OR WITHIN THE PROXIMITY OF THE UNDERLYING AGREEMENT. (20 years in custody)

PETITIONER IS NOT A LAWYER NOR WAS HE TAUGHT THE METHOD FOR WHICH THE LAW WOULD EXECUTE THE SENTENCES. PETITIONER ONLY KNEW WHAT HE AGREED TO SERVE FOR HIS ANTI-SOCIAL (DISORDER) MIS-BEHAVIOR, AND THE PROMISES AND VEHEMENT SINCERE ASSURANCES OF THE D.D.A., MR. MILLER. PETITIONER APOLOGIZES FOR BEING INARTICULATE, EXPRESSING HIS SUBJECTIVE UNDERSTANDING OF EVENTS AND NOT objectively KNOWING THE EXACT LAWS AND ADMINISTRATIVE PROCEEDURES THAT UNEQUIVICLY "ENTITLED HIM TO RELIEF" PRIOR TO DATE. PETITIONER IS AN INMATE, NOT A LEGAL DETECTIVE, HE RELIED UPON THE CAL. COURTS TO KNOW THE LAWS, ENFORCE THE TERMS OF HIS PLEA AGREEMENT, APPLY THE APPROPRIATE LAW TO HIS PARTICULAR FACTS AND REACH A LOGICAL CONCLUSSION; THAT PROMOTED JUSTICE, BY FULFILLING THE INTENT OF THE CONTRACTING PARTIES; NOT APPLY "DEATH PENALTY" BAR. PETITIONER KNOWS HE IS DEFICEINT AND INCOMPETANT, HE IS AN INMATE WITH VIRTUALLY NO ACCESS TO the LAW LIBRARY; THAT DID NOT EVEN HAVE HABEAS PETITIONS FOR THIS COURT, PETITIONER SUPPLIED THEM TO THE PRISON VIA YOUR CLERK, In Oct. Nov. or Dec. of 2007.

WITH THAT IN MIND, PETITIONER OFFERS THE STATE AN OPPORTUNITY TO RECOGNIZE THE APPLICABLE LAW, ABIDE BY THE PROMISES MADE, AND SETTLE THIS CASE, BY FULFILLING ITS CONCOMITANT OBLIGATIONS OF CONDUCTING THE MULTIJURISDICTION PRISONER INITIAL PAROLE HEARING AND A DISPOSITIVE DECISION FLOWING THEREFROM. (TITLE 15 § 2370 (d).)

PLEASE MITIGATE THE INJURY; PETITIONER IS ENTITLED TO RELIEF REGUARDLESS OF HIS PERSONAL MIS-UNDERSTANDING OF THE ANOMOLOUS and repugnant LAWS CAL. MADE.

Petitioner has [redacted] dispute with Respondents Arguement [redacted] and Factual History. However, On Page 8, LINES 10-22. Respondent Claims "Petitioner's claim that he did not Know his Sentence was a life term until he attended a Parole Setting hearing on Feb. 24, 2005,"..." Is false. (or Misspoke) Petitioner never claimed (intentionally) his Sentence was a Life Term Petitioner stands by his assertion that he never agreed to serve an Indeterminate Sentence or Term and Never Life. furthermore, Petitioner believes (subjective) that his Term (prescribed and bargained for term) does not provide for a "Life Term". Undoubtedly, Respondent relies upon abolished former P.C.§ 671 and decisional law predicated upon said statute to conclude Petitioner implicitly or impliedly agreed to a Life Term, which is simply untrue, Also Respondent claims the trial Court imposed an "indeterminate" Term, when the word "indeterminate" was never said by the Trial Court. Petitioner does not Know what a Judge was Thinking or believeing at that moment in time (may 9 1990 or JAN. 10, 1991) Petitioner only knows what he thought and believed at the Various Stages of the [redacted] many Proceedings. Had an actual allocution occured or any inquirery into Petitioner's Subjective understanding of the Plea, the record would show more clearly. Regaurdless of crystal clarity, the records show Petitioner's reasonable expectations and the mutual intent of the Contracting Parties, Via expressed Promises and Petitioners previous Moving Papers; without objection in open Court And exposes the lie the D.D.A. used to get Petitioner's Guilty Plea Withdrawl Motion denied. [redacted]

Although Petitioner would love to bring forth all of those "underlying" facts used to extract Petitioner's guilty Plea(s), Petitioner is mindful of the balance of Societies intrest in keeping the Convictions intact and fulfilling the intent of Our underlying Agreement, Compramise.

Petitioner will depart on the words of Justice Holmes, the Great Writ "cuts through all forms and goes to the very tissue of the structure. It comes in from the outside,... and although every form may have been preserved opens the inquiry whether they have been more than an empty shell."

Petitioner has not been presented with Respondents Lodgements and he refutes the Authenticity and or accuracy of a document claiming or showing Petitioner received an "Indeterminate* Term..." and especially claiming Petitioner was sentenced "to State prison" by the State's Court. as Respondent claims on page 3, lines 20-22, i.e. 2 CT 348-349.

Petitioner knows that did not ever escape the lips of Hon. Jesus Rodriguez on 1-10-1991. Petitioner was sentenced to Federal prison 2 CT 346-347 and 397; see Plea Agreement, Probation Report, May 9 1990, Guilty Plea transcripts in federal court and the Sentencing transcripts of the State Court on 1-10-1991.

Petitioner is in State prison by Virtue of a man to man talk with Honorable Judge Garl B. Gilliam, who Understood Petitioner was the Son of Orville Ed Walters, United States Probation officer (deceased) and as such, Petitioner was fighting with other federal prisoners. Thus, incarceration in a federal prison, for 20 years, may not be conducive to Petitioner's rehabilitation and credit earning.

Petitioner reached agreements with human beings, not paper. For those reasons Petitioner requested to be in "a State Prison" and asked for Cal.; the plea Agreements stayed intact The provisions remaind the Same, "On Recomendation to Fed. B.O.P."

Petitioner asserts the State can not Change Petitioner's Conditions or Provisions for Pleading guilty. They can not Make Petitioner's Federal sentence concurrent to the state Sentence, Served in State Prison. That's not the Agreement and it's not the Same thing. Petitioner was able to go back to Federal Prison.

Your Honor, alot has been expressed here by Petitioner, Respondent relies upon the guilty Plea forms, Probation Officer Reports, sentencing minutes all the forms it preserved and created in hopes to validly prove Petitioner is in State Custody. What Respondent neglects to show is that their would be No forms, no conviction, No P.S.R or sentence without Petitioner's underlying agreement/ consent, and their is no consent when the State Refuses to execute the concomitant obligations or avoids the promises that it agreed to so many years ago. Petitioner Agreed to serve 20 years in Custody and Respondent is attempting to manipulate the effectuating charges and non-sense flowing there from to avoid its promises (expressed) and Employ its laws to impose New Conditions (parole suitibility, and life time of parole "penal consequence", and 10% increase in Punishment etc.) to prevent Petitioner from paying his obligation (term Fixed) to the State. The ignorance of Petitioner is not the only issues the sentence imposed is not the only issue, The Agreement is the issue and the breach of our Agreement or Express Promises did not occur in 1991, they are happening now. Petitioner did not bargain for a "20 year in custody sentence" or a "21 year sentence" which the Cal. Courts mis-construe, or he would have known on 1-10-1991. (Plus thats illogical)

Petitioner wants to go to federal prison and have his State time or Sentence to be served in Federal Prison, concurrent to Fed. sentence, as expressly agreed.

Petitioner seems to think that Respondent is incapable of obseving these events or provisions prove Petitioner's entitlement to release. As Petit. writes, Respondent has refused to honor the express Promises/Provisions Petitioner's conditions for Pleading guilty. Thus, today makes the plea of Guilty involuntary

as would Does the concurrency provision being breached, thus Petitioner asserts that the contract is <u>Void</u> or Voidable. this is not about only a sentence, this is about Petitioner's (earned) freedom and the timeliness of the these breaches, too.

Your honor I swear on my soul I can prove my case, this is not a stunt, Petitioner can show you with a demonstration if his words are insufficient, Your honor can ask D.D.A. miller, A.U.S.A. D. Tom Ferraro, Petitioner's Counsels, Honorable Judge Earl B. Gilliam and (maybe) Hon. Jesus Rodriguez, what our underlying agreement was and Mr. Miller "our expert" on the law used to effectuate our agreement.

Petitioner will prove to you that he was supposed to be released from confinement in both cases, state and Federal, by operation of law, on or about 1-27-2008.

## <u>Conclusion</u>

Petitioner respectfully requests this Court deny Respondents motion To dismiss Petitioner's Petition for Writ of Habeas Corpus and denial of a Certificate of Appealability, because these issues and grounds are not predicated on facts known in 1991, they are issues upon concomitant obligations and breaches of promises by Respondent that Took and Take place in 2005-2008, That were used to obtain Petitioner's Guilty Plea(s) and conviction and Waive Guarenteed U.S. Constitutional Rights of the Petitioner. Petitioner prays this Court apply Petitioner's detrimental relience or fundamental fairness equitable estopple and or the intrest of Justice or any equitable tolling Petitioner May be entitled to. He is one of ours, as was his father before him, and more importantly he is entitled to relief.

The State must be bound if Petitioner is to be bound too.

FN1. Petitioner would have filed his Federal Habeas long before A.E.D.P.A. ever existed on [redacted] more issues than are in his Petition at bench. e.g. sentence, prosecutor lied about a benefit used to secure guilty Plea, Threat of trial without discovery and Totality of circumstances surounding the Guilty Pleas, etc.

FN. 2. under Cal. Rules for the Superior Court at Sentencing the trial Court was supposed to obtain Petitioner's agreement to the sentence or punishment and refused to call on Petitioner who had his hand raised to air his Confusion and request clarity. Petitioner was a Polite, unsophisticated Victim. He still is.

FN. 3. Petitioner asserts the Term M.E.P.D. and definition created by Respondent. Was created out of context (prop. 7, Pg. 32) and abused to create a delousion in the mind of a reviewer and circumvent Judicial review, and advance the [redacted]failed "life Term/Sentence" Position, administratively. Petitioner knows that sounds Paranoid, However, contemporaneous review would reveal the Artiface/sophism. (Thats Ground 2)

## Verification

I, Martin Edward Walters swear upon my solmn Oath, delare under the Penalty of perjury under the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on this 9th day of April, 2008, in Vacaville, CALifornia.

MARTIN EDWARD WALTERS
Declarant

Martin Walters
Signature

# EXHIBIT COVER PAGE:

Exhibit: A

Description of this exhibit:

Number of pages of this exhibit:_______pages

JURISDICTION: (Check only one)

_____Municipal Court

_____Superior Court

_____Appellate Court

_____State Supreme Court

_____United States District Court

_____United States Circuit Court

_____United States Supreme Court

_____California Department of Corrections, 602 Exhibit.

_____Other: ______________________________

TE OF CALIFORNIA
DIT/TERM COMPUTATION

MAXIMUM DSL DATE

1. 2-21-91 RECEIVED DATE + 25 yrs. TOTAL TERM = 2-21-2016 BASE DATE

2. Less total preconfinement credit (1156 + 41) - 1197

3. MAXIMUM DSL RELEASE DATE = 11-11-2012

GOOD TIME CREDIT

1. Received date or 7-1-77 whichever is later, less one day - ~~2-20-91~~ 2-21-91

2. Days in custody of department = 7935

3. Postsentence + 41

4. Days in custody on which GTC may be earned = 7976 (77)

5. ÷ 3 = GOOD TIME CREDIT = ~~2658~~ 2659

MINIMUM DSL RELEASE DATE (A-3 minus B-5) = 8-2-2005

1/3 MERD

MMENTS:

Rec #1 2/1994

Audited 7/2001

MERD: 8-1-2005

omputed by J. Miller Case Records 2/26/91 date

udited by Case Records date

AME: Walters, Martin

NUMBER: E86183

INSTITUTION: RJDRC

DATE: 2/26/91

C. 679 (Rev 12/81)

# EXHIBIT COVER PAGE:

Exhibit: B

Description of this exhibit:

Number of pages of this exhibit: ________ pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

_____ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: ______________________________

BOARD OF PRISON TERMS — STATE OF CALIFORNIA

**Records Use Only**

Parole Release Date ______ YR MO DAY

Attach Prison Calculation Sheet

[ ] PARAOLE GRANTED – (YES)
CDC: Do not release prisoner before Governor's review.

[✓] PAROLE DENIED – (NO) 5 years
New Psych Requested

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR: ______ YEAR(S)

[ ] HEARING POSTPONED/REASON: ______

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[✓] No more 115's or 128A's
[ ] Work to reduce custody level
[✓] Get self-help*
[✓] Stay discipline free
[✓] Learn a trade*
[✓] Get therapy*
[✓] Earn positive chronos
[ ] Get a GED*

[ ] Recommend transfer to ______
[ ] Other ______

* These programs are recommended if they are offered at your prison and you are eligible/able to participate.

**Penal Code 3042 Notices** [ ] Sent Date: December 27, 2004

Commitment Offense(s): Code(s): 187 — Crimes(s): Murder 1st
Case #(s): CR103749 — Count #(s): 08

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| 02/21/1991 | 02/21/1991 | 09/01/2005 |

[ ] Initial Hearing [ ] Subsequent (Hearing No.) ______ Date of Last Hearing ______

CDC Representative E. K. Parks

Attorney for Prisoner Maryann Tardiff — Address

D.A. Representative Video Conference — County San Diego

This form and the Board's decision at the end of the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

Chair [signature] Date 2/24/05

Panel Member [signature] Date

Panel Member [signature] Date

| NAME | CDC # | PRISON | CALENDAR | DATE |
|---|---|---|---|---|
| Walters, Martin | E86183 | PVSP | February 2005 | 02/24/2005 |

INMATE COPY

BPT 1001 (REV. 08/03)

Apr 13, 2006 11:47AM

Parole 602 not returned yet

Send ~~to~~ to Fed. custody 602 not returned yet

Both Denied.

Exhibit C and ~~E~~ E

TO: APPEALS COORDINATOR

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region 1. CSP-S 2.

Log No. 1. 05-03403 2.

Category (6) Records

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Walters, Martin | E-86183 | N/A | B-13-5-4M |

**A. Describe Problem:** C.D.C. & R. STAFF HAVE REFUSED TO APPLY MY ALREADY EARNED GOOD BEHAVIOR And PARTICIPATION CREDITS TO REDUCE MY TERM IN STATE PRISON IN Accord WITH THE MANDATORY PROVISIONS OF MY LAWFULLY IMPOSED SENTENCE And PUNISHMENT STATUTE UNDER AFFIRMATIVE CAL. PENAL Code § 2930-2935 and 190.

If you need more space, attach one additional sheet.

RECEIVED FEB 23 2006 INMATE APPEALS BRANCH

C/ Zip Amend

**B. Action Requested:** (A) Immediately Apply My already Earned CREDITS TO REDUCE My TERM in Prison As MANDATED in THE Provisions OF § 190 for THE YEAR OF COMMITMENT 1988, And (B) My IMMEDIATE RELEASE

Inmate/Parolee Signature: [signature] Date Submitted: 10-29-05

**C. INFORMAL LEVEL** (Date Received: 11-17-05)

Staff Response: Denied - According amended M.O. (see attached) you were sentenced to 25 years to life. See attached LSS and calculation sheet. I have highlighted areas you need to pay attention to. Also see copies of Penal Code Sections 190 & 2931 which applies to your case

Staff Signature: M. Alonzo, CCRA Date Returned to Inmate: 11.28.05

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATISFIED: I cited P.ENAL Codes 190 And 2930-35 <includes 2931> P.C. 190 <ATTACHMENT "E"> Is NOT THE STATUTE OF LAW (IN 1988) THAT APPlies TO ME, THE LAWS Found in the Annotated PENAL Code OR 1988 Penal Code, NOT 2005 P.C.!

SEE continued...

RECEIVED NOV - 4 2005 CSP/SOLANO APPEALS OFFICE

Signature: [signature] Date Submitted: 11-30-05

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Level III / Records

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by:

BYPASS

Staff Signature: Title: Date Completed:

Division Head Approved: Returned

Signature: Title: Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: Date Submitted:

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other ~~multiple appeal~~ sc

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-5-5 Due Date: 1-18-06

☒ See Attached Letter Sam

Signature: Mary Duncan Date Completed: 1-23-06

Warden/Superintendent Signature: [signature] Date Returned to Inmate: FEB - 6 2006

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied; second level review [dated April 24, 2003] referenced is flawed misapplies statutes, Regulations and D.O.M. sections that conflict with applicable statute(s) and case law authority; second level response has too many mistakes to contend. for example(s) failure to clarify a why I am being denied my credit specificly?

(SEE ATTACHED)

Signature: [signature] Date Submitted: 2-15-06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: JUN 12 2006

CDC 602 (12/87)

SECTION 'H' continued

I see Alot of "MAY", "considered" And conflicting inuendo.
Am I §1170 §1168 or §190 sentencing scheme?
Are you saying I AM A "LIFE SENTENCED" INMATE?
OR "considered" ONE, TO deprive me of my credit Earning?
[I.E. "LIFE SENTENCE"]

C.S.P. -SOLANO is using SHAM pleadings, suggestions, And inuendo, Inapplicable statutes And Regulations that HAVE NO STANDING in LAW, And Are inconsistant with court decissions.

Simpley because Title §15 & 3000 DEFINITION SAYS I "MAY" be sentenced to Life And or Labels Me (Maybe) A "LIFE Prisoner" Does NOT MEAN THAT in FACT is true.

please Define what the DEPARTMENT SAYS I AM Exactly And why I AM NOT GETTING MY EARNED credits As §190 SAYS, I AM entitled to.

State of California

# Memorandum

Date : January 28, 2006

To : **Walters, Martin Edward E86183** 15-D-3-Um

From : California State Prison-Solano, Vacaville 95696-4000

Subject: **SECOND LEVEL APPEAL RESPONSE, LOG # CSP-S-05-03403**

You requested a Computation Review Hearing on this appeal. This is not a computation Review Hearing/Records issue. Per Administrative Bulletin 87/21, dated February 26, 1987, Subject: Haygood vs. Younger states in part, **"Inmates/parolees who are subject to the jurisdiction of the Department of Corrections may have a right to a Computation Review Hearing when they believe there is an error in the computation of a term of confinement or period of parole based upon the documentation in the records, and that adversely affects their term of confinement or period of parole."**

California Code of Regulations, Title 15, Crime Prevention and Corrections, Section 3084.3. Screening Appeals, states the following in part, **"(b) Unclear appeal issue. (2) When multiple appeals of the same issue are received, the original appellant and, as needed for clarification of issues, one or more of the other appellants shall be interviewed."**

California Code of Regulations, Title 15, Crime Prevention and Corrections, Section 3084.2. Appeal Preparation, states the following, **"(g) Multiple appeals of the same issue. If more than one appeal regarding the same issue is received:**

**(1) All such appeals shall be logged.**
**(2) A written response shall be given to the original appellant.**
**(3) A copy of the response, with the original appellant's name and number removed, shall be given to each of the other appellants."**

Attached please find a copy of the original appeal response with the original appellant's name and number removed.

[signature]
**Tom L. Carey**
**Warden**

Attachments

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

April 5, 2006

Appeals Coordinator
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

RE: WALTERS, CDC #E-86183 Institution Appeal Log #SOL 05-03403 Case Info & Records

To the Appeals Coordinator:

Please amend the Second Level Response (Attachment) to remove the case information from the multiple appeal response. Please complete and return the requested documents to this office by May 5, 2006.

N. GRANNIS, Chief
Inmate Appeals Branch

Case Information to multiple appeal issue Second Level response has been "whited-out."
Action taken by: S. Cervantes, cc II
Appeals Coord
4-12-06

RECEIVED
APR 12 2006
CSP/SOLANO
APPEALS OFFICE

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California

# Memorandum

Date : April 24, 2003

To : ----------------------------

From : California State Prison-Solano, Vacaville 95696-4000

Subject: **SECOND LEVEL APPEAL RESPONSE LOG NUMBER CSP-S-03-**

Paula Paynter, Correctional Case Records Supervisor, conducted a Second Level Appeal interview on , , at approximately 0930 hours in the Facility , Program Complex. You were present and interviewed during the hearing.

**ISSUE**

You are requesting a Computation Review Hearing including the application of all earned good conduct and work incentive credits, immediate release from California Department of Corrections custody and where in the Penal Code statutes it states that you are sentenced under Penal Code Section 1168(b).

**FACTS**

You were sentenced to the Department of Corrections by the County Superior Court, Case , on , , for the crime of Degree (PC section ) in Count 1 of the information with an enhancement pursuant to PC section , for a total term of . You were given credit for a total of days.

California Code of Regulations, Title 15, Crime Prevention and Corrections, Division 2, Board of Prison Terms, Section 2000, (b) Definitions. **"For the purpose of the regulations contained in this division the following words shall have the following meanings...(3) Life Prisoner. A prisoner serving a sentence of life with the possibility of parole. The board determines the parole date. Life sentences may be imposed for the following crimes or conspiracy to commit any of the following crimes (A) First degree murder (Penal Code section 187) (B) Second degree murder (Penal Code section 187) committed on or after November 8, 1978...(11) Board of Prison Terms (BPT). The administrative board responsible for setting parole dates, establishing parole length and conditions...Persons under the board's jurisdiction are all adult felons committed by superior courts to the Director of Corrections under Penal Code sections 1168 and 1170 and all adult felons sentenced under the Indeterminate Sentence Law."**

The California Penal Code, Section 1168 Fixing Term of Imprisonment, section (b) states, **"For any person not sentenced under such provision, but who is**

**sentenced to be imprisoned in the state prison, including imprisonment not exceeding one year and one day, the court imposing the sentence shall not fix the term or duration of the period of imprisonment."**

Penal Code section 1170.2(e) states, **"In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1168 if the felony was committed on or after July 1, 1977, the Board of Prison Terms shall provide for release from prison as provided for by this code."** Your commitment offense is one of the crimes that remain under PC Section 1168 after July 1, 1977.

Penal Code section 1170(a)(3) states in part, **"...Nothing in this article shall affect any provision of law that imposes...or expressly provides for imprisonment in the state prison for life..."**

Penal Code Section 190, Punishment for Murder, states in part, **"...Every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life. The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of the Title 1 of Part 3 of the Penal Code shall apply to reduce any minimum term of 25 or 15 years in a state prison imposed pursuant to this section, but such person shall not otherwise be released on parole prior to such time. [Initiative adopted November 7, 1978.]"**

Penal Code section 190(a), Punishment for Murder, states in part, **"...Except as provided in subdivision (b), (c), or (d), every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life."**

California Code of Regulations, Title 15, section 3371.1(e), Computation of Time and Preprison Credit, states the following, **"Any preprison credit towards an indeterminate sentence shall be applied within one week after the inmate's parole date or term is established or fixed by the Board of Prison Terms."**

The Department of Corrections Operations Manual (DOM), Section 73030.19.4, Computation of MEPD 15 and 25 to Life Terms, Life term only, states in part, **"If the life term is the only commitment offense and has no DSL enhancements or DSL consecutive cases, calculate the MEPD as follows: Add the minimum term to the date received into the Department (the term start date). Subtract presentence and postsentence credit. Determine the number of days eligible for goodtime credit by subtracting the received date from the date obtained after application of preprison credit and adding postsentence credit. Divide the result by three (fractions shall be increased to the next whole number). Subtract the total goodtime from the date obtained after application of preprison credit. The resulting date is the minimum eligible parole date."**

DOM, section 73030.19.2, Good time/Work time Credit-Life Terms, states in part the following, **"Work time credit pursuant to PC 2933 shall be applied to reduce the minimum term of life prisoners sentenced only under PC 217(b) and habitual**

**offenders sentenced under PC 667.7(a)(1) and PC 667.75. Good time/work time credit pursuant only to PC 2931 shall be applied to reduce the minimum term of all other life prisoners on terms with 15 or 25 year minimums...Work time credit pursuant to PC 2933 shall apply to Determinate Sentencing Law (DSL) enhancements and DSL consecutive cases on all life terms."**

Penal Code section 2930, Notice of Rules and Regulations, section (a) states in part, **"The Department of Corrections shall inform every prisoner sentenced under section 1170..."** You were sentenced under section 1168.

Penal Code section 2931, Reduction of Term for Good Behavior and Participation, section (a), states in part, **"In any case in which a prisoner was sentenced to the state prison pursuant to Section 1170, or if he committed a felony before July 1, 1977, and he would have been sentenced under Section 1170, if the felony had been committed after July 1, 1977, the Department of Corrections shall have the authority to reduce the term prescribed under such section by one-third for good behavior and participation if consistent with subdivision (d) of Section 1170.2...(d) This section shall not apply to any person whose crime was committed on or after January 1, 1983."**

Penal Code section 3041 Parole—Time of Determination, section (a), states in part, **"In the case of any prisoner sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Prison Terms shall meet with each such inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding post-conviction credit. One year prior to the inmate's minimum eligible parole release date a panel consisting of at least two commissioners of the Board of Prison Terms shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the prisoner was sentenced and other factors in mitigation or aggravation of the crime. At least one commissioner of the panel shall have been present at the last preceding meeting, unless it is not feasible to do so or where the last preceding meeting was the initial meeting. Any person on the hearing panel may request review of any decision regarding parole to the full board for an en banc hearing. In case of such a review, a majority vote of the full Board of Prison Terms in favor of parole is required to grant parole to any prisoner."**

California Code of Regulations, Title 15, section 3371.1(e), Computation of Time and Preprison Credit, states the following, **"Any preprison credit towards an**

**indeterminate sentence shall be applied within one week after the inmate's parole date or term is established or fixed by the Board of Prison Terms."**

CCR, Title 15, section 3043.1(d) Life-term inmates, states, **"(1) Pursuant to PC section 2933, worktime credit shall be applied to reduce the minimum terms of life inmates sentenced only under PC sections 217.1(b), 667.7(a)(1) and PC 667.75. (2) Inmates sentenced to life terms with determinate sentence law (DSL) enhancements or with a consecutive DSL term shall, except where otherwise prohibited by law be eligible to received worktime credits on such terms pursuant to PC section 2933."**

**DETERMINATION**

As indicated in the above quotes from the Penal Code, Department of Corrections Operations Manual and the California Code of Regulations, Title 15, indicates your are considered a "Lifer" inmate. The Board of Prison Terms establishes your release date.

Your date has been properly calculated within the appropriate policies and procedures, as well as the California Penal Code mandates.

**APPEAL: DENIED**

*Original Signed by Warden*

**TOM L. CAREY**
**Warden**

Attachment

ATTACHMENT (D)



return to his or her country of origin as provided in federal treaties and shall provide quarterly reports outlining its efforts under this section to the Chairperson of the Joint Legislative Budget Committee and the chairperson of each fiscal committee of the Legislature.

(2) The Board of Prison Terms shall adopt the model program developed by the State of Texas for encouraging participation in the federal repatriation program where appropriate. **Leg.H.** 1994 ch. 565, effective September 16, 1994.

### §2913. City to Notify County Prior to Contracting With State.

A city shall give notice to, and consult with, the county prior to contracting with the state pursuant to Section 2910 of this code or Section 1753.3 of the Welfare and Institutions Code. **Leg.H.** 1987 ch. 1450.

**§2919.** Enacted 1944. Repealed 1957 ch. 2256.

## ARTICLE 2
## Credits on Term of Imprisonment

**§2920.** Enacted 1941. Repealed 1977 ch. 165, operative July 1, 1977.

**§§2921, 2922.** Enacted 1941. Repealed 1953 ch. 1666.

**§§2923-2926.** Enacted 1941. Repealed 1977 ch. 165, operative July 1, 1977.

## ARTICLE 2.5
## Credit on Term of Imprisonment

**Notice of rules and regulations. §2930.**
**Reduction of term for good behavior and participation. §2931.**
**Denial of good behavior and participation credit. §2932.**
**Work time credit denied/lost to prisoner who is vexatious litigant. §2932.5.**
**Worktime credit. §2933.**
**Persons convicted of violent felony—Restriction on earning credit. §2933.1.**
**Persons convicted of murder—No credit to accrue. §2933.2.**
**Enhanced worktime credit. §2933.3.**
**Persons convicted of felony offense ineligible to earn credit. §2933.5.**
**Placement in Security Housing Unit or Administrative Segregation Unit for specified misconduct—Ineligibility for work credits or good-behavior credits. §2933.6.**
**Waiver of §2931 credits; application of §2933 credits. §2934.**
**Up to one-year credit for heroic act. §2935.**

### §2930. Notice of Rules and Regulations.

(a) The Department of Corrections shall inform every prisoner sentenced under Section 1170, for a crime committed prior to January 1, 1983, not later than 14 days after reception in prison, of all applicable prison rules and regulations including the possibility of receiving a one-third reduction of the sentence for good behavior and participation. Within 14 days of the prisoner's arrival at the institution to which the prisoner is ultimately assigned by the Department of Corrections, the prisoner shall be informed of the range of programs offered by that institution and their availability at that institution. The prisoner's central file shall reflect compliance with the provisions of this section not later than 90 days after reception in prison.

(b) The department shall, within 90 days after July 1, 1977, inform every prisoner who committed a felony before July 1, 1977, and who would have been sentenced under Section 1170 if the felony had been committed after July 1, 1977, of all applicable prison rules and regulations, which have not previously been provided, of the range of programs offered and their availability, and the possibility of receiving a reduction for good behavior and participation of one-third of the prisoner's remaining sentence after July 1, 1977. The prisoner's central file shall reflect compliance with the provisions of this section. **Leg.H.** 1976 ch. 1139, operative July 1, 1977, 1977 chs. 2, 165, operative July 1, 1977, 1982 ch. 1234.

**Cross-References**

Regulations to be furnished to prisoners. Penal Code §2080.

Case records. Penal Code §2081.5.

Reduction of term for good behavior and participation. Penal Code §2981.

**Ref.:** Cal. Crim. Def. Prac., Ch. 91, "Sentencing."

### §2931. Reduction of Term for Good Behavior and Participation.

(a) In any case in which a prisoner was sentenced to the state prison pursuant to Section 1170, or if he committed a felony before July 1, 1977, and he would have been sentenced under Section 1170 if the felony had been committed after July 1, 1977, the Department of Corrections shall have the authority to reduce the term prescribed under such section by one-third for good behavior and participation consistent with subdivision (d) of Section 1170.2. A document shall be signed by a prison official and given to the prisoner, at the time of compliance with Section 2930, outlining the conditions which the prisoner shall meet to receive the credit. The conditions specified in such document may be modified upon any of the following:

(1) Mutual consent of the prisoner and the Department of Corrections.

(2) The transfer of the prisoner from one institution to another.

(3) The department's determination of the prisoner's lack of adaptability or success in a specific program or assignment. In such case the prisoner shall be entitled to a hearing regarding the department's decision.

(4) A change in custodial status.

(b) Total possible good behavior and participation credit shall result in a four-month reduction for each eight months served in prison or in a reduction based on this ratio for any lesser period of time. Three months of this four-month reduction, or a reduction based on this ratio for any lesser period, shall be based upon forbearance from any act for which the prisoner could be prosecuted in a court of law, either as a misdemeanor or a felony, or any act of misconduct described as a serious disciplinary infraction by the Department of Corrections.

(c) One month of this four-month reduction, or a reduction based on this ratio for a lesser period, shall be based solely upon participation in work, educational, vocational, therapeutic or other prison activities. Failure to

843

succeed after demonstrating a
specified activity shall not resul
credit. Failure to participate in tl
result in a maximum loss of cr
failure to participate. However,
than behavior problems shall be
commensurate with the custodi
(d) This section shall not ap
crime was committed on or afte
1976 ch. 1139, operative July 1
operative July 1, 1977, 1978 chs
373, 1980 ch. 676, 1982 ch. 1

**Cross-References**

"Felony" and "misdemeanor" defin
Notification of total time which m
§2932(e).
Worktime credits for crimes after J
§2933.
Confinement pursuant to parole revo
Penal Code §3057.
Time credits for work and good b
Code §4019.
Review by Board of Prison Terms
**Ref.:** Cal. Crim. Def. Prac., Ch

### §2932. Denial of Good B Participation Credit.

(a)(1) For any time credit
Section 2931 or to Section 293
of credit may be denied or lost
attempted murder, solicitation
rape, sodomy, or oral copulatio
victim's will, attempted rape
attempted oral copulation acco
tim's will, assault or battery ca
assault with a deadly weapon o
of a hostage, escape with force
or manufacture of a deadly we
whether or not prosecution is u
this paragraph. Solicitation of
the testimony of two witness
corroborating circumstances.
(2) Not more than 180 day
or lost for a single act of misc
in paragraph (1), which could
whether or not prosecution is
(3) Not more than 90 days
or lost for a single act of mi
prosecuted as a misdemeanor,
is undertaken.
(4) Not more than 30 days
or lost for a single act of misco
as a serious disciplinary offe
Corrections. Any person con
custodial classification followi
serious disciplinary infraction s
of time credits, be ineligible
worktime credit for a period
of days of credit which have
misconduct or 180 days, whic
confined in a secure housing
any misconduct specified in p
bodily injury is inflicted upo

ATTACHMENT (E)



### §189.5. Murder—Burden of Proving Mitigation, Justification, or Excuse.

(a) Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon the defendant, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable.

(b) Nothing in this section shall apply to or affect any proceeding under Section 190.3 or 190.4. **Leg.H.** 1989 ch. 897.

**Cross-References**

Accidental and excusable homicide. Penal Code §195.

Finding of justifiable homicide, acquittal required. Penal Code §199.

Home protection bill of rights. Penal Code §198.5.

Killing in arresting fugitive or quelling riot. Penal Code §197.

Killing in defense of self or property. Penal Code §197.

Killing in performance of official duty. Penal Code §196.

Lawful resistance. Penal Code §§692-694.

Limitations on self-defense. Penal Code §198.

**§190.** Enacted 1872. Repealed 1973 ch. 719.

**§190.** Enacted 1973. Repealed 1977 ch. 316, effective August 11, 1977.

**§190.** Enacted 1977. Repealed by Initiative (Prop. 7) at the November 7, 1978, General Election.

Another §190 follows.

### §190. Punishment for Murder; Murder of Peace Officer; Murder by Shooting From Motor Vehicle.

(a) Every person guilty of murder in the first degree shall be punished by death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life. The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5.

Except as provided in subdivision (b), (c), or (d), every person guilty of murder in the second degree shall be punished by imprisonment in the state prison for a term of 15 years to life.

(b) Except as provided in subdivision (c), every person guilty of murder in the second degree shall be punished by imprisonment in the state prison for a term of 25 years to life if the victim was a peace officer, as defined in subdivision (a) of Section 830.1, subdivision (a), (b), or (c) of Section 830.2, subdivision (a) of Section 830.33, or Section 830.5, who was killed while engaged in the performance of his or her duties, and the defendant knew, or reasonably should have known, that the victim was a peace officer engaged in the performance of his or her duties.

(c) Every person guilty of murder in the second degree shall be punished by imprisonment in the state prison for a term of life without the possibility of parole if the victim was a peace officer, as defined in subdivision (a) of Section 830.1, subdivision (a), (b), or (c) of Section 830.2, subdivision (a) of Section 830.33, or Section 830.5, who was killed while engaged in the performance of his or her duties, and the defendant knew, or reasonably should have known, that the victim was a peace officer engaged in the performance of his or her duties, and any of the following facts has been charged and found true:

(1) The defendant specifically intended to kill the peace officer.

(2) The defendant specifically intended to inflict great bodily injury, as defined in Section 12022.7, on a peace officer.

(3) The defendant personally used a dangerous or deadly weapon in the commission of the offense, in violation of subdivision (b) of Section 12022.

(4) The defendant personally used a firearm in the commission of the offense, in violation of Section 12022.5.

(d) Every person guilty of murder in the second degree shall be punished by imprisonment in the state prison for a term of 20 years to life if the killing was perpetrated by means of shooting a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict great bodily injury.

(e) Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not apply to reduce any minimum term of a sentence imposed pursuant to this section. A person sentenced pursuant to this section shall not be released on parole prior to serving the minimum term of confinement prescribed by this section. **[Adopted by Initiative (Prop. 7) at the November 7, 1978, General Election.] Leg.H.** 1987 ch. 1006, approved by electorate (Prop. 67) at the June 7, 1988, Primary Election, operative June 8, 1988, 1993 ch. 609, approved by electorate (Prop. 179) at the June 7, 1994, Primary Election, 1996 ch. 598, 1997 ch. 413 §1, approved by electorate (Prop. 222) at the June 2, 1998, Primary Election, operative June 3, 1998, 1998 ch. 760 §6, operative upon approval by electorate, approved by electorate (Prop. 19) at the March 7, 2000, Primary Election, operative March 8, 2000.

**Cross-References**

Exemption from "double-base-term" cap. Penal Code §1170.1.

"First-degree murder" defined. Penal Code §189.

Murder of public transit employee, punishment. Penal Code §190.25.

"Murder" defined. Penal Code §187.

Probation denial. Penal Code §§1203, 1203.06, 1203.09, 1203.075, 1203.055.

"Second-degree murder" defined. Penal Code §189.

Second-degree murder, punishment when defendant has prior conviction. Penal Code §190.05.

Sentencing on multiple enhancements. Penal Code §1170.1.

Victim's input into sentencing. Penal Code §§1191, 1191.15.

**Ref.:** Cal. Crim. Def. Prac., Ch. 87, "Death Penalty," Ch. 91, "Sentencing," Ch. 142, "Crimes Against the Person."

### §190.03. Murder Because of Disability, Gender, or Sexual Orientation.

(a) A person who commits first-degree murder shall be punished by imprisonment in the state prison for life without the possibility of parole, if the defendant intentionally killed the victim because of the victim's disability, gender, or sexual orientation or because of the defendant's



perception of
orientation.
(b) The ter
apply unless t
pleading and a
the trier of fac
except in the i
shall state its r
(c) For the
the bias motiv
whether or no
concurrent mo
substantial fac
This subdivisi
declaratory of
(1995) 10 Cal
*Court of San L*
735.
(d) Nothing
vent punishme
of law that imp
**Leg.H.** 1999 c

**§190.05. Se**
**Person Prev**
(a) The pen
in the second
for murder in
ment in the st
possibility of p
a term of 15
a prior prison t
is that time per
incarcerated fo
role.
(b) A prior
section includ
(1) A priso
penal institutio
other institutio
time in the juri
the commissio
elements of mu
under Californ
(2) Incarce
Authority for
the person was
pline of the D
(c) The fac
first or second
pleading, and
court, or found
guilt or by the
of guilty or no
without a jury
(d) In case
defendant serv
first or second
that the allega
(e) If the tri
a prior prison t
there shall be
trier of fact, e

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*November 7, 2005*

*WALTERS, E86183* 9-241L
~~*13-5-4-M*~~

Log Number: CSP-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***You have not included evidence of an attempt to resolve the problem at the Informal Level. The Informal Level of Review is waived for appeals of classification actions; serious disciplinaries; CSR actions; departmental regulations, policies or operational procedures; staff complaints; and exceptional circumstances as defined in CCR 3084.7. Obtain an informal response by sending your appeal directly to:***

***ATTACH COPY OF LEGAL STATUS SUMMARY SHEET. FORWARD TO CASE RECORDS ANALYST PER CCR 3084.7(h)(1)(A).***

Appeals Coordinator
CSP-SOLANO

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: JUN 1 2 2006

In re: Walters, E-86183
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

IAB Case No.: 0511713 Local Log No.: SOL 05-03403

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Pearson, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** It is the appellant's position that his release date has not been calculated correctly. The appellant is requesting to have his good behavior credits applied to his prison term and to be released immediately.

II **SECOND LEVEL'S DECISION:** The reviewer found that appellant has been sentenced to 25 years to life. As the appellant is serving a life term, the Board of Parole Hearings (BPH) will establish his release date.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** The appellant was sentenced to an indeterminate term. The CDCR calculates the appellant's minimum eligible parole date; however, it is up to the BPH to establish the appellant's release date. The appellant's minimum eligible parole date has been calculated correctly. As he is serving an indeterminate prison sentence, it is up to the BPH to decide if, and when, the appellant will be released from CDCR. It has been determined that the appellant has appropriately been sentenced to an indeterminate prison sentence.

B. **BASIS FOR THE DECISION:** Penal Code Section 1168(b), 190
California Code of Regulations, Title 15, Section: 3327, 3328, 3371.1
CDC Operations Manual Section 73030.19.2, 73030.19.4

C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SOL
Appeals Coordinator, SOL

# EXHIBIT COVER PAGE:

Exhibit: ~~D~~ E

Description of this exhibit:

Number of pages of this exhibit: ________ pages

I truely apologize for failing to perform, I received too late to affix. no stapler, No time. I'm Sorry!

JURISDICTION: (Check only one)

____Municipal Court

____Superior Court

____Appellate Court

____State Supreme Court

____United States District Court

____United States Circuit Court

____United States Supreme Court

____California Department of Corrections, 602 Exhibit.

____Other: ________________________________________

Plus, Exhibit D, has not been returned by staff yet.
We are locked down and I can not do any task, but write, and beg.

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region 1. CSP-S 2. ______

Log No. 1. 08-00390 2. ______

Category: 6 Records

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Walters, Martin | E-86183 | N/A | 6-206L |

A. Describe Problem: I Plead Guilty in 1990 with the expectation of being released from State custody at the expiration of My federal Sentence. Prison officials set My term at 25 Years, and My release date was set at 8-2-05 on State portion of the "Package Deal". [redacted]). I wonder when the state is going to send me back to the federal System? or are Cal. officials going to hold me until my fed. Sentence expires and release me then in accordence with my plea bargain. Please, A.) tell me when my fed. sentence expires; and B) provide me with documents I need to be released at that time my fed. Sentence expires.

If you need more space, attach one additional sheet.

B. Action Requested: Tell me when my fed. Sentence expires and provide me with documents to facilitate my release, or contact federal authorities to effectuate the plea agreements or so I can finish my term in federal Prison.

Inmate/Parolee Signature: [signature] Date Submitted: 6-4-07 *

C. INFORMAL LEVEL (Date Received: ______)

Staff Response: Partially Granted - Please see copy of your Federal Detainer. You have 272 months to serve, Please see highlighted area of your Detainer - you will not be release until the BPH has given you a Parole Date. Then when your Due to Parole the Federal Det. will allow for you to be P/U and serve your Federal sentence.

Staff Signature: M. Flores, CCRA Date Returned to Inmate: 1-17-08. *

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied; I was ordered by Cal. Superior Court Judge, to serve my time in Fed. Custody, Concurrent with Fed. Sentence 272 mo. [See Abstract of Judgement and Minute order and plea Agreement and Probation Report Attached] My Fed. time is not Concurrent to State time, nor is it consecutive; nor served in State Custody!!! (See Attach

Signature: [signature] Date Submitted: 1-23-2008

RECEIVED

JAN 30 2008

CSP/SOLANO APPEALS OFFICE

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: ______

Level 3

1st 1-30-08C 2nd 3-14-08C

JUL 17 07 2:05

First Level: ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 01-31-08 Due Date: 03-17-08

Interviewed by: "S" was interviewed on 2-29-08 the attached forms to pursue transfer per "In Re Stoliker" are attached. "S" was given the opportunity to proceed but refused to utilize the appropriate CDCR forms. He feels we should give him a release date in lieu of his life term + release to Federal Custody. He was granted an interview but denied on the issue

Staff Signature: [signature] Title: CCRM Date Completed: 2-29-08

Division Head Approved: Mary Sweeze[signature] Returned: MAR 11 2008

Signature: [signature] Title: AW Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied, ① I was promised per plea Agreement and ordered by Cal. Superior Court to Serve my Sentences in federal custody, No Waiver is required. ② I received an indeterminate Sentence not A "Life" Sentence, I can not sign a document claiming I was Sentenced to Life or agreed to serve life, when thats not true. (See Attached)

Signature: [signature] Date Submitted: 3-11-08

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 03-14-08 Due Date: 04-14-08

☒ See Attached Letter

Signature: [signature] Date Completed: 4-4-08

Warden/Superintendent Signature: RKWong Date Returned to Inmate: APR 14 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied, Petitioner does ~~need~~ not need to waive any rights the decision's were made in Stoliker are mandates on the Department. I Was ordered by Judgement and plea Agreement. You violate this by insisting I waive additional rights [redacted]

Signature: [signature] Date Submitted: April 14-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

Section D. continued.

It is crystal clear that Departmental personnel are either misapplying logic or are deliberately attempting to Convert My Sentences in Violation of the clear terms of my plea agreement and the crystal clear Orders of the California Superior Court Judge. C.C.R.A. marcia George, indicates that I will be released to the fed. when I complete my State Sentence, based upon a detainer. However, I am not challenging a detainer. I want to be sent to Federal Authorities to serve My concurrent State Sentence, With my Federal Sentence, in Cases CR-10379[illegible] (State) and 88-0769-G-Criminal (Fed), in accordance with the Provision of my Plea Agreement and the Orders of the Cal. Superior Court Judge.

The Department has no right to hold me in its custody, C.S.P. -SoLano does not have a legal right to confine me. I tried to explain the problem to numerous Department Staff and B.P.H. officials only to be either ignored or presumed crazy, notwithstanding the fact all the legal documents you (The Department) have show that I am not supposed to be here. Dept. officials either refuse to call the fed's to get me or outright lie to me with untenable reasons to justify their inaction.

Undoubtedly I am an anomoly to the norm, however I am entitled to to relief I seek, either Via In re Stoliker ; or Penal Code §§ 1389.5-.9; or Via the Court's Order; or My plea agreement.

In any Case the Department Staff's unethical and Unprofessional misConduct in dis-positive resolution of this matter is unreasonable and inexcusable. I seek help and receive indifference as if Im simply going to accept spending my life in prison, when Im supposed to be released! Eventually, some Court, politician, Director/Secratery, A.G., D.A., someone will take action and some Departmental Staff will either be praised or disciplined (at least) for my illegal incarceration. I request your help. I provide the same legal documents you have [exhibits A]; and identify the approximate cause of action, the root cause of this mess in exhibits B.

I am (and was) supposed to be in a Federal prison; at the time of the Board action, and decision, And the Scheduleing of said Proceedings by Department Staff. (title 15 § 2369 refers to § 2269) This never happend. (Penal Code § 1389.7)

Note: I do not seek parole, set my term, or discharge (title 15 § 2370 (d)(1) or (d)(2).)

SEP-05-2007 11:23 CMF PRE-RELEASE 707 469 6025 P.02

STATE OF CALIFORNIA DEPARTMENT OF CORRECTI

NOTICE OF TRANSFER AVAILABILITY - IN RE STOLIKER

CDC 1168 (12/89)

TO:

UNITED STATES MARSHAL
EASTERN DISTRICT OF CALIFORNIA
2500 TULARE ST. STE. 1501
FRESNO, CA 93721

FROM: CALIFORNIA DEPARTMENT OF CORRECTIONS

DATE: 02/29/2008

SUBJECT: WALTERS,MARTIN

OUR: E86183

YOUR: 15496-198

The above-identified inmate is confined at this facility as a commitment to State prison from SAN DIEGO County, California for the offense of PC 187(A). Your detainer is lodged against the subject inmate based on your warrant dated MARCH, 28 2000 by the UNITED STATES MARSHAL EASTERN DISTRICT OF CALIFORNIA.

Under the California Supreme Court case law, in re Stoliker, 49 Cal., 2nd. 72, the California Department of Corrections is required to make this inmate available for transfer to your custody, if and when requeste by the inmate and approved by the Director of Corrections, for the purpose of serving his/her California and FEDERAL terms concurrently. The inmate's request for transfer to custody (form CDC 1704) is attached.

I have over 7,120 days served plus good time/part. credit!!! →

If you accept custody, the subject inmate will receive credit on his/her California term for LIFE TERM time served. In the event of such transfer, the California Department of Corrections will lodge a detainer for subject inmate's return to California State custody should release on his/her FEDERAL term occur prior to release on the California term. By making this request for transfer, the subject inmate has waived extradition to return to California for completion of sentence.

Under the same court rule, you may wish to decline assuming custody and credit him/her on the FEDERAL term for time served on the California term; or, you may wish to defer assuming custody until he/she has served his/her California term and is made available to you upon his/her release to California parole.

For your information, subject's cumulative case summary is enclosed. NO CURRENT parole date is tentatively set for SUBJECT IS A LIFER.

Subject is not a lifer. Prove that →

An early reply will be appreciated.

ENCLOSURE: CUMULATIVE CASE SUMMARY

CC: INMATE

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**REQUEST FOR TRANSFER - IN RE STOLIKER**

CDC 1704 (12/89)

TO: Case Records Manager

FOR FORWARDING TO:

UNITED STATES MARSHAL
EASTERN DISTRICT OF CALIFORNIA
2500 TULARE ST. STE. 1501
FRESNO, CA 93721

By authority of California Supreme Court case law, In re Stoliker, the undersigned hereby requests transfer to your custody for the purpose of serving my California and FEDERAL terms concurrently.

I hereby agree that this request shall be deemed to be my waiver of extradition with respect to my return to California State custody for completion of my term of imprisonment in California should release on my FEDERAL term occur prior to release on my California term.

| CDC NUMBER | INMATE'S NAME (PRINT OR TYPE) | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| E86183 | WALTERS, MARTIN | | 02/29/2008 |
| WITNESS' NAME (PRINT OR TYPE) | TITLE | WITNESS' SIGNATURE | DATE |
| | | | |
| REQUEST FOR TRANSFER ☐ APPROVED ☐ DISAPPROVED | | SIGNATURE OF CUSTODIAL AUTHORITY FOR THE DIRECTOR OF CORRECTIONS | DATE |

COPY - INMATE
COPY - CENTRAL FILE

- If multiple detainers are on file, and one is based upon a judgment and sentence to a prison term, the initial offer of custody shall be to the agency holding the prison term detainer.
- The USINS will not assume custody of inmates for deportation proceedings unless the inmate has completed/taken care of all pending legal issues, including misdemeanor charges, or if other agencies which have placed a detainer have declined to take custody.
  - When multiple detainers are on file and the inmate is released to one of the detainers, the remaining detainers shall be given to the transporting officers. The other agencies shall be notified of the release and of the agency that assumed custody.

In the case of an inmate's death, the detainer shall be returned to the notifying agency. Subsequently, the HWD coordinator shall delete the inmate's entire HWD computerized history.

**72040.7.1 Notification Letter to Federal Agency**

Case records staff shall send the notification letter to the U.S. Marshal of the district in which the facility is located. The letter shall state which marshal's office filed the detainer, the inmate's current release date, and whether the inmate is eligible for a parole date advancement.

A copy of the letter shall also be mailed to the:

- U.S. Marshal's office that filed the detainer.
- Bureau of Prisons, U.S. Bureau of Prisons Correctional Programs, 1301 Shoreway Road, Fourth Floor, Belmont, CA 94002.

**72040.8 Release to a Detainer**

*Revised February 28, 1995*

An inmate/parole violator may be released directly to the agency lodging the detainer. Pursuant to PC 4755, any inmate who has a detainer lodged against them by law enforcement or other agency may be:

- Released within five calendar days prior to or five calendar days after the scheduled parole release date. If more than 400 miles away, release may be five court days prior or five court days after the scheduled parole release date.
- Released within five calendar days prior to the scheduled discharge date. PC 4755 does not authorize CDC to hold an inmate beyond their discharge date.

This release procedure permits other agencies to pick up departmental inmates and transport them during regular business hours or, in some instances, at a more convenient time. (Exception: See DOM 72040.8.1 for USINS requirements.)

These parolees are entitled to release funds under PC 2713.1. In these cases, P&CSD staff shall delay in requesting release funds from the facility of release either until after the parolee is released from local custody or until the release date from local custody has been determined. Cash assistance or vouchers shall be provided pending receipt of release funds.

**72040.8.1 USINS**

The USINS regulations prohibit retention beyond 48 hours after the scheduled parole release date.

Parolees released to USINS are not entitled to release funds under PC 2713.1. However, they shall be provided cash assistance in a like amount by parole staff in the event they are released pending or following deportation hearings.

**72040.8.2 Release to Another State by Violation of Parole**

PC 11177 provides that a parolee from another state may be returned to the state of original conviction for violation of parole if the parolee is residing in California pursuant to the provisions of the interstate parole compact.

An inmate being discharged or paroled may be released directly to an agent of another paroling agency only if:

- The detainer is for violation of parole.
- The inmate was legally residing in California and under supervision of the P&CSD, Interstate Unit, at the time of their incarceration on the California term.

Prior to releasing any inmate to an agent of another state, case records shall confirm that both of the above conditions exist by writing to the compact administrator of the other state.

When an inmate is to be released to an agent of another state, case records staff shall arrange for the inmate's release at a time convenient to the transporting officers within normal business hours.

**72040.8.3 Release to Subsequent Prison Commitments**

*Revised October 2, 1992*

An inmate may be released on parole directly to the agent of another jurisdiction when the detainer is based upon a conviction and sentence only if:

- The commitment in the receiving state is subsequent to the California commitment.
- The inmate had initially demanded trial in the receiving state in accordance with the provisions of the IAD or waived their rights before the court by signing CDC Form 1688A, Form V-A.
  - A copy of the inmate's request (Agreement on Detainers, Form II) or inmate's waiver (Agreement on Detainers, Form V-A) is in the inmate's C-File.

If, however, the inmate's initial release to the receiving state was under Article IV of the Agreement on Detainers (the prosecutor requested temporary custody and the inmate did not sign the Form II of the Agreement on Detainers), the executive authority of the receiving state shall forward a requisition to the Governor's office to initiate formal extradition procedures and an extradition hearing shall be held.

**Case Records Staff**

When an inmate is to be released to an agent of another state, case records staff shall arrange for release of the inmate at a time convenient to the transporting officers within normal business hours.

**72040.8.4 Extradition**

See DOM 72050 of this manual for information.

**72040.9 Deletion of HWD Computerized History**

The HWD coordinator shall ensure that an inmate's entire HWD computerized history is deleted whenever they are paroled/discharged to hold.

When the records office receives notification that a detainer previously placed on an inmate has been dropped or expired, the HWD computerized history for that detainer shall be deleted.

**72040.10 Concurrent Jurisdiction Transfer**

In re Stoliker (1957) 49 Cal. 2nd 75 requires that the Department make an inmate available to the U.S. Attorney General or their authorized representative for concurrent service of a previously imposed federal term.

While the decision referred specifically to federal terms, subsequent interpretation by the courts has applied the decision to states as well. A superior court order and Attorney General's Opinion applies In re Stoliker to any concurrent case regardless of which term was first imposed.

In re Stoliker does not apply to California sentences ordered to run consecutively with other jurisdiction sentences.

**72040.10.1 Processing of Requests**

*Revised October 2, 1992*

Inmates with detainers for unexpired sentences from other jurisdictions may submit a written request to the Director for transfer to the other jurisdiction for service of their sentence concurrent with the California sentence. The request shall be submitted to the facility CCRM for processing.

**Case Records Manager**

The CCRM shall process the inmate's request on a CDC Form 1168, Nature of Transfer Availability--In re Stoliker to officials of the other jurisdiction to determine if that jurisdiction agrees to assume custody of the inmate.

Information on referrals shall be sent to the correctional agency or department of the state placing the detainer or the U.S. Bureau of Prisons (see DOM 72040.7.1) and shall include:

- The California offense.
- The California sentence.
- The anticipated California release date.
- A copy of the most recent progress report.
- A copy of the detainer and accompanying documents.

**Agency Declines Custody**

If the other agency declines to take custody after notification of availability of the inmate, case records staff shall notify the inmate.

**Transfer of Records**

Upon transfer of an inmate to another jurisdiction, the case records staff shall place a CDC Form 801, Notice of Detainer, with a certified copy of the commitment papers and transfer all records to Region I, Attention:

continued Section F.

The information contained in the form is not true and therefor it must be changed to be accurate, in order for me to waive any rights.

I dont understand why you can't call the marshal service and return me back to custody (Federal) in accordance with the Courts Orders, and file your detainer's in accordance with law. I did not sign a waiver to get to State Custody the Fed. said come get him if you want to process him and you (C.D.C.) did.

I am not saying I must be discharged from my State Sentence, or "be given a release date on my (~~St~~ alleged) life term". Those actions are NOT what Im requesting in this appeal.

Simply, return me to Fed custody in accordance with the Plea Agreement and Court Order. (exhibits A

State of California | Department of Corrections and Rehabilitation

# Memorandum

Date: April 4, 2008

To: M. Walters, E-86183 1/6T/206L
California State Prison-Solano

Subject: SECOND LEVEL APPEAL RESPONSE
LOG NO.: CSP-S-08-00390

ISSUE:

It is your position that you should be transferred to Federal custody to serve your State Prison and Federal terms. You state per plea agreement and order by California Superior Court Judge you are to serve your sentence in Federal custody. You also state you do not have a Life Sentence.

INTERVIEWED BY: M. Sweigert, Correctional Case Records Manager, First Level of review.

DEPARTMENTAL POLICIES AND PROCEDURES: The procedures governing this issue are:

**Department Operations Manual (DOM) Section 72040.10. Concurrent Jurisdiction Transfer**

In re Stoliker (1957) 49 Cal. 2nd 75 requires that the Department make an inmate available to the U.S. Attorney General or their authorized representative for concurrent service of a previously imposed federal term.

**DOM Section 72040.10.1 Processing of Requests**

Inmates with detainers for unexpired sentences from other jurisdictions may submit a written request to the Director for transfer to the other jurisdiction for service of their sentence concurrent with the California sentence. The request shall be submitted to the facility CCRM for processing.

**Agency Declines Custody**

If the other agency declines to take custody after notification of availability of the inmate, case records staff shall notify the inmate.

DISCUSSION:

On February 29, 2008, your appeal was partially granted at the First Level. You were informed of the proper procedures to request to be transferred to Federal custody per In re Stoliker and given the appropriate forms, but you refused to follow procedure.

On March 11, 2008, you indicated dissatisfaction with the First Level response and requested to be transferred to Federal custody.

WALTERS, M. E86183
CASE NO. CSP-S-08-00390
PAGE 2

DECISION: The appeal is **denied.**

Your request to be transferred to Federal custody is denied. You must complete CDC Form 1168, Notice of Transfer Availability – In re Stoliker, to be considered for transfer. According to the Minute Order form San Diego County Superior Court, you were sentenced to 25 years to Life for the offense of Murder, 1st Degree. The Second Level concurs with the First Level decision in that you must complete CDC Form 1168 Notice of Transfer Availability - In re Stoliker.

You are advised that this issue may be submitted for a Director's Level of Review.

D. K. SISTO
Warden
California State Prison-Solano

Exhibit E

~~HAS not been returned yet.~~ Received after stapled

Sorry, no time.

Exhibit F

Prayer for Relief:

1. Issue the writ.

2. order respondents to adhere to the statute, and schedule petitioner for another parole consideration hearing.

3. order respondents to free petitioner because they do not have legitimate Jurisdiction over petitioner.

4.

RECEIVED
OCT 25 2007
By ____

Central office calander coordinator: 9-3-07

Hello, My Name is Martin E. Walters, E-86183, I AM an inmote currently housed at ~~Dz~~ Solano State Prison P.O. Box 4000, Vacaville CA. 95696. Cal. case # 103749

The reason I AM writing to you today is to inquire into the scheduleing of a Multijurisdiction Prisoner Initial parole hearing (CCR title 15 § 2370 that I AM supposed to receive.

I AM a little confused as to the procedure in scheduling such a hearing for persons confined in or out side California.

My question is when will I be scheduled for This particular hearing? I AM a multijurisdiction prisoner per C.C.R. title 15 § 2000 (68) "Federal concurrent" in case # 88-0769-G - criminal, and I have not received either notice for such a hearing, Nor was one conducted in accordance with clearly established departmental regulations / policy, Nor did I receive an appropriate decision, should the records indicate that I receive a parole consideration hearing.

I had a right to the appropriate hearing and a appropriate decision (CCR title 15 § 2370 (d)) as well as notice, and a panel that was informed of its particular duties for this particular prisoner

My Next question is was the panel aware of its Duty, or did they knowingly use subterfuge, or was a mistake made or are these two different hearings as I was lead to believe?

I do not believe the panel would deliberately circumvent the rules and regulations, Nor do I believe this office would deliberately schedule a hearing that does not comply with its duty ~~to~~ unbiasily enforce the law ("Bad faith.")

Thus, I must believe a seperate hearing is forth comming or a rehearing should be conducted before irreparible injury [redacted] results from this offices, [redacted] deliberate indifference.

Such injury has not occured and could easily be remedied. So, I [redacted] Humbley request you to please be honest and please assist me with a prompt response as to when I can receive the appropriate Multijurisdiction prisoner Initial parole hearing, and if I receive a different notice for such a hearing (Maybe different B.P.H. Forms?) or at the very least a decision that complies with the regulation § 2370 (d)(1) or (d)(2), if you are claiming that I in fact did receive a Multi Jurisdictional hearing already, and the panel made the decision on their own that did not comply with the Law, or my only remedy is the courts, I would like to know, why or where the malfunction probably occured and why it was not caught on review? I Ask this because if you would please put yourself (compassion) in my position that you would be in prison for a [redacted] year or two longer than (was legal) the law required you would Need help too.

We all MAKE MistAKes, oversights, we should not let people Needlessly suffer longer than required. I dont know enough about procedure, I only know Im going to be over incarcerated in less than 1 year! Based upon a procedureal Issue.

(2)

I would appreciate your input and help so that together we can fix the procedure so no one else suffers, and of course myself too IF Assuming the hearing I had is the only hearing and I did not waive my rights or informed of my rights as a multi Jurisdiction Prisoner.

I Thank you for your time and Response in Advance.

Sincerely yours

Martin Walters

MARTIN Walters

E-86183

C.S.P. - SOL.

P.O. Box 4000

Vacaville CA. 95696

RECEIVED OCT 19 2007 By

RECEIVED OCT 19 2007 By

TO executive officer: 10-3-07

Hello, My NAME is Martin Walters E-86183, I AM an I/M Housed at C.S.P.-Solano. I am writing to you today in order to submit information that would have substantially affected the decision of My Initial parole consideration hearing pursuant to C.C.R. title 15 § 2028 (b).

First of all petitioner is a multijurisdictional prisoner as defined per CCR title 15 § 2000 (~~68~~ 79) "FEDERAL Concurrent" (please See People Vs. Martin Walters case # 103749, plea Agreement, 5-9-90, and Minute orders 1-10-91 at Sentencing, & FEDERAL CASE # 88-0769-G-criminal.)

ON 2-24-05, at Pleasant Valley State Prison, ~~R~~ I was supposed to receive a "multijurisdiction prisoner" hearing and Notice for My Initial Parole Hearing per C.C.R. title 15 §§ 2368, 2370. However I did not receive notice of rights of a multijurisdiction prison initial parole hearing ~~and~~ as clearly established ~~po~~ Rules and Regulations Mandate, nor a "Decision" that complies with the Applicable Regulation per title 15 § 2370 (d), (d)(1) or (d)(2). I do not know how the scheduling and notice was supposed to occur, I do know that when I pleaded guilty this regulation was part of the inform-ation I relied upon when agreeing to plead guilty, because the prosecutor said I would receive a

Proposed decision contained therein §2370(d).

Petitioner was denied parole and defered for 5 years resulting in (2) two seperate Violations. One My plea, and two the decision was either illegal because the Board did not have legal authority to Make the decision; the decision Violated the Boards rules; or the decision was based on incomplete information. In any case had petitioner received a sincere review, or the Appeals regulations were still intact, the decision (proposed) would have been Vacated as inappropriate, and had I received correct Notice, I would have informed the panal.

I submitted an appeal at P.V.S.P. with No response and I Never received a final decision from review.

I would like to Amend the record, to assert My rights and to declare the decision was in Violation of rules, and regulations and My plea Agreement and request to Vacate the proposed decision and request the appropriate decision. I also desire to be returned to Federal Prison to fulfill a provison of My plea agreement.

Based upon the aforementioned Facts, I would appreciate your timely response, a rehearing, and/or Amendment to the record, persuant to C.C.R. title 15 § 2086.

If you need a detailed explanation of whats erroneous and what I would submit as correct, please contact Me and I will comply. So far I have received No courtious response yet. Thank you in advance.

Martin Walters E86183

CC: File

C.S.P. - Solano 6-206
Po Box 4000
Vacaville CA. 95696

-cutive officer: 9-3-07

Dir sir or Madam, My Name is Martin Edward Walters I Am an I/M housed at Solano - STATE Prison, under C.D.C.R. # E-86183.

I'M writing to you today because I attended a Parole Consideration Hearing on 2-24-05, and was told that I would be notified of the final decission within 90-120 days.

Presumably the decission to deny parole was affirmed, despite due process violations, that I believe would have rendered a differnt decission.

My hope is to be provided with a receipt of the confirmed final decission, in hopes that I may appeal to the Board's Appeals Unit; Classification Staff Representative of the Interstate Unit or provide the court with a factual determination or review if the Board does not have any appeals available for a multijurisdictional prisoner left. Do you have an appeal process for multijurisdictional prisoners?

I would appreciate any assistance (or information) in obtaining the receipt of the final decission made in my case.

Thank you

RECEIVED
OCT 23 2007
BOARD OF PAROLE HEARINGS
QUALITY CONTROL UNIT

RECEIVED
OCT 29 2007
By________

Sincerely

[signature]

Martin Walters

C.S.P.-SOL. 6-206L.

P.O. Box 4000

Southern District Court, San Diego
ED. Case United States of America Vs Martin Edward Walters #88-0769-G.C

*1. Amendment filed 10-27-77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).*
*2. Amendment of subsection (b) filed 7-14-78 as an emergency; effective upon filing (Register 78, No. 28).*
*3. Certificate of Compliance filed 10-27-78 (Register 78, No. 43).*

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2368, s 2368. Prehearing Procedures.

***764 15 CCR s 2368**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**
**TITLE 15. CRIME PREVENTION AND CORRECTIONS**
**DIVISION 2. BOARD OF PRISON TERMS**
**CHAPTER 3. PAROLE RELEASE**
**ARTICLE 10. MULTIJURISDICTION REGULATIONS**

*This database is current through 03/16/07, Register 2007, No. 11*

**s 2368. Prehearing Procedures.**

Upon notification that the board at the central office calendar has ordered a hearing for a multijurisdiction prisoner or parolee, the central office hearing coordinator shall assure that the officials of the other jurisdiction have done the following:

(a) Scheduled the hearing.

(b) Met time limits.

(c) Advised the prisoner or parolee of his rights.

(d) Screened the prisoner's or parolee's requests for witnesses, if applicable.

(e) Notified any necessary witnesses of the date, time and place of the hearing, if applicable.

(f) Disclosed all documentary and physical evidence unless designated confidential under Section 2235.

(g) Decided requests for continuances under Section 2253.

(h) Arranged necessary attorney representation, if applicable.

(i) Otherwise prepared the case for a hearing.

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2369, s 2369. Documentation Hearing.

***765 15 CCR s 2369**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**
**TITLE 15. CRIME PREVENTION AND CORRECTIONS**
**DIVISION 2. BOARD OF PRISON TERMS**
**CHAPTER 3. PAROLE RELEASE**
**ARTICLE 10. MULTIJURISDICTION REGULATIONS**

*This database is current through 03/16/07, Register 2007, No. 11*

**s 2369. Documentation Hearing.**

At this hearing, the panel shall review the prisoner's activities and conduct considering the criteria in ss 2290 and 2410 and document activities and conduct pertinent to granting and withholding postconviction credit. This hearing shall be conducted by a one person panel and the panel member shall be a commissioner or deputy commissioner. The hearing shall be scheduled pursuant to s 2269.1. For multijurisdiction prisoners located outside California, the hearing may be conducted over the telephone or by videoconferencing.

*Note: Authority cited: Section 5076.2, Penal Code. Reference: Section 1389.7, 3041, 3041.5, 11190 and 11193, Penal Code.*

*HISTORY*

*1. Amendment of section heading, repealer and new section and newNote filed 6-17-2003; operative 7-17-2003 (Register 2003, No. 25).*

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2370, s 2370. Initial Parole Hearing: Prisoner Rights.

***766 15 CCR s 2370**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**
**TITLE 15. CRIME PREVENTION AND CORRECTIONS**
**DIVISION 2. BOARD OF PRISON TERMS**
**CHAPTER 3. PAROLE RELEASE**
**ARTICLE 10. MULTIJURISDICTION REGULATIONS**

*This database is current through 03/16/07, Register 2007, No. 11*

**s 2370. Initial Parole Hearing: Prisoner Rights.**

(a) Multijurisdiction Prisoners Located in California. At the hearing specified in Section 2268 all multijurisdiction prisoners located in California, shall have the rights specified in Sections 2245-2255.

(b) Multijurisdiction Prisoners Located Outside California. At the hearing specified in Section 2268, all multijurisdiction prisoners located outside California shall have the rights specified in Section 2367. The hearing shall be a telephone hearing.

(c) Record. The record of the hearing shall be a verbatim transcript.

(d) Decision. In making a decision concerning parole for multijurisdiction prisoners the hearing panel shall make one of the following decisions considering the factors enumerated:

(1) To discharge the California sentence at the minimum eligible parole date and waive parole when the crime for which the prisoner has been committed to the other jurisdiction is more serious than the California crime or when the prisoner has stronger family, social or economic ties to the other jurisdiction than he does to California.

(2) To set the California term as provided in this Chapter if the prisoner would serve substantially more time for the California crimes than for the crimes committed in the other jurisdiction, the prisoner has stronger social, family or economic ties to California or the panel determines that discharge would be inappropriate.

*Note: Authority cited: Section 5076.2, Penal Code. Reference: Sections 1170.2, 3041, 3041.5 and 3041.7, Penal Code.*

*HISTORY*

*1. Amendment of section title filed 10-27-77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).*
*2. New subsection (d) filed 4-4-78; effective thirtieth day thereafter (Register 78, No. 14).*
**767 3. Amendment of subsection (d)(2) filed 8-12-82; effective thirtieth day thereafter (Register 82, No. 33)*

*frog 03/16/07, Register 2007, No. 11*

© 2007 Thomson/West. No claim to original U.S. Govt. works.

15 CCR s 2371, s 2371. Progress Hearing: Prisoner Rights.

***768 15 CCR s 2371**

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**
**TITLE 15. CRIME PREVENTION AND CORRECTIONS**
**DIVISION 2. BOARD OF PRISON TERMS**
**CHAPTER 3. PAROLE RELEASE**

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**
**P.O. BOX 4036**
**SACRAMENTO, CA 95812-4036**

October 29, 2007

Martin Walters E-86183
California State Prison, Solano
2100 Peabody Road
P.O. Box 4000
Vacaville, CA 95687

Dear Mr. Walters:

This is in response to your three letters dated September 3, 2007 (2 letters), and October 3, 2007, requesting information from the Board of Parole Hearings (Board) regarding the following:

- Prehearing Procedures (multijurisdiction prisoner)
- Return to Federal Prison
- Transcript (not received)
- CDC 602 appeal (no response)

The Board's records reflect your February 24, 2005, initial parole consideration hearing was denied for five years. Your next parole consideration hearing is due February 2010.

If you did not receive a prehearing for a multijurisdiction prisoner, you were allowed to address this concern at your February 24, 2005, parole hearing. Per the Board's review of your parole hearing transcript, you did not address this issue to the panel. Per your transcript (page 12, lines 22-27) the panel addressed your rights regarding preparing for your hearing. If you still have concerns regarding your rights to this matter, you may go directly to the courts per California Department of Corrections and Rehabilitation (CDCR), 15 CCR § 3160, Inmate Access to the Courts. Forms are available at the institution's law library. You can also meet with your counselor regarding this issue.

The Board has no jurisdiction in the transfers or placement of inmates. The CDCR classification process determines the appropriate eligibility of an inmate for transferring to another facility. You may submit an administrative appeal to the issue of transferring to another prison. CDCR will address your appeal.

MARTIN WALTER
October 30, 2007
PAGE 2

The Board's records reflect two copies (Record's Copy & Inmate's Copy) of your parole hearings transcript was mailed to CTF on March 28, 2005. You can request a copy through the institution's Records Office.

Effective May 1, 2004, the Board of Parole Hearings Appeals section (15 CCR § 2050-2056) was repealed by Administrative Directive No. 04/01. The Board of Prison Terms (now the Board of Parole Hearings) no longer has an Appeals Unit; therefore, the decisions or actions regarding the issues listed below **cannot be appealed** and will no longer be addressed by the Board, regardless of whether the issues are written on a BPT 1040, a CDC 602, or in letter format:

- Due process (including hearing scheduling/postponements)
- Hearing panel issues
- Mitigating factors of parole suitability
- CDCR clerical errors regarding date/time/credit calculations
- CDCR staff related issues (prison transfers, programming)
- Parole consideration (grant/denial of parole)
- Psychological/psychiatric evaluations, Board reports
- Court issues (recall of sentence)
- Attorney representation

<u>You may go directly to the courts</u> per California Department of Corrections, 15 CCR § 3160, Inmate Access to the Courts. Forms are available at the institution's law library.

Issues concerning clerical errors on the BPT 1001 Life Prisoner Decision Face Sheet form related to Board decisions, and other rules of law, can be reviewed by the Board. You can submit these concerns via correspondence to the Board of Parole Hearings, P.O. Box 4036, Sacramento, California, 95812-4036.

These issues will not be responded to in future correspondence.

Sincerely,

S. LaBare

S. LABARE
Staff Services Manager I

tg

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. ______ 2. ______

Log No. 1. ______ 2. ______

Category: 6 Records

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Emergency Appeal

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Walters, Martin | E-86183 | N/A | 6-206 L |

**A. Describe Problem:** I AM a multijurisdiction Prisoner per title 15 § 2000(70) "Federal concurrent". I recently discovered that as a multijurisdiction prisoner "Department" (C.D.C.R.) Staff are supposed to Schedule me for a multijurisdiction prisoner Documentation Hearing and Initial Parole Hearing per title 15 §§ 2369 and 2370. I recently discovered that C.D.C.R. staff has been Scheduling me for the wrong hearings that resulted in adverse and inappropriate decisions. from B.P.H. staff. My State Sentence is ordered to be run concurrent to My federal sentence that should expire by march 2008. I will suffer overincar

If you need more space, attach one additional sheet. ceration due to this error.

**B. Action Requested:** (1) Department staff Schedule me for the appropriate Multijurisdiction Prison Initial Parole hearing per title 15 § 2370.

Inmate/Parolee Signature: [signature] Date Submitted: 12-7-07

**C. INFORMAL LEVEL** (Date Received: ______)

Staff Response: ______

Staff Signature: ______ Date Returned to Inmate: ______

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

RECEIVED

DEC 17 2007

CSP/SOLANO
APPEALS OFFICE

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

#5 121707 SC
#1 BPT 7-08 LP

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*January 9, 2008*

***WALTERS, E86183***
*S106T2000000206L*

Log Number: CSP-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***The action you are seeking is under the jurisdiction of the Board of Prison ~~Terms~~ Hearings. Please contact your counselor, the C&PR at the institution or your Parole Agent regarding the correct form and address.***

***PLEASE SEE ATTACHED MEMO REGARDING BPH HEARINGS.***

Appeals Coordinator
CSP-Solano

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

ARNOLD SCHWARZENEGGER, GOVERNOR

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAROLE HEARINGS

036

to, CA 95812-4036

[redacted]

[redacted]

FORWARD TO INMATE/PAROLEE

[redacted]

The Board of Parole Hearings does not have jurisdiction in changing the psychologist evaluation report.

Effective May 1, 2004, the Board of Prison Terms Appeals section (15 CCR § 2050-2056) was repealed by Administrative Directive No. 04/01. The Board of Prison Terms (now the Board of Parole Hearings) no longer has an Appeals Unit; therefore, the decisions or actions regarding the issues listed below **cannot be appealed** and will no longer be addressed by the Board, regardless of whether the issues are written on a BPT 1040, a CDC 602, or in letter format:

- Due process (including hearing scheduling/postponements)
- Hearing panel issues
- Mitigating factors of parole suitability
- CDCR clerical errors regarding date/time/credit calculations
- CDCR staff related issues (prison transfers, programming)
- Parole consideration (grant/denial of parole)
- **Psychological/psychiatric evaluations, Board reports**
- Court issues (recall of sentence)
- Attorney representation

You may go directly to the courts per California Department of Corrections, 15 CCR § 3160, Inmate Access to the Courts. Forms are available at the institution's law library. Issues concerning clerical errors on the BPT 1001 Life Prisoner Decision Face Sheet form related to Board decisions, and other rules of law, can be reviewed by the Board. You can submit these concerns via correspondence to the Board of Parole Hearings, Quality Control Unit, P.O. Box 4036, Sacramento, California, 95812-4036.

Sincerely,

Winnie Nhan
Quality Control Unit

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 1-4-07 | Appeals Coordinator Cervantes | Walters, Martin | E86193 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| 6 206 | 2 | — | FROM — TO — |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| — | FROM — TO — |

RECEIVED
JAN 08 2008
APPEALS OFFICE

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

~~About on~~
Sir, I recently returned/filed a 602, attaching documents as you directed in support of my appeal, regarding my multijurisdiction prisoner status, and the scheduling of m.y. hearing, error.

I'm writing today to see what the status of my appeal because I have yet to receive a notice or who is it directed to (see other side)

Do NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY | DATE |
|---|---|
| | |

DISPOSITION See attached

i.e. ~~Records~~ Records, Lifer desk, CC III, interstate Liason? if I could learn the procedure I could direct my inquirery to them.

I thank you in Advance for your expeditious response

Sincerely,
Martin Walters
E.86183 6-206L

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
| --- | --- | --- | --- |
| 9-3-07 | Appeal Coordinator - Mr. Cervantes | Walters, M | E-86183 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
| --- | --- | --- | --- |
| 6-206 | 2 | N/A | FROM — TO — |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
| --- | --- |
| | FROM — TO — |

OCT 09 2007

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Hello, I'm in Need of your assistance, I was denied parole on 2-24-08, Prior to the Affirmation or review period was complete, I was transfered here and never received a copy of the "review decision". I Know I would have received a rehearing ordered because the decision rendered was not permitted, and because the central office a scheduled me (over)

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY

DATE 10-9-07

If you were denied Parole you must write letter to BPH. There is no BPT

DISPOSITION

anymore and no BPT-1040 Appeals Forms. At this time you can either write to BPH or proceed to file court action.

Memos regarding this issue are in your Law Library.

[signature], CC II

to a Hearing that was Not for multi-jurisdictional prisoners, Resulting
n Both unfair Notice, and a decision that was impermissible pursuant to
o title 15 ~~3~~ Regulations. My question is CAN I Appeal this decision
without the obviously needed "Final dispo." Based upon the 120 day time
Period to ~~Answer~~ provide me with a copy? Does your office even process
ppeals? Who and or How do I Assert my rights and reQuest a rehearing
o? (before irreparable injury occurs, overincarceration)

I dont know procedure and or who has Jurisdiction and the whole C.D.C. to C.D.C.R. / B.P.T. to B.P.H. and the 100K New Regulations and laws I'm Required to Know. Please HELP! My grievence is NOT A.D.A. Issue. Do I see P and C.S.D. or C.S.R. Interstate Unit? I wrote to B.P.H., No Response and No one C.C.I.'s seem to Know either. I can't honestly Allege exhaustion of ~~State~~ Dept. remedies when I can't even discover what they are.

Obviously any help would be greatly Appreciated.

thank you Sincerely

Martin Walton

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 1-7-08 | Building #3 Counselor C.C.I Palmer | Walters, Martin | E-86183 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| 6-206 L | 206L | N/A | FROM — TO — |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| | FROM — TO — |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I recently submitted a 602 regarding a "Multijurisdiction Prisoner Initial Parole hearing", title 15 §§2368-2370, that I was entitled to receive in accordance with Departmental regulations and law, and I did not receive, presumably because I am a rare (if not the only) prisoner with this specific status... OVER

**Do NOT write below this line. If more space is required, write on back.**

| INTERVIEWED BY | DATE |
|---|---|
| | |

DISPOSITION

Palmer

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 1-8-08 | C and PR | Walters, Martin | E-86183 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| 6-206 | C | N/A | FROM — TO — |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| | FROM — TO — |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Hello, I AM a Multijurisdiction Prisoner (title 15 2000 (70).) Fed. Concurrent. I AM (was) supposed to receive a multijurisdiction Documentation, and Multijurisdiction initial Parole Hearings per title 15§2369 and § 2370, ~~be~~ assumedly this would have happend if I were housed in a Federal Prison (What forms were to be Used if I... over

**Do NOT write below this line. If more space is required, write on back.**

INTERVIEWED BY

DATE

DISPOSITION

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 12-11-2007 | Inmate Records Office | Walters, Martin | E 86183 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| 6-206 | L | N/A | FROM – TO – |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| N/A | FROM – TO – |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Hello, AM I a multijurisdiction Prisoner "federal concurrent" by Virtue of criminal Judgement imposed in Fed. Case # 88-0769-G.? I wanted to know if my "legal Status" reflects my status; and to request to go back to Federal prison. How do I do this?

**Do NOT write below this line. If more space is required, write on back.**

| INTERVIEWED BY | DATE |
|---|---|
| | |

DISPOSITION

In Mate Martin Walters statement submitted to B.P.H on 2-7-2008.

1. I am a multijurisdiction Prisoner today on 2- -2008 and on 2-24-2005 at my initial Parole Hearing, Per title 15 § 2000 (70). (i.e. Federal Concurrent etc.)

2. I Assert my Rights as a Multijurisdiction Prisoner at all times, I have not ever waived my rights, never, before, nor after my reception into the Department on 2-21-1991.

3. I am entitled to all the rights; decisions; and Regulations Provided by ~~[illegible]~~ C.C.R. title 15 §§ 2368 et. seq. for Multijurisdiction Prisoner's.

4. the Board has failed to provide me with the decisions and hearings, Due to me, as a Multijurisdiction Prisoner. e.g. title 15 §§2369 or 2370, (d)(1) or (d)(2)

5. I do not assent or give consent to the B.P.H. to misclassify me ~~as~~ my status in order ~~to~~ deprive me of my State created, and Plea Bargained for, multijurisdiction Prisoner Rights and or Hearings

6. I Assert my Due Process Right to obtain the Multijurisdiction Prisoner Initial Parole hearing Per title 15 § 2370 and the dispositive decision, per title 15 § 2370(d)(1) or(d)(2), flowing therefrom, as I am entitled to by Clearly established Departmental or Board, Regulations.

*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

**PUBLIC INQUIRY UNIT**
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
(916) 322-3360
TOLL FREE: (800) 952-5225
TTY: CA Relay Service
(800) 735-2922

March 6, 2008

PIU: 207310

Mr. Martin Walters
E-86183 / 6-206L
P.O. Box 4000
Vacaville, CA 95696

**RE: Request for Assistance**

Dear Mr. Walters:

Thank you for your letter to the Office of the Attorney General regarding your concurrent federal and state criminal case and sentencing.

While we appreciate the time and effort it has taken to contact our office, we are unable to assist you. This office has no authority to provide advice or representation to defendants. In addition, the role of the Attorney General's Office is to represent the State of California in criminal appellate cases and to advocate that convictions be upheld.

Your questions regarding California parole mattesr, should be directed to the Board of Parole Hearings as follows:

Board of Parole Hearings
1515 K Street, Suite 600
Sacramento, CA 95814
Telephone: (916) 445-4072
Internet: http://www.bpt.ca.gov/

Further, because you indicate this is also a federal case, we suggest you contact your federal representatives for assistance, as our office has no authority over federal agencies.

Fiinally, if you wish to pursue this matter, we suggest that you consult with your attorney. Your attorney directly represents your interests and is the one whose advice would be most helpful to you.

Again, thank you for contacting the Office of the Attorney General.

Sincerely,

M. Vega

M. Vega
Public Inquiry Unit

For EDMUND G. BROWN JR.
Attorney General

State of California

# Memorandum

ATTACHMENT ONE

Date : January 6, 2005

To : Inmates Using Level III Law Library

From : California State Prison—Solano, Vacaville 95696-4000

Subject: Irregular Access

This memo is to memorialize the fact that there have been significant interruptions in inmate access to the Level III law library recently, so that legal work that needs to be completed for a specific filing date may be delayed. The interruptions have been from various causes: primarily lack of movement due to persistent fog, but also for emergency counts, staff meetings, and custody coverage scheduling irregularities. Such causes may well continue in the near term, so that you are advised to notify your respective courts and seek additional filing time as needed.

Timothy S. Crawford

Timothy Crawford
Librarian
Level III Law Library
CSP-Solano

State of California

# MEMORANDUM

ATTACHMENT TWO

Date : February 5, 2005

To : ALL STAFF AND INMATES
CSP-Solano

From : H. Kosher, Senior Librarian Level II
California State Prison-Solano - Library Complex A

Subject: TEMPORARY LIBRARY SCHEDULE CHANGE

Due to a vacant Librarian position and the inability of academic instructors to substitute, the Senior Librarian will be splitting her time between the Level II and Level III Libraries. In order to maintain the operation of both Libraries, the following temporary schedule changes will be in effect <u>until further notice</u>.

- The <u>**Level II Library**</u> will be open on the following days:

| | |
|---|---|
| Tuesdays | 1315 - 1700 hours & 1830 - 2030 hours |
| Wednesdays | 0715 - 1100 hours & 1130 - 1345 hours |
| Saturdays | 0715 - 1030 hours |

- The <u>**Level III Library**</u> will be open on the following days:

| | |
|---|---|
| Thursdays | 1315 - 1700 hours & 1830 - 2030 hours |
| Fridays | 0715 - 1100 hours & 1130 - 1345 hours |
| Saturdays | 1130 - 1345 hours |

- The **Book Carts** on both Level II and Level III will be operating on the <u>normal library schedule</u>.

- **Photocopies** will only be made when the Librarian is present for authorization. However, inmates ***may*** leave their copy jobs with the inmate clerks during the days the library is closed. The documents will then be secured and prioritized for copying during the next day that the Librarian is present. It will be the inmate's responsibility to pick-up and sign for their copies at that time.

- Forms will be distributed by the inmate clerks as needed. Form requests may be made by completing a Request For Interview form and delivering it directly to the library clerks. Requests made by institutional mail will be answered, but are subject to delays.

- *This schedule is subject to change without notice.*

We realize that this situation will be inconvenient for both inmates and staff. Every reasonable effort will be made to accommodate the needs of the inmate population. Your patience and cooperation is appreciated.

H. Kosher
Senior Librarian
Level II Complex "A"
Extension 5315

# LEVEL III LIBRARY YARD ACCESS SCHEDULE

Access to the Law Library is restricted to inmates from a single yard, only, on any given day. The calendar below indicates which yard has access on each day of the month. (PLU's only, will be admitted at 0730/1800; GLU's will be admitted when the yard opens).

## December 2007

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| 25<br>Closed | 26<br>Closed | 27 Yard 2<br>Morning<br>0730-1100<br>1130-1400 | 28 Yard 1<br>Morning<br>0730-1100<br>1130-1400 | 29 Yard 2<br>1330-1630<br>1800-2030<br>Evening | 30 Yard 1<br>1330-1630<br>1800-2030<br>Evening | 1 Yard 2<br>1330-1630<br>1800-2030<br>Evening |
| 2<br>Closed | 3<br>Closed | 4 Yard 1<br>Morning<br>0730-1100<br>1130-1400 | 5 Yard 2<br>Morning<br>0730-1100<br>1130-1400 | 6 Yard 1<br>1330-1630<br>1800-2030<br>Evening | 7 Yard 2<br>1330-1630<br>1800-2030<br>Evening | 8 Yard 1<br>1330-1630<br>1800-2030<br>Evening |
| 9<br>Closed | 10<br>Closed | 11 Yard 2<br>Morning<br>0730-1100<br>1131400 | 12 Yard 1<br>Morning<br>0730-1100<br>1130-1400 | 13 Yard 2<br>1330-1630<br>1800-2030<br>Evening | 14 Yard 1<br>1330-1630<br>1800-2030<br>Evening | 15 Yard 2<br>1330-1630<br>1800-2030<br>Evening |
| 16<br>Closed | 17<br>Closed | 18 Yard 1<br>Morning<br>0730-1100<br>1130-1400 | 19 Yard 2<br>Morning<br>0730-1100<br>1130-1400 | 20 Yard 1<br>1330-1630<br>1800-2030<br>Evening | 21 Yard 2<br>1330-1630<br>1800-2030<br>Evening | 22 Yard 1<br>1330-1630<br>1800-2030<br>Evening |
| 23<br>Closed | 24<br>Closed | 25<br>Christmas Holiday | 26 Yard 1<br>Morning<br>0730-1100<br>1130-1400 | 27 Yard 2<br>1330-1630<br>1800-2030<br>Evening | 28 Yard 1<br>1330-1630<br>1800-2030<br>Evening | 29 Yard 2<br>1330-1630 –<br>1800-2030 –<br>Evening |
| 30<br>Closed | 31<br>Closed | 1<br>Happy New Year! | 2 Yard 2<br>Morning<br>0730-1100<br>1130-1400 | 3 Yard 1<br>1330-1630<br>1800-2030<br>Evening | 4 Yard 2<br>1330-1630<br>1800-2030<br>Evening | 5 Yard 1<br>1330-1630<br>1800-2030<br>Evening |

Here is the Admin. guide to Meaning full program / law library access.

Petitioner lives in 6 building, (Top tier) and is A2 "B privilege". (Thus no Yard at night, weekends, or Holidays; And does not include staff Shortages, training, lock downs, Yard searches or miscellaneous incidents or searches that also deprive Petitioner access to Programs.

* At Best, Yard - on the 11 days; 5 morning - 6 afternoon (see highlight)

* Access to law library (which is every other day, see library Schedule, and does not include Mondays, staff shortages, inventory, Broken copy machine, unavailable space, ducats, classification, Medical, B.P.H., 602 hearings, Canteen, Lock downs etc.)

* At Best, Assuming Petitioner got library access on thursday Afternoon on Yard 1, and every Yard day that it was open, would be the 3rd., 11th, and 31st. (3 days a month)

Does this look like meaningful access to you?

Now lets calculate timeliness and factor in all the State Created impediments

(I suppose its a good thing We were locked down for Virtually all of January anyway (except 2-6).)

January 2008

# Facility I Yard Schedule

(subject to change without notice)

- AM yard: 0830 - 1145 hours    Afternoon yard: 1215 - 1600 hours
- Monday through Friday, on odd number days Bldgs. 1, 3, & 5 have yard program. Bldgs. 2, 4, & 6 have dayroom program.
- Monday through Friday, on even numbered days Bldgs. 2, 4, & 6 have yard program. Bldgs. 1, 3, & 5 have dayroom program.
- For the buildings assigned to the yard program, one tier will have dayroom the other tier will have yard. Yard unlock will occur first. Once all authorized inmates are released to the yard, secure doors and conduct a dayroom unlock for authorized inmates per this schedule.
- For the buildings assigned to the dayroom program, one tier will have dayroom the other tier will remain in their cell. Monday through Friday, for the tier that's assigned to their cell, the inmates who are A1A on their RDO's will have access to the yard only.
- The tiers will switch, from what is scheduled, for afternoon program. Inmates do not have a choice of dayroom or yard. If an inmate does not want to program with assigned tier then he will remain in his cell.
- Monday-Sunday: Yard closes for count 1145-1215.
- Weekend, Holiday yard: *A1/A Red Card Assigned Inmates ONLY! With assigned tier. One tier yard, one tier dayroom*

X represents law library open for Yard I. (at best) does not apply to both tiers

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
| | | 1 NO A2B's<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier<br>dayroom | 2<br>Bldgs. 2,4,6<br>AM 1st tier yard<br>Bldgs 1,3,5<br>AM 1ST tier<br>dayroom | 3<br>Bldgs. 1,3,5<br>AM 2nd tier yard<br>Bldgs. 2,4,6<br>AM 2nd tier<br>dayroom X | 4<br>Bldgs. 2,4,6<br>AM 2nd tier yard<br>Bldgs. 1,3,5<br>AM 2nd tier<br>dayroom | 5 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier<br>dayroom X |
| 6 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier<br>dayroom | 7<br>Bldgs. 1,3,5<br>AM 2nd tier yard<br>Bldgs.<br>AM 2nd tier 2,4,6<br>dayroom | 8<br>Bldgs. 2,4,6<br>AM 2nd tier yard<br>Bldgs. 1,3,5<br>AM 2nd tier<br>dayroom | 9<br>Bldgs. 1,3,5<br>AM 1st tier yard<br>Bldgs. 2,4,6<br>AM 1ST tier<br>X dayroom | 10<br>Bldgs. 2,4,6<br>AM 1st tier yard<br>Bldgs. 1,3,5<br>AM 1ST tier<br>dayroom | 11<br>Bldgs. 1,3,5<br>AM 2nd tier yard<br>Bldgs. 2,4,6<br>AM 2nd tier<br>X dayroom | 12 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier<br>dayroom |
| 13 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier<br>dayroom | 14<br>Bldgs. 2,4,6<br>AM 1st tier yard<br>Bldgs. 1,3,5<br>AM 1ST tier<br>dayroom | 15<br>Bldgs. 1,3,5<br>AM 2nd tier yard<br>Bldgs. 2,4,6<br>AM 2nd tier<br>X dayroom | 16<br>Bldgs. 2,4,6<br>AM 2nd tier yard<br>Bldgs. 1,3,5<br>AM 2nd tier<br>X dayroom | 17<br>Bldgs. 1,3,5<br>AM 1st tier yard<br>Bldgs. 2,4,6<br>AM 1ST tier<br>X dayroom | 18<br>Bldgs. 2,4,6<br>AM 1st tier yard<br>Bldgs. 1,3,5<br>AM 1ST tier<br>X dayroom | 19 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier<br>X dayroom |
| 20 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier<br>dayroom | 21 NO A2B's<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier<br>dayroom | 22<br>Bldgs. 2,4,6<br>AM 1st tier yard<br>Bldgs. 1,3,5<br>AM 1ST tier<br>dayroom | 23<br>Bldgs. 1,3,5<br>AM 2nd tier yard<br>Bldgs. 2,4,6<br>AM 2nd tier<br>X dayroom | 24<br>Bldgs. 2,4,6<br>AM 2nd tier yard<br>Bldgs. 1,3,5<br>AM 2nd tier<br>dayroom | 25<br>Bldgs. 1,3,5<br>AM 1st tier yard<br>Bldgs. 2,4,6<br>AM 1ST tier<br>X dayroom | 26 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier<br>dayroom |
| 27 NO A2B'S<br>Bldgs. 1,2,3,4,5,6<br>AM 1st tier yard<br>Bldgs. 1,2,3,4,5,6<br>AM 2nd tier<br>dayroom | 28<br>Bldgs. 2,4,6<br>AM 2nd tier yard<br>Bldgs. 1,3,5<br>AM 2nd tier<br>dayroom | 29<br>Bldgs. 1,3,5<br>AM 1st tier yard<br>Bldgs. 2,4,6<br>AM 1ST tier<br>X dayroom | 30<br>Bldgs. 2,4,6<br>AM 1st tier yard<br>Bldgs. 1,3,5<br>AM 1ST tier<br>dayroom | 31<br>Bldgs. 1,3,5<br>AM 2nd tier yard<br>Bldgs. 2,4,6<br>AM 2nd tier<br>X dayroom | | |

## MORNING UNLOCK SCHEDULE

0745 – 0815 Staff Meeting
0830 – Yard Opens
1015 – In-line
1145 – Yard Recall

## AFTERNOON UNLOCK SCHEDULE

1215 – Yard Opens
1400 – In-Line
1515 – Workers In-Line
1530 – Workers In-Line
1600 – Yard Recall
1615 – 1645 Staff Meeting

S. PECK
Facility I Captain

V. SINGH
Associate Warden, Level III Operations

# January 2008

## Facility I Night Yard Schedule

(subject to change without notice)

- Night yard: 1930 - 2100 hours
- On odd number days Bldgs. 1, 3 & 5 have yard program. Bldgs. 2, 4 & 6 have dayroom program.
- On even numbered days Bldgs. 2, 4, & 6 have yard program. Bldgs. 1, 3, & 5 have dayroom program.
- For the buildings assigned to the yard program, one tier will have dayroom the other tier will have yard. Once all authorized inmates are released to the yard, secure doors and conduct a dayroom unlock for authorized inmates per this schedule.
- For the buildings assigned to the dayroom program, one tier will have dayroom the other tier will remain in their cell. A1A's who work on 3rd watch who are on their RDO's will have access to yard. Inmates do not have a choice of dayroom or yard. If an inmate does not want to program with his assigned tier then he will remain in his cell.
- Tier assignments for yard and dayroom program will be rotated every other day.
- Night yard: *A1/A Red Card Assigned Inmates ONLY!* *With assigned tier.*

Morning library (handwritten, above Tuesday) — AFTER NOON library (handwritten, above Thursday–Saturday)

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
| | | 1 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST Tier dayroom | 2 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom | 3 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom<br>X YES | 4 NO A2B's<br>Bldgs. 2,4,6<br>2nd tier yard<br>Bldgs. 1,3,5<br>2nd tier dayroom | 5 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST tier dayroom<br>X NO |
| 6 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom | 7 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom | 8 NO A2B's<br>Bldgs. 2,4,6<br>2nd tier yard<br>Bldgs. 1,3,5<br>2nd tier dayroom | 9 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST tier dayroom<br>X NO | 10 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom | 11 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom<br>X YES | 12 NO A2B's<br>Bldgs. 2,4,6<br>2nd tier yard<br>Bldgs. 1,3,5<br>2nd tier dayroom |
| 13 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST tier dayroom | 14 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom | 15 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom<br>X NO | 16 NO A2B's<br>Bldgs. 2,4,6<br>2nd tier yard<br>Bldgs. 1,3,5<br>2nd tier dayroom | 17 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST tier dayroom<br>X NO | 18 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom | 19 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom<br>X NO |
| 20 NO A2B's<br>Bldgs. 2,4,6<br>2nd tier yard<br>Bldgs. 1,3,5<br>2nd tier dayroom | 21 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST tier dayroom | 22 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom | 23 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom<br>X NO | 24 NO A2B's<br>Bldgs. 2,4,6<br>2nd tier yard<br>Bldgs. 1,3,5<br>2nd tier dayroom | 25 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST tier dayroom<br>X | 26 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom |
| 27 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom | 28 NO A2B's<br>Bldgs. 2,4,6<br>2nd tier yard<br>Bldgs. 1,3,5<br>2nd tier dayroom | 29 NO A2B's<br>Bldgs. 1,3,5<br>1st tier yard<br>Bldgs. 2,4,6<br>1ST tier dayroom<br>X NO | 30 NO A2B's<br>Bldgs. 2,4,6<br>1st tier yard<br>Bldgs. 1,3,5<br>1ST tier dayroom | 31 NO A2B's<br>Bldgs. 1,3,5<br>2nd tier yard<br>Bldgs. 2,4,6<br>2nd tier dayroom<br>X YES | | |

NIGHT YARD UNLOCK SCHEDULE

1900 – Yard Opens
2000 – In Line
2100 – Yard Recall

S. PECK
Facility I Captain

V. SINGH
Associate Warden, Level III Operations

28 U.S.C. §1746)

I, MARTIN ~~Braden~~ Walters, declare under the penalty of perjury that: I am ~~the~~ A PARTY in the attached matter; I have read the foregoing document(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this 9th day of April, 2008 at California State Prison / Solano, Vacaville, California.

(Signature) [signature]
Declarant

************************************************************

CERTIFICATE/

DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, Matt Braden, declare: That I am a resident of California State Prison / Solano State of California; I am over the age of 18 years; I am/am not a party to the above entitled action; My address is P.O. Box 4000 6-206U, Vacaville, CA 95696. I served the attached document(s) entitled:

Opposition to defendants / Respondents Motion to dismiss

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison / Solano, in Vacaville, California, addressed as follows:

United States Court House
Southern District of California
880 Front St. Suite 4290
San Diego CA. 92101-8900

State of California
Department of Justice
Office of the Attorney General
110 West 'A' Street, Suite 1100
~~San Diego CA~~. P.O. Box 85266
San Diego CA. 92186-5266

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this 17th day of April, 2008 at California State Prison / Solano, in Vacaville, California.

(Signature) Matt Braden
Declarant