# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN EDWARD WALTERS, ) | Civil No.08cv167 DMS (NLS) |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| v. ) | **FOR ORDER GRANTING** |
| ) | **RESPONDENT'S MOTION TO** |
| D.K SISTO, Warden, ) | **DISMISS** |
| ) | |
| Defendants. ) | [Doc. No. 12] |
| ) | |

    Martin Edward Walters (Petitioner), a California prisoner proceeding pro se, filed a petition for writ of habeas corpus (Petition) under 28 U.S.C. § 2254 on January 28, 2008. In the Petition, Petitioner challenges his confinement on these bases: (1) Petitioner's guilty pleas were obtained in violation of his due process or equal protection rights; (2) the statute under which Petitioner was convicted or sentenced was unconstitutionally vague in violation of his due process or equal protection rights; (3) California enacted a new law that increased Petitioner's punishment, in violation of the ex post facto or equal protection clauses of the Constitution; and (4) California's "penal consequence parole" directly conflicts with clearly established United States Supreme Court law, in violation of Petitioner's due process rights. Pet'n at 6, 7, 8, 9. In reviewing the declarations and points and authorities that support both the Petition and the opposition to the motion to dismiss, it appears the heart of Petitioner's complaint is that he believes he pled to a determinate sentence of 25 years, but that the California Department of Corrections (CDC) essentially resentenced him to an indeterminate life term.

/ / /

Respondent filed a motion to dismiss the Petition, arguing that the Petition should be dismissed with prejudice because the applicable statute of limitations bars it and Petitioner is not entitled to statutory or equitable tolling. Petitioner filed an opposition. After a thorough review, the Court **RECOMMENDS** that Respondent's Motion be **GRANTED** and the Petition be **DISMISSED** with prejudice as untimely.

## PROCEDURAL HISTORY

**The Conviction and Appeal.**

The San Diego County District Attorney filed an eight-count amended information against Petitioner on February 9, 1990. Lodgment 1 at 145-146. Petitioner was charged with all eight counts, and one or more of his three co-defendants were charged with each of the counts. *Id.* The counts included: conspiracy to commit kidnapping; two counts of assault with a firearm, where Petitioner allegedly personally used the firearm; discharge of a firearm at an occupied motor vehicle, where Petitioner allegedly personally used the firearm; three counts of kidnapping for ransom; and murder. Lodgment 1 at 145-151. The trial court dismissed one of the kidnapping for ransom counts against Petitioner. Lodgment 1 at 384.

On May 9, 1990, Petitioner pled guilty to first degree murder. Lodgment 1 at 253-254, 389.

Petitioner filed a motion to withdraw his guilty plea. Lodgment 1 at 332-341. He explained that he pled guilty to first degree murder in the state court as a "result of extensive negotiations between not only the parties in this case, but also the prosecuting and defending lawyers involved in a federal criminal case then pending against [Petitioner]," in which all lawyers and parties discussed a package plea deal. Lodgment 1 at 333. Petitioner moved to withdraw the state plea based on a mutual mistake of fact; he argued that he had been told that he faced life without parole in the federal case, when in fact, he says, he did not. Lodgment 1 at 333-334.

The trial court denied the motion to withdraw the guilty plea on January 10, 1991. *See* Lodgment 1 at 397. The same day, it sentenced Petitioner to a term of "25 years to life." *Id.*; Lodgment 2 at 2.

On March 8, 1991, Petitioner filed a notice of appeal. Lodgment 1 at 350. The appellate court modified the restitution, but otherwise affirmed the judgment. Lodgment 2. The California Supreme

Court denied Petitioner petition for review without comment on August 12, 1992. Lodgment 3.

**First Set of State Habeas Petitions.**

Petitioner filed a habeas petition with the San Diego County Superior Court on October 14, 2004. Lodgment 4. He claimed that his sentence was a determinate term of 25 years and that the court did not aggravate it to "life." *Id.* He also argued the CDC resentenced him to an indeterminate life term. *Id.* The superior court denied the petition on December 2, 2004. Lodgment 5. The court reasoned that the petition was untimely because Petitioner waited over 13 years to challenge his sentence. *Id.* Petitioner never explained when the alleged change to his sentence occurred, which prevented the court from determining whether that claim was timely.

Next, Petitioner filed a habeas petition in the court of appeal. Lodgment 6. The appellate court denied that petition on February 15, 2005, noting that the sentencing court sentenced him to a term of 25 years to life, the least burdensome option for a first degree murder conviction. Lodgment 7. Petitioner then filed a petition for review with the California Supreme Court. Lodgment 8. That petition was summarily denied. Lodgment 9.

**Second Set of State Habeas Petitions.**

On April 27, 2006, Petitioner filed a second habeas petition with the San Diego Superior Court, seeking to enforce the terms of the plea agreement and claiming that he had only recently discovered his claim regarding the plea agreement. Lodgment 10. The superior court denied the petition, finding that it was a successive petition. Further, the superior court found that even if it looked at the merits, Petitioner would not prevail because he had "not demonstrated his 'impression' that he would be released from custody after twenty-one years was based on anything more than speculation regarding his minimum eligible parole date." Lodgment 11 at 3.

Petitioner filed another habeas petition with the appellate court, asserting that the terms of the plea agreement were fraudulently obtained and the trial court erroneously sentenced him to a term of 25 years to life. Lodgment 12. That court denied the petition for being untimely and because Petitioner failed to state a prima facie claim for relief. Lodgment 13.

Then, Petitioner filed a petition for review with the California Supreme Court. Lodgment 14. That court denied the petition without comment. Lodgment 15.

**Third State Habeas Petition in Superior Court.**

On March 5, 2007, Petitioner filed another state habeas petition in Fresno County Superior Court, asserting that California Penal Code § 3041.5(b)(2)(B) applied to him. Lodgment 16. The Fresno court transferred the petition to San Diego Superior Court. Lodgment 17. The San Diego Superior Court denied Petitioner's third habeas petition, finding that § 3041.5(b)(2)(B) did not apply to him. Lodgment 18.

**First Federal Habeas Petition.**

Petitioner filed his first habeas petition in federal court on November 26, 2007 (case no. 07cv2236 JLS (LSP)) under 28 U.S.C. § 2241. The district judge dismissed the case without prejudice because Petitioner was attacking a state court conviction, and thus section 2241 was not the proper jurisdictional basis for the petition.

**Second Federal Habeas Petition.**

Petitioner filed this petition for habeas corpus under 28 U.S.C. § 2254 on January 28, 2008.

## DISCUSSION

**AEDPA Governs This Petition.**

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court decision is "contrary to" clearly established federal law if (1) the state court reaches a conclusion on a question of law that is opposite to that reached by the United States Supreme Court; or (2) the state court decides a case differently than the Supreme Court has based on materially indistinguishable facts. *Bell v. Cone*, U.S. 685, 694 (2002); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A state court decision is an "unreasonable application" of federal law when (1) a governing rule of law is correctly identified but unreasonably applied to the facts of the case; or (2) the court unreasonably extends a legal principal of Supreme Court precedent to an inappropriate context, or refuses to extend a

legal principal in a case where it should apply. *Andrade*, 538 U.S. 63 at 75. Additionally, the state court's factual determinations are presumed to be correct and the petitioner has the burden to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**Statute of Limitations**.

The AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The relevant section reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent contends that the state court judgment became final on December 10, 1992, 120 days following the California Supreme Court's denial of review on August 12, 1992. *See* Lodgment 3. While Petitioner alleges that he filed a petition for writ of certiorari with the U.S. Supreme Court that was denied (Pet'n at 3), he did not provide any dates or other identifying information for that petition, Respondent has not found a record of that petition, and none of Petitioner's state habeas petitions assert that such a petition was filed (Lodgments 4 at 21, 6 at 21, 8 at 21, 10 at 25, 12 at 20 and 16 at 6).

State petitioners whose judgments became final before AEDPA was enacted had one year from the effective date–until April 24, 1997, absent tolling–within which to file a petition in the federal court. *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). Petitioner did not file a federal habeas petition

under 28 U.S.C. § 2254 until January 28, 2008 (or January 22, 2008, under the mailbox rule).  Claim 1 (based on how Petitioner's guilty plea was obtained), Claim 2 (challenges the statute under which Petitioner was convicted or sentenced) and Claim 4 (complains of California's "penal consequence parole") are based on facts stemming from Petitioner's conviction and sentencing on January 10, 1991. Petitioner says that Claim 3 is based on a September 29, 1994 amendment to Cal. Pen. Code § 2085.5. Pet'n at 8.  Because these claims are all based on facts arising before AEDPA's enactment, unless Petitioner can show he was entitled to statutory or equitable tolling of the April 24, 1997 federal filing deadline, his federal habeas petition is nearly 11 years late.

**Statutory Tolling.**

A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court.  28 U.S.C. § 2244(d)(2).  The "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," provided the petitions were properly filed and pending that entire time.  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The time, however, between filings in California courts is not covered under the "pending" language of  Section 2244(d)(2) if the petition is ultimately found to be untimely.  *Evans v. Chavis*, 546 U.S. 189, 198 (2006) (citing the Court's previous holding in *Carey v. Saffold*, 536 U.S. 214 (2002)).  In an absence of a clear indication that the petition was untimely, the federal court must examine the case and determine whether the petition was filed within what California courts would consider a "reasonable time."  *Id*.  In *Evans,* the Supreme Court concluded that California would most likely find a 6-month unexplained delay "unreasonable."  *Id*. at 201.

In this case, Petitioner does not allege he was impeded from timely filing a petition due to an unconstitutional state action (§ 2244(d)(1)(B)) or that he is relying on any newly recognized, retroactive constitutional right (§ 2244(d)(1)(C)).  He does claim, though, that he did not know his sentence was an indeterminate term of 25 years to life until he attended his parole hearing on February 24, 2005.  That assertion, however, is rebutted by Petitioner's own statements.  *See, e.g.*, Lodgment 4 at 20 (Petitioner's first state habeas petition filed November 16, 2003, stating "No one could have foreseen the department of corrections was going to try to resentence Petitioner and impose a Zero Release Policy"); Lodgment 12 at 17, l.11 (the sentencing judge "imposed a surprise sentence (that petitioner did not agree to)");

Lodgment 12 at 18, l.5 (after the sentencing hearing Petitioner asked his counsel if he was sentenced to 25 years or 25 years to life and his counsel told him that the CDC would determine the term). Further, several citations in the record, which Petitioner would have discovered with due diligence before the 2005 parole hearing, show that Petitioner was sentenced to 25 years to life. *See, e.g.*, Lodgment 1 at 397 (Amended Minutes of Sentencing/Plea Withdrawal Hearing, Jan. 10, 1990); Lodgment 2 at 2 (Order Denying Appeal, May 21, 1992); Lodgment 5 at 2 (Order Denying Petition for Writ of Habeas Corpus, Dec. 2, 2004, "The court sentenced Petitioner to a term of 25 years *to life*. . .", emphasis in original).

Because Petitioner's claims are based on facts occurring in 1990 and in or around 1994, the statute of limitations expired on April 24, 1997. Petitioner did not file his first state habeas petition with the San Diego Superior Court until October 14, 2004. Lodgment 4. Consequently, absent equitable tolling, Petitioner's federal habeas petition filed on January 22, 2008 is untimely under AEDPA .

**Equitable Tolling.**

The one-year period of limitations under AEDPA is subject to equitable tolling when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part, on other grounds by *Calderon v. U.S. Dist. Ct (Kelly)*, 163 F.3d 530 (1998)) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). Petitioner holds the burden to prove that equitable tolling is appropriate, and must establish (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (2005). The determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent." *Espinoza-Matthews*, 432 F.3d at 1026 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)).

Petitioner does not claim he is entitled to equitable tolling. This Court has not found anything in the record to indicate that equitable tolling is appropriate here. Therefore, based on the facts before the Court, Petitioner is not entitled to equitable tolling for this Petition.

## CONCLUSION

Petitioner failed to file his federal habeas petition within the one-year period of limitation imposed by AEDPA. He has also failed to show that he is entitled to statutory or equitable tolling.

1  Therefore, this Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** and that
2  the Petition be **DISMISSED** with prejudice.
3       This report and recommendation is submitted to the United States District Judge assigned to this
4  case pursuant to 28 U.S.C. § 636(b)(1).
5       **IT IS ORDERED** that no later than ***August 15, 2008***, any party to this action may file written
6  objections with the Court and serve a copy on all parties. The document should be captioned
7  "Objections to Report and Recommendation."
8       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
9  served on all parties no later than ***August 22, 2008***. The parties are advised that failure to file objections
10 within the specified time may waive the right to raise those objections on appeal of the Court's order.
11 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12      **IT IS SO ORDERED.**
13 DATED: July 25, 2008

                                                             Hon. Nita L. Stormes
                                                             U.S. Magistrate Judge