Case 3:08-cv-00167-DMS-NLS

MARTIN EDWARD WALTERS # E-86183
C.S.P. - SOL. 6-206L
P.O. BOX 4000
VACAVILLE, CA 95696
PRO SE

FILED
2008 AUG 19 PM 2:59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM DEPUTY

NUNC PRO TUNC
AUG 18 2008

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN EDWARD WALTERS, Petitioner, v. D.K SISTO, Warden, Defendants. | Civil No.08cv167 DMS (NLS) OBJECTIONS TO MAGISTRATE JUDGES FINDINGS AND RECOMMENDATIONS AND REQUESTS AN EVIDENTIARY HEARING |

PETITIONER, MARTIN EDWARD WALTERS, ACTING IN PRO SE, RESPECTFULLY REQUESTS THE HONORABLE COURT TO CONSTRUE THIS HABEAS ACTION LIBERALLY AND HOLD SAID PETITION TO LESS STRINGENT STANDARDS THAN LAWYERS. (SEE PRICE V. JOHNSON (1948) 334 US 266, 292, 92 LED 1356, 1372, 68 S. CT. 1049; PEMBROOK V. WILSON (9TH CIR. 1966) 370 F. 2D 37, 40N; SANDERS V. RYDER (9TH CIR. 2003) 342 F. 3D 99)

PETITIONER REQUESTS AN ARTICLE III JUDGE TO REVIEW THE MAGISTRATE'S FACTUAL FINDINGS, RECOMMENDATIONS AND LEGAL CONCLUSIONS.

PETITIONER OBJECTS TO AND DENIES THE MAGISTRATE'S FACTUAL FINDINGS, RECOMMENDATIONS AND LEGAL CONCLUSIONS SUBMITTED IN THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS DATED JULY 25, 2008, BECAUSE THE MAGISTRATE'S REASONS AND CONCLUSIONS ARE BASED UPON FALSE PREMISES, i.e., MISREPRESENTATIONS OF PETITIONER'S FACTUAL ASSERTIONS,

Case 3:08-cv-00167-DMS-NLS

GROUNDS FOR RELIEF, AND MOST IMPORTANTLY, WHEN, THE DATES ON WHICH THE "FACTUAL PREDICATE" OF THE CLAIM OR CLAIMS PRESENTED COULD HAVE BEEN DISCOVERED THROUGH THE EXERCISE OF DUE DILIGENCE (28 U.S.C. § 2244 (d)(1)(D).).

PETITIONER ASSERTS THIS PETITION IS TIMELY BROUGHT.

PURSUANT TO 28 U.S.C. § 2244 (d)(1)(D) PETITIONER ASSERTS THAT HE HAS EXERCIZED DUE DILIGENCE IN ATTEMPTING TO RESOLVE THE ANTICIPATED BREACH AND IN DOING SO ESTABLISHED THE "FACTUAL PREDICATE" AS OF JANUARY 19, 2008. [SEE [redacted] opposition EXHIBITS C, D, E]

PETITIONER REASONS THIS BECAUSE THAT IS THE FIRST DATE UPON WHICH PETITIONER WAS FACTUALLY DENIED THE BENEFIT(S) OF AN EXPRESS PROMISE(S) OF HIS PLEA AGREEMENT, THEREBY RENDERING THE PROMISE OF THE PROSECUTOR AND JUDGE UNFULFILLED.

PETITIONER ALSO OFFERS THAT THE COURT MAY FIND THE FACTUAL PREDICATES MAY BE: AUGUST 17, 2007, WHEN THE CALIFORNIA SUPREME COURT DENIED PETITIONER'S REQUEST FOR "ENFORCEMENT OF THE TERMS" OF THE PLEA AGREEMENT. [SEE LODGEMENT 15] Thus, Promises unfulfilled.

Or ON 5-24-2007, WHEN THE CALIFORNIA APPELLATE COURT DENIED PETITIONER'S REQUEST TO "ENFORCE THE TERMS" OF THE PLEA AGREEMENT AND SPECIFICALLY PRAYED TO BE SENT TO FEDERAL CUSTODY WITH CONCURRENT TIME. [SEE LODGEMENT 13]

Or ON JUNE 21, 2006 WHEN THE CALIFORNIA SUPERIOR COURT DENIED PETITIONER'S REQUEST TO "ENFORCE THE TERMS" OF HIS PLEA AGREEMENT. [SEE LODGEMENT 11]. IN THIS CASE PETITIONER WOULD BE ENTITLED TO STATUTORY AND EQUITABLE TOLLING.

Or 1-8-2008, WHEN B.P.H. IMPLIEDLY REFUSED TO CONDUCT THE MULTI-JURISDICTION PRISONER HEARING THAT WOULD HAVE PROVIDED A DISPOSITIVE DECISION, RESULTING IN PETITIONER'S RELEASE IN 2007, ON THE

Case 3:08-cv-00167-DMS-NLS

CALIFORNIA TERM. [SEE opposition EXHIBITS C, D, E.]

PETITIONER ASSERTS THAT THE FACTUAL PREDICATE IS NOT IN JANUARY OF 1991, BECAUSE THE SENTENCING JUDGE DID NOT RENDER THE PROSECUTOR'S PROMISES INVALID OR UNFULFILLED. [SEE LODGEMENTS 347, 397.]

PETITIONER'S ACTUAL CLAIMS AND PROPOSED MODIFIED FINDINGS OF FACTS

BY CLEAR AND CONVINCING EVIDENCE, THE PETITION AT BENCH CLEARLY STATES IN GROUND ONE "PETITIONERS GUILTY PLEAS WERE OBTAINED BY UNFULFILLED PROMISES OF THE CALIFORNIA STATE PROSECUTOR AND JUDGE IN VIOLATION OF THE LAWS, TREATIES, AND OR DUE PROCESS/EQUAL PROTECTION CLAUSES OF THE U.S. CONSTITUTION. THE STATE IS VIOLATING THE TERMS (PLURAL) OF PETITIONER'S PLEA AGREEMENT. (EMPHASIS ADDED) [SEE PET'N PG. 6.]

PETITIONER ASSERTS THAT HE STATES THE NUMEROUS PROMISES EXPRESSED ON THE RECORD; AND SOME OFF THE RECORD, NONE OF WHICH CLAIM PETITIONER WOULD RECEIVE A 25 YEAR DETERMINATE SENTENCE. [SEE PET'N PG. 6, ET. SEQ.]

PETITIONER ALSO PROVIDES A FACTUAL DETAILED ACCOUNT OF THE PLEA BARGAINING; UNDERLYING AGREEMENT; THE INDUCEMENTS; REPRESENTATIONS; AND OMISSIONS THAT PETITIONER DETRIMENTALLY RELIED UPON WHEN HE PLED GUILTY. [SEE PET'N EXHIBITS AND DECLARATIONS]

PETITIONER ASSERTS THE STATE COURTS VIOLATED THEIR DUTY OR PETITIONER'S PLEA AGREEMENT AND/OR RIGHTS WHEN THEY REFUSED TO ENFORCE THE TERMS OF PETITIONER'S PLEA AGREEMENT. [SEE LODGEMENTS 11, 13, 15.] Thus, rendering the Promises unfulfilled, and unenforced.

PETITIONER ASSERTS THE C.D.C.R. AND OR B.P.H. VIOLATED PETITIONER'S PLEA AGREEMENT PROVISIONS WHEN THEY REFUSED TO:

Case 3:08-cv-00167-DMS-NLS

1.) CONTACT FEDERAL AUTHORITIES SO PETITIONER COULD SERVE HIS STATE TIME IN FEDERAL PRISON ON 1-19-08 AND 1-08-08.

2.) RUN THE STATE TIME CONCURRENT TO THE FEDERAL TIME IN ACCORDANCE WITH THE EXPRESS PROVISIONS OF THE PLEA AGREEMENT.

3.) CONDUCT A MULTIJURISDICTION PRISONER PAROLE HEARING (TITLE 15 § 2370) WHICH PETITIONER WAS ENTITLED TO, [SEE [redacted] Opposition EXHIBITS C, D, E.] WHICH WOULD HAVE RENDERED A DISPOSITIVE DECISION REGARDING THE CALIFORNIA SENTENCE. [SEE TITLE 15 § 2370 (d)(1) OR(2).] CONSEQUENTLY, RESULTING IN UNFULFILLED AND VIOLATED PROMISES, SETTLED EXPECTATIONS AND OVERINCARCERATION, THUS FRUSTRATING THE PURPOSE OF PLEADING GUILTY AND RENDERING THE GUILTY PLEAS UNVOLUNTARY, VOIDING THE CONVICTIONS.

PETITIONER ASSERTS IT IS FUNDAMENTALLY UNFAIR, IF NOT FRAUDULENT, FOR COURT APPOINTED LAWYERS, PROSECUTORS, BOTH STATE AND FEDERAL, SHOWING PETITIONER HOW HE WOULD BE RELEASED BETWEEN 19-21 YEARS, THEN HAVE BOTH STATE AND FEDERAL JUDGES IN OPEN COURT IMPLIEDLY AFFIRM THESE REPRESENTATIONS AND EXPECTATIONS; AND NOW DO NOTHING TO FULFILL OUR MUTUAL INTENT.

PETITIONER ASSERTS THAT NO REASONABLE MAN RELYING UPON THE INTEGRITY OF THE GOVERNMENTS COULD FORSEE THE STATE'S AGENCIES DISHONOR PETITIONER'S PLEA AGREEMENTS CONCOMMITANT OBLIGATIONS FLOWING THEREFROM; NOR FORSEE THE CALIFORNIA COURTS REFUSAL TO ENFORCE THE TERMS, WHEN CALLED UPON TO DO SO WHEN EMINENT DANGER OF UNLAWFUL RESTRAINT OR LOSS OF PERSONAL LIBERTY WAS NEAR CERTAINTY. IN THIS CONTEXT THE STATUTE RUNS FROM THE DATE OF THE BREACH, NOT THE DATE OF THE PLEA OR SENTENCE.

## CONCLUSION

THIS PETITION AND OR GROUND IS TIMELY SUBMITTED AND THE MAGISTRATES FINDINGS RECOMENDATIONS AND LEGAL CONCLUSIONS SHOULD BE REJECTED.

Case 3:08-cv-00167-DMS-NLS

PETITIONER FURTHER PROPOSES THIS COURT FIND AND DECLARE:

1.) THE PROMISES USED TO OBTAIN GUILTY PLEA.

2.) PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING TO DEVELOP TRUE FACTUAL DETERMINATIONS.

3.) THE STATE COURTS FAILED TO ENFORCE PETITIONER'S PLEA.

4.) THE STATE COURT FAILED TO APPLY CALIFORNIA'S CONTRACT LAW AS REQUIRED UNDER U.S. SUPREME COURT LAW AND FAILED TO ENFORCE THE PLEA BARGAIN AS SANTOBELLO REQUIRED.

5.) THE PROFFERED PROCEDURAL BARS ARE NOT ADEQUATE AND INDEPENDANT TO BAR RELIEF.

6.) C.D.C.R. AND B.P.H. BREACHED THE PROMISES OF THE PLEA AGREEMENT.

7.) PETITIONER IS ENTITLED TO SOME RELIEF.

8.) ISSUE THE WRIT OF HABEAS CORPUS.

9.) PROVIDE PETITIONER A FULL OR FAIR OPPORTUNITY TO PROVE THE MUTUAL INTENT OF THE CONTRACTING PARTIES, AND FULFILL IT AS JUSTICE REQUIRES.

10.) EQUITABLE ESTOPPEL, STATUTORY TOLLING 28 U.S.C. § 2244(d)(1)(B), OR EQUITABLE TOLLING DUE TO STATE "BRAIN WASHING."

11.) ANY AND ALL RELIEF THAT MAY BE NECESSARY TO PREVENT THIS MISCARRIAGE OF JUSTICE.

12.) PETITIONER IS A MULTIJURISDICTION PRISONER.

Case 3:08-cv-00167-DMS-NLS

# GROUND 2 EXPLANATION

ABOUT APRIL 3, 2007 WHEN PETITIONER WAS TRYING TO FIGURE OUT WHAT PENAL CODE SECTION HE WAS SENTENCED UNDER, P.C. § 1168 (b) OR P.C. § 1170, HE COULD NOT ASCERTAIN THE TRUTH, i.e., BEFORE JULY 1, 1977 VS. DETERMINATE SENTENCE.

WHEN PETITIONER WAS TRYING TO FIGURE OUT WHY C.D.C.R. WAS/IS CLAIMING A SENTENCE OF 25 YEARS TO LIFE IS A "LIFE SENTENCE WITH A M.E.P.D. OF 25 YEARS" DESPITE THE CLEAR HOLDINGS OF THE CALIFORNIA SUPREME COURT REJECTING THAT VERY INTERPRETATION, & HOLDING IT MEANS AN "INDETERMINATE SENTENCE WITH A MINIMUM TERM OF 25 YEARS UP TO A MAXIMUM POTENTIAL TERM OF LIFE" STATING NOT EVERYONE WILL HAVE A LIFE TERM.

BUT PETITIONER DID NOT INTERPRET THE STATUTE THAT WAY, HE THOUGHT IT WAS DETERMINATE SENTENCES RANGING BETWEEN 25 YEARS TO LIFE.

THE DISSENTING OPINION DID NOT INTERPRET THE STATUTE THAT WAY EITHER CLAIMING IT WAS A DETERMINATE LIFE SENTENCE, SAYING I.S.L. WAS REPEALED, TERM FIXING (BY A.A.) REPEALED, P.C. § 671. REPEALED ETC. ETC.

OBVIOUSLY, IF LAY PERSONS NOR PROFESSIONALS CAN NOT INTERPRET A STATUTE PETITIONER REASONS IT'S TOO VAGUE; AND C.D.C. SIMPLY MADE IT A LIFE SENTENCE VIA IT'S RULE MAKING AUTHORITY P.C. § 5058 DESPITE THEIR HIGH COURTS HOLDINGS.

# GROUND 3 realized on April 1, 2007

FEDERAL PREDICATE SEPTEMBER 2005 RESTITUTION - WHILE STUDYING PETITIONER DISCOVERED THE PRISON COULD NOT

Case 3:08-cv-00167-DMS-NLS

EX POST FACTO INCREASE THE AMOUNT TO BE PAID BY NOT REDUCING THE ADMINISTRATIVE FEE AGAINST THE TOTAL AMOUNT OWED, AS THE LAW REQUIRED WHEN PETITIONER WAS ARRESTED AND SENTENCED.

IN SEPT. OF 2005, PETITIONER RECEIVED $300.00 AND THE PRISON DID NOT DEDUCT THE ADMINISTRATIVE FEE, FROM TOTAL AMOUNT OWED.

GROUND 4 EXPLANATION

FACTUAL PREDICATE 1-20-08

PAROLE - PETITIONER KNEW WHAT FEDERAL PAROLE WAS ON NOV. 1, 1988 IT WAS ABOLISHED. HOWEVER IT IS DEFINED BY THE U.S. SUPREME COURT TO FINISH AN UNEXPIRED PRISON TERM OUTSIDE THE PRISON WALLS.

WHILE READING BUCKLEY IT REFERED TO MOSER WHERE THE COURT RECOGNIZED THAT CALIFORNIAS PAROLE IS A PENAL CONSEQUENCE, NO LONGER A GRANT OF LIENIENCY AFTER ENACTMENT AT D.S.L., IN 1977.

SIMILIAR TO THE TACTICS OR MISREPRESENTATIONS USED IN MOSER AND CARABES, PETITIONER'S PLEA AGREEMENT CALLED FOR A MAXIMUM PAROLE PERIOD OF 60 MONTHS; I.S.L. SENTENCE.

PETITIONER, DISCOVERED AND REQUESTED TO REDUCE THE LIFETIME OF PAROLE PERIOD TO 60 MONTHS MAXIMUM, WAS DENIED ON 1-20-08.

CONCLUSION

GROUNDS 2, 3, AND 4 ARE TIMELY.

Case 3:08-cv-00167-DMS-NLS

PETITIONER IS NOT TIME BARRED PURSUANT TO A.E.D.P.A. 28 U.S.C. § 2244 (D).

## SHORT PROCEDUREAL HISTORY

MAY 9, 1990, DURING PLEA BARGAINING D.D.A. MILLER PROMISED (INTER ALIA):

A.) PETITIONER "WOULD NOT SERVE ONE DAY ON THE (FIRST DEGREE) MURDER, BECAUSE THE STATE TIME WOULD EXPIRE BEFORE THE FEDERAL."

B.) THE PROVISION'S OF (PETITIONERS) PLEA AGREEMENT ENSURED THAT RESULT.

ON 5-9-1990 PUBLIC DEFENDER LARRY AINBINDER ADVISED PETITIONER TO ACCEPT THE EXTENSIVE NEGOTIATED PLEA AGREEMENTS WITH THE PROSECUTORS.

THE PLEA AGREEMENT CONSIST OF INTER ALIA:

1.) ANY STATE TIME WOULD BE CONCURRENT WITH ANY TIME PETITIONER RECEIVED IN FEDERAL COURT.

2.) TO SERVE BOTH TERMS IN FEDERAL CUSTODY. [LODGEMENT 1, 253]

ON 1-10-1991, PETITIONER WAS SENTENCED TO 25 YEARS TO LIFE CONCURRENT TO FEDERAL CASE, 88-0769-G TO BE SERVED IN FEDERAL CUSTODY. [SEE LODGEMENT 1, 347, 397] Also [see Pet'N pg. 6 et seq.]

## PAROLE HEARING APPROXIMATE CAUSE OF ACTION

ON 2-24-2005, PETITIONER APPEARED BEFORE THE BOARD OF PAROLE HEARINGS (B.P.H.). (FORMERLY BOARD OF PRISON TERMS (B.P.T.)). THE PANELS PROPOSED DECISION WAS TO DENY PAROLE SUITABILITY AND DEFER THE NEXT HEARING FOR 5 YEARS, WHICH MEANT PETITIONER COULD NOT BE RELEASED WITHIN 21 YEARS OF CUSTODY, WHICH WAS BEYOND THE MAXIMUM TIME CALCULATED DURING PLEA BARGAINING & AGREEMENT.

Case 3:08-cv-00167-DMS-NLS

PETITIONER WAS TOLD THE PROPOSED DECISION WOULD NOT BECOME FINAL UNTIL IT WAS REVIEWED BY THE FULL BOARD. [see Pet'N, exhibit 10]

PETITIONER KNEW SOMETHING WAS WRONG BUT DID NOT KNOW EXACTLY WHAT IT WAS.

PETITIONER NEVER RECEIVED REVIEW OF THE PROPOSED DECISION.

PETITIONER FILED AN APPEAL PURSUANT TO TITLE 15 § 2071 e.T. SEQ. WITH NO RESPONSE.

PETITIONER WAS TRANSFERED TO CSP-SOLANO ON 10-27-05. WITHOUT HEARING BACK FROM THE BOARD. (B.P.H.)

PETITIONER COULD NOT ACCESS C.S.P. - SOLANO LAW LIBRARY UNTIL ABOUT JANUARY 20, 2006, DUE TO LOCK DOWNS, OVER CROWDING, SCHEDULING, ETC. [PETITIONER PROVIDED THE "INADEQUATE ACCESS" SCHEDULES IN EXHIBITS ]

PETITIONER RESEARCHED BOOKS, CASES, ETC. LOOKING FOR WHAT WENT WRONG AND COULD NOT FIGURE IT OUT EXACTLY. HOWEVER ON MARCH 17, 2006, BUCKLEY V. TURHUNE WAS PUBLISHED, SAYING A CRIMINAL DEFENDANT HAS A DUE PROCESS RIGHT TO ENFORCE THE TERMS OF HIS PLEA AGREEMENT. SO PETITIONER TRIED TO ENFORCE THE PROVISIONS THAT "ENSURED" HIS RELEASE AT EXPIRATION OF HIS FEDERAL SENTENCE.

SUPERIOR COURT

ON APRIL 21, 2006, PETITIONER PETITIONED FOR WRIT OF HABEAS CORPUS SEEKING TO "ENFORCE THE TERMS (PLURAL) OF PETITIONER'S PLEA AGREEMENT". [LODGEMENT 10]

ON 6-21-06, THE SUPERIOR COURT WOULD NOT ENFORCE ANY OF THE TERMS OF MY PLEA AGREEMENT, WHEN DENYING THE PETITION. [LODGEMENT 11]

Case 3:08-cv-00167-DMS-NLS

## APPELATE COURT

ATTEMPTING TO RESOLVE THE DEFICIENCIES OF THE PREVIOUS PETITION DISCOVERING AND SUBMITTING ALL THE NEW GROUNDS AND ISSUES, FOUND DURING RESEARCH PETITIONER FILED A NEW PETITION IN THE APPELATE COURT SEEKING, INTER ALIA, TO "ENFORCE THE TERMS OF THE PLEA AGREEMENT. AND SPECIFICALLY PRAYED TO BE SENT TO FEDERAL CUSTODY IN ACCORDANCE WITH THE EXPRESS PROMISES OF THE PLEA AGREEMENT. [SEE LODGEMENT 12 PG. 34, #5 PRAYER]

ON 5-24-2007, PETITIONER WAS AGAIN DENIED. [SEE LODGEMENT 13]

## CALIFORNIA SUPREME COURT

ABOUT 6-18-07, PETITIONER FILED A PETITION FOR REVIEW SEEKING ENFORCEMENT OF THE TERMS OF THE PLEA AGREEMENT, AND GROUND 2, AND ISSUES. [LODGEMENT 14]

ON 8-17-07, PETITION FOR REVIEW WAS DENIED. [LODGEMENT 15]

PETITIONER CONCLUDED THE STATE COURTS REFUSED TO ENFORCE ANY OF THE TERMS OF PETITIONER'S PLEA BARGAIN. [LODGEMENTS, 11, 13, 15.]

## FEDERAL COURTS

FIRST FEDERAL PETITION, [REPORT PG. 5:27, PG. 6:1.]

ACTUALLY, PETITIONERS FIRST FEDERAL PETITION WAS DENIED WITHOUT PREJUDICE ON JULY 9, 2007, CIVIL NO. 07 CV 1140 H (POR). PETITIONER NEVER RECEIVED SAID DISMISSAL ORDER, OR 28 USC § 2254 APPLICATION.

PETITIONER'S SECOND FEDERAL PETITION 28 U.S.C. § 2241

PETITIONER SUBMITTED THIS (WRONG) PETITION BECAUSE C.S.P. - SOLANO

Case 3:08-cv-00167-DMS-NLS

LAW CLERKS PROVIDED IT AS THE APPROPRIATE APPLICATION TO ENFORCE THE TERMS OF PETITIONER'S PLEA BARGAIN; THEY DID NOT HAVE A 28 U.S.C. § 2254 PETITION AND PETITIONER PROVIDED THE PRISON WITH THE 28 U.S.C. § 2254 PETITION, WHEN THIS COURT DISMISSED MY APPLICATION AND PROVIDED ME WITH A BLANK NEW APPLICATION. ANOTHER STATE IMPEDIMENT. / DISMISSED WITHOUT PREJUDICE.

PETITIONER'S THIRD APPLICATION 28 U.S.C. § 2254

AFTER HAVING TO REWRITE THE PETITION TO "CHALLENGE MY CONVICTION", AS THE COURT INDICATED, PETITIONER SUBMITTED THIS PETITION ON JANUARY 28, 2008. (THE DAY PETITIONER BELIEVES HE SHOULD HAVE BEEN RELEASED FROM CUSTODY.) THEREFORE, PETITIONER SEEKS RELIEF IN THIS COURT.

PETITIONER'S GUILTY PLEAS WERE BASED UPON THE PROVISIONS AND INDUCEMENTS OF THE PLEA BARGAIN. (THE STATE COURTS REFUSED TO ENFORCE ANY OF THE PROVISIONS; AND NOW THE STATE AGENCIES (C.D.C.R. AND/OR B.P.H.) HAVE VIOLATED THE EXPRESS PROMISES ON 1-17-2008 OR 1-08-2008, RESPECTIVELY. THUS, PETITIONER'S CONVICTION WAS/IS INVOLUNTARILY OBTAINED.)

THEREFORE PETITIONER PETITIONS THIS COURT TO EITHER
1.) ENFORCE THE TERMS OF THE PLEA AGREEMENT AND FULFILL THE MUTUAL INTENT OF THE CONTRACTING PARTIES. OR
2.) GRANT A RECISSION OF PETITIONER'S GUILTY PLEAS.

Case 3:08-cv-00167-DMS-NLS

The Magistrate's (false) Major Premise

The Honorable Magistrate erroneously based the conclusion upon the misrepresentation that Petitioner's ground 1 is based upon a "determinate sentence" that Petitioner believed he Plea Bargained for on May 9, 1990, and the "indeterminate sentence" imposed on 1-10-1991 is the known factual predicate to this Petition.

Reasons

Then the Honorable Magistrate falsely claims, "He does claim, though, that he did not know his sentence was an indeterminate term of 25 years to life until he attended his parole hearing on February 24, 2005." (See Report on page 6, Lines 23-24)

Considering the Honorable Magistrate's manufactured finding of fact is absolutely not true, the Magistrate handily defeats "Petitioner's claim" with examples of why Petitioner's "...assertion is rebutted by Petitioner's own statements." (See Report on page 6, Lines 24-28; pg. 7, Ln. 1-7.)

Conclusion in Error

The Magistrate concludes "Because Petitioner's claims are based on facts occuring in 1990... the Statute of Limitations expired on April 24, 1997." (Report pg. 7, Ln. 8-9.)

Further, the Magistrate claimed that after reading Petitioner's Opposition to Motion to Dismiss and declaration in support thereof [Report pg. 1, Ln. 24-25], the Magistrate also found that "Petitioner does not allege he was impeded from timely filing a Petition due to an unconstitutional state action (§ 2244 (d)(1)(B)." [Report

Case 3:08-cv-00167-DMS-NLS

pg. 6, Ln. 21-22]

Petitioner asserts that he did assert that he was entitled to statutory tolling under two options 28 U.S.C. § 2244 (d)(1)(B) and (D). [See Opposition Motion pg. 2, Ln. 8-11] If he was attacking a "factual Predicate" that arose at sentencing [See Opposition Motion pg. 3, Ln. 1-2] i.e., a claim about the sentence imposed.[1] (FN.1)

Petitioner asserts he is also entitled to Tolling on all his grounds including Tolling persuant to § 2244 (d)(2).

The Magistrate also found "Petitioner does not claim he was entitled to equitable Tolling." [Report pg. 7, Ln. 23]

Petitioner asserts he did suggest that he thought he "should" receive equitable Tolling [See Opposition pg. 2, Ln. 12-13] because he was brain washed into believing he would be released from prison on 8-2-2005. [See Opposition pg. 3, Ln. 8-27; pg. 4, Ln. 1-20; Exhibit A]

## Primary Conclusion

Based upon the fact that the Magistrate's conclusion was reached on a false Major premise, misrepresentations of asserted claims, and applicable facts to petitioner's issue(s), the Honorable Magistrate's factual findings and conclusion(s) reached thereon must fail.

Thus, Petitioner urges your honor to reject the report and recomendations of the Magistrate.

Case 3:08-cv-00167-DMS-NLS

## EVIDENTIARY HEARING REQUIRED

PETITIONER RECOGNIZES THE HONORABLE MAGISTRATE RELIED UPON MISREPRESENTATIONS OF PROFERRED IMPLIED FINDINGS OF THE STATE COURT PETITIONER ASSERTS THE FINDINGS WERE A SHAM BASED UPON MISREPRESENTATION AND UNREASONABLY INFECTING THE THIS FEDERAL COURTS FACT FINDING PROCESS.

PETITIONER ON FEDERAL HABEAS CORPUS IS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE IN FACT ESTABLISHED A "COLORABLE" CLAIM FOR RELIEF, AND WHERE THE STATE COURTS FAILED TO HOLD AN EVIDENTIARY HEARING ON SAID CLAIMS. (EARP V. ORONSKI, 431 F. 3D 1158, 1167 (9TH CIR. 2005), CITING TOWNSEND V. SAIN, 372 U.S. 293 (1963); KEENEY V. TAMAYO-REYES, 504 US. 1, 5, (1992).)

IN STATING A "COLORABLE" CLAIM, A PETITIONER IS MERELY REQUIRED TO ALLEGE SPECIFIC FACTS WHICH, IF TRUE, WOULD ENTITLE HIM TO RELIEF. IBID. GRANTED, UNDER THE AEDPA, A FEDERAL COURT IS NOT REQUIRED TO ORDER A HEARING WHERE THE PETITIONER FAILED TO DEVELOP THE FACTS IN STATE COURT. IN SUCH CASES, THE FEDERAL COURT ACCORDS A PRESUMPTION OF CORRECTNESS TO THE FACTS FOUND BY THE STATE COURT, AND NEED NOT HOLD ANY EVIDENTIARY HEARING UNLESS THOSE FACTS ARE REBUTTED BY CLEAR AND CONVINCING EVIDENCE. ON THE OTHER HAND, NO AEDPA DEFERENCE IS DUE WHERE THE STATE HAS MADE AN "UNREASONABLE" DETERMINATION OF FACTS; AND "WHERE A STATE COURT MAKES EVIDENTIARY FINDINGS WITHOUT HOLDING A HEARING AND GIVING PETITIONER AN OPPORTUNITY TO PRESENT EVIDENCE, SUCH FINDINGS CLEARLY RESULT IN AN 'UNREASONABLE DETERMINATION' OF THE FACTS." (TAYLOR V. MADDOX, 366 F. 3D 992, 1001 (9TH CIR. 2004).)

Case 3:08-cv-00167-DMS-NLS

IN SUM, AN EVIDENTIARY HEARING IS REQUIRED UNDER THE A.E.D.P.A.-AND AN APPELLATE COURT WILL REMAND FOR A HEARING IF THE DISTRICT COURT RULES WITHOUT GRANTING ONE - "WHERE THE PETITIONER ESTABLISHES A COLORABLE CLAIM FOR RELIEF AND HAS NEVER BEEN ACCORDED A STATE OR FEDERAL HEARING ON HIS CLAIM". (EARP, SUPRA, AT 1167.)

PETITIONER REQUESTED AN EVIDENTIARY HEARING IN THE STATE HABEAS PROCEEDINGS AND EACH OF THE COURTS RULED WITHOUT GRANTING PETITIONER AN EVIDENTIARY HEARING. AS A RESULT, (1.) PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING IN THIS COURT BEFORE A CREDIBILITY DETERMINATIONS ON THE FACTS ALLEGED IN THE PETITION AND SUPPORTING INFORMATION; AND (2.) ANY CONTROVERTED "FACTS" FOUND BY THE STATE COURT WHILE DENYING A REQUEST FOR AN EVIDENTIARY HEARING NECESSARILY RESULT FROM AN "UNREASONABLE DETERMINATION" OF THE FACTS, AND HENCE ARE NOT ENTITLED TO ANY PRESUMPTION OF CORRECTNESS. (EARP, SUPRA, AT 1167; TAYLOR, SUPRA, AT 1101) ["WHERE THE STATE COURT'S LEGAL ERROR INFECTS THE FACT FINDING PROCESS, THE RESULTING FACTUAL DETERMINATION WILL BE UNREASONABLE AND NO PRESUMPTION OF CORRECTNESS CAN ATTACH TO IT."]

PETITIONER ASSERTS THAT THE IMPLIED FACTUAL FINDINGS OF THE STATE COURT IS UNREASONABLE, AND INFECTING THE FEDERAL COURTS FACT FINDING PROCESS. THE STATE COURT MISREPRESENTED PETITIONER'S ISSUES AS A "SENTENCE" ISSUE, AND THE FACTUAL PREDICATE WOULD BE BASED AT 1-10-91, WHEN IN FACT THE FACTUAL PREDICATE WAS ESTABLISHED ON 1-19-08 WHEN C.D.C.R. REFUSED TO

HONOR THE PROMISE; OR WHEN THE STATE COURT REFUSED TO ENFORCE THE TERMS IN 2006-2007.

THIS PETITION IS NOT ABOUT THE SENTENCE IMPOSED, OR THE TACTICS

Case 3:08-cv-00167-DMS-NLS

USED TO OBTAIN THE PLEA, IT IS ABOUT ENFORCEMENT OF THE PLEA BARGAIN AND THE UNFULFILLED PROMISES. AS PROOF, THE PETITIONS DO NOT CLAIM PETITIONER WAS ENTITLED TO A PARTICULAR SENTENCE, i.e. 21 OR 25 YEAR DETERMINATE SENTENCE. THATS CLEAR AND CONVINCING EVIDENCE AS ARE MY VERIFIED PETITION AND MOTIONS. THUS, THE PRESUMPTION OF CORRECTNESS IS REBUTTED, AND PRESUMPTION BASED UPON PRESUMPTION WILL NOT STAND AS "FACTUAL DETERMINATION."

Case 3:08-cv-00167-DMS-NLS

(FN1) THIS IS INTRICATE PLEASE LISTEN. THE STATE SUPERIOR COURT WANTED A DEMONSTRATION OF WHY PETITIONER WAS UNDER THE IMPRESSION HE WOULD SERVE 21 YEARS AND WHY IT MAY BE NOTHING MORE THAN SPECULATION ABOUT PAROLE CONSIDERATION. [LODGEMENT 11] PETITIONER DETAILED WHY HE WAS UNDER THE IMPRESSION ON 5-9-1990, AND WHY "PAROLE SUITIBILITY" WAS NOT THE SPECULATED REASON FOR PETITIONER'S IMPRESSION FOR FREEDOM. PAROLE SUITIBILITY TO OBTAIN RELEASE WAS NOT MENTIONED AT ALL. "PAROLE RELEASE" WAS "A METHOD" BUT NOT "THE METHOD". FIRST OF ALL PETITIONER IS A MULTIJURISDICTION PRISONER AND REGULATIONS DO NOT REQUIRE A "PREREQUISITE" FINDING OF PAROLE SUITIBILITY, THEY ONLY PROVIDE FOR "TERM FIXING" (SEE P.C. §§ 1389.7, 2911, 1553.1 FOR EXAMPLES) AND "PENAL CONSEQUENCE" PAROLE IS AUTOMATIC OR WAIVED. (TITLE 15 § 2370 (d).) BY OPERATION OF LAW PETITIONER SHOULD BE RELEASED ALREADY.

BACK ON POINT ON 5-9-90, PETITIONER THOUGHT HE WOULD RECEIVE A DETERMINATE SENTENCE BETWEEN 25-33 YEARS WITH POST CONVICTION CREDIT.

HERE IS THE IMPORTANT PART ON 1-10-91, PETITIONER RECEIVED THE "25 TO LIFE" INDETERMINATE SENTENCE (PRESUMED I.S.L.) PETITIONER WOULD HAVE APPEALED AND SOUGHT HABEAS RELIEF ABOUT THE SENTENCE, BUT BEFORE HIS DIRECT APPEAL WAS FILED, PETITIONER WAS CONVINCED BY C.D.C. AND INMATES, THAT HIS INDETERMINATE SENTENCE "TERM, WAS DETERMINED" AT 25 YEARS, ON 2-26-91. (SEE P.C. § 1170.2) THUS, PETITIONER DETRIMENTALLY RELIED ON "RELEASE DATE" AND ABANDONED ANY CLAIM ABOUT THE SENTENCE. THIS PETITION WAS NOT BASED UPON THE SENTENCE. IF THE COURT MAKES IT ABOUT THE SENTENCE THEN EQUITABLE ESTOPPEL, EQUITABLE TOLLING OR STATUTORY TOLLING 28 U.S.C. § 2244 (d)(1)(B) MUST APPLY. PETITIONER WANTED TO DEMONSTRATE HIS IMPRESSION AND THE TATICS THE STATE EMPLOYED BACK THEN. HE PETITIONS ABOUT FULFILLING THE PROVISIONS THAT "ENSURE HIS FREEDOM AT THE EXPIRATION OF THE FEDERAL SENTENCE"; THE BREACH OF CONTRACT IN 2008; THE FULFILLMENT OF THE ENDS, OR RECISSION FOR BEING INVOLUNTARY.

PLEASE STOP THE MISREPRESENTATION OF MY CLAIMS.

Case 3:08-cv-00167-DMS-NLS

Petitioner admits he mistakenly claimed to seek Certorari in the United States Supreme Court. [see Pet'n pg. 3]
Petitioner apologizes for any inconvenience!

Respectfully submitted,

Date: 8-12-2008

Martin Edward Walters

Martin Edward Walters

# DECLARATION AND PROOF OF SERVICE BY MAIL

I, Matt Braden, declare under the penalty of perjury that I am over the age of 18 years, (X) and not a party, or ( ) am a party to this action, and reside in Solano County, at P.O. Box 4000, (Cell # 206 up) Vacaville, California, 95696-4000.

That on August, 13, 2008, I deposited in the United States Mail at California State Prison - Solano, Vacaville, California a copy of the attached hereof:

in a sealed envelope with postage fully prepaid, and addressed to:

United States Courthouse
Southern District of California
880 Front St Suite 4290
San Diego CA. 92101-8900

State of California
Department of Justice
Office of the Attorney General
110 West "A" Street Suite 1100
P.O. Box 85266
San Diego CA. 92186-5266

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this August, 13, 2008, at CSP-Solano, Vacaville, California, 95696-4000.

Matt Braden

DECLARANT