MARTIN WALTERS # E-86183
C.S.P. SOL. 6-206 L
P.O. BOX 4000
VACAVILLE, CA 95696

FILED
2008 AUG 29 PM 1:00
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM DEPUTY

NUNC PRO TUNC
AUG 27 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN EDWARD WALTERS, Petitioner, v. D. K. SISTO, Warden, Respondents. | CIVIL NO. 08CV00167-DMS (NLS) MOTION AND DECLARATION FOR APPOINTMENT OF COUNSEL; EVIDENTIARY HEARING; AND DISCOVERY. HABEAS RULE 6 AND 8. |

PETITIONER, MARTIN EDWARD WALTERS, MOVES THIS COURT FOR AN ORDER APPOINTING COUNSEL AT PUBLIC EXPENSE. 28 USCA §§ 1915 (e)(1), 2254, 18 USC §§ 3006 A OR 3006 A (g).

COUNSEL SHOULD BE APPOINTED BECAUSE PETITIONER IS ILLETERATE AND INDIGENT; THE ISSUES IN THIS CASE ARE COMPLEX TO PETITIONER AND COUNSEL WOULD BE ABLE TO EFFECTIVELY UTILIZE DISCOVERY PROCEDURE TO OBTAIN THE DOCUMENTS, DEPOSE PARTIES OR WITNESSES e.g. THE PROSECUTORS, DEFENSE COUNSEL, JUDGES, ETC., WHO WERE INVOLVED DURING THE PLEA BARGAINING STAGES, AND PROPERLY INTRODUCE SAID EVIDENCE AND FACTS TO THIS COURT PERHAPS IN LIEU OF AN EVIDENTIARY HEARING.

1. RESPONDENT'S COUNSEL HAS REFUSED/EVADED SUCH REQUEST.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

2. RESPONDENT AND/OR HIS COUNSEL HAVE APPARENTLY FILED A SHAM ANSWER.

3. IF SAID ANSWER IS NOT A SHAM THEN THE MATERIAL REQUESTED UNDER DISCOVERY IS ABSOLUTELY ESSENTIAL TO THE PETITIONER WITHOUT IT THE PETITIONER CANNOT DEFEND HIMSELF.

4. THE REQUESTED MATERIAL ESTABLISHES A PRIMA FACIE RECORD OF THE PLAINTIFF'S ASSERTIONS OF FACT AND UNEQUIVIENTLY REBUTS RESPONDENTS ASSERTIONS. AQUIRING AFOREMENTIONED REQUESTED MATERIAL IS NOT ONLY ESSENTIAL TO PETITIONER'S CASE, BUT MAY ALSO NEGATE ANY NECESSITY TO HOLD AN EVIDENTIARY HEARING TO OBTAIN THE SAME.

PETITIONER ASSERTS DISCOVERY CAN BE GRANTED BY THIS COURT. (HARRIS V. NELSON, 394 US 286 (1969) IN FACT THE COURT CONCLUDED THAT THE ISSUE OF DISCOVERY IN HABEAS CORPUS AND 2255 PROCEEDINGS, "... THE RULE MAKEING MACHINERY SHOULD BE INVOKED. [394 U.S. AT 299]

THE COURT NOTED DISCOVERY MAY, IN APPROPRIATE CASES, AID IN DEVELOPING FACTS NECESSARY TO DECIDE WHETHER TO ORDER AN EVIDENTIARY HEARING OR GRANT THE WRIT FOLLOWING AN EVIDENTIARY HEARING [394 U.S. 301 n.7]; AND BLACKLEGE V. ALLISON, 431 U.S. 63, 81 (DISCOVERY APPROVED BEFORE EVIDENTIARY HEARING GRANTED)

PETITIONER REQUESTS THIS COURT ORDER THE FOLLOWING PARITIES TO PROVIDE THE FOLLOWING DOCUMENTS AND ANSWER THE FOLLOWING INTEROGATORIES:

<u>PARTIES</u>

1. DEPUTY DISTRICT ATTORNEY (D.D.A.) EVAN MILLER.

2. ASSITANT UNITED STATES ATTORNEY (A.U.S.A.) D. THOMAS FERRARO.
3. HONORABLE EARL B. GILLIAM FEDERAL DISTRICT COURT JUDGE.
4. HONORABLE JESUS RODRIGUEZ CALIFORNIA SUPERIOR COURT JUDGE.

DOCUMENTS

PETITIONER REQUESTS ANY AND ALL BRADY INFORMATION THAT ANY PARTY MAY POSSES AND OR KNOW OF PERTAINING TO THIS PETITION; INCLUDING, BUT NOT LIMITED TO, DAY RECORDS, NOTES, PERTAINING TO PETITIONER'S PLEA BARGAINING FROM ARREST TO GUILTY PLEA ON MAY 9, 1990.

INTORROGATORIES and depositions

Petitioner requests interrogatories and depositions of Respondents Agents who Negotiated The plea Agreements.

Petitioner provides a primary sample of questions (see next page)



COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 8-72)
34769

MR. MILLER

PLEASE ANSWER THE FOLLOWING QUESTIONS. GIVE FULL ANSWERS AS NEEDED.

Q.) BETWEEN MAY 1-9, 1990, DURING PLEA NEGOTIATIONS, DID YOU ATTEND A MEETING BEFORE JUDGE EARL B. GILLIAM, WITH MR. D. THOMAS FERRARO (A.U.S.A.), MR. LARRY AINBINDER, MR. JAMES F. POKORNY, WHERE THE JUDGE **BERATED** ALL THE LAWYERS FOR NOT RESOLVING M. WALTERS CASES BY PLEA AGREEMENT?

A.)

Q.) AS A DIRECT RESULT OF THAT MEETING DID ALL THE LAWYERS SEEK TO SETTLE THE CASE BY PLEA BARGAIN, AND IN DOING SO ASK PETITIONER'S COUNSEL WHAT AMOUNT OF TIME PETITIONER WAS WILLING TO SERVE?

A.)

Q.) IS IT TRUE YOU WERE INFORMED BY MR. WALTERS COUNSEL, EITHER JIM POKORNY OR LARRY AINBINDER THAT PETITIONER WAS WILLING TO SERVE 20 YEARS IN CUSTODY TO SATISFY ALL CASES IN BOTH JURIS-DICTIONS THEN PENDING AGAINST HIM?

A.)

Q.) WOULD IT BE FAIR TO SAY THAT THE MUTUAL INTENT OF THE CONTRACTING PARTIES WAS THAT PETITIONER WAS TO SERVE 20 YEARS IN CUSTODY TO SATISFY THE DEBT OF HIS MISBEHAVIORS?

A.)

Q.) WHEN CREATING THE CHARGES THAT WOULD BE USED TO SATISFY EXPECTATIONS YOU CHOSE FIRST DEGREE MURDER; HOW DID YOU CONCLUDE MR. WALTERS WOULD SERVE BETWEEN 19-21 YEARS?



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
34769

A.)

Q.) IS IT TRUE YOU TOLD MR. WALTERS THAT HE WOULD NOT SERVE ONE DAY ON THE FIRST DEGREE MURDER BECAUSE THE STATE time WOULD EXPIRE BEFORE THE FEDERAL TIME, AND THAT THE PROVISIONS OF HIS PLEA AGREEMENT ENSURED HIS RELEASE FROM CUSTODY AT THE EXPIRATION OF HIS FEDERAL SENTENCE?

A.)

Q.) IS IT TRUE YOU TOLD PETITIONER HE WOULD BE A MULTI JURIS-DICTIONAL PRISONER WITHIN THE MEANING OF TITLE 15 § 2000 (70); AND AS SUCH YOU BELIEVED HE'D RECEIVE A DISPOSITIVE DECISION OF HIS CALIFORNIA SENTENCE PERSUANT TO TITLE 15 § 2370 (d)(1) OR (2)?

A.)

Q.) DID YOU PROMISE THAT ANY TIME MR. WALTERS RECEIVED IN THE STATE COURT WOULD BE CONCURRENT TO THE TIME HE RECEIVED IN FEDERAL COURT, AND ANY TIME HE RECEIVED WOULD BE SERVED IN FEDERAL CUSTODY?

A.) A.)

Q.) IS IT TRUE THOSE PROMISES WERE BASED UPON MR. WALTERS WISHES OR HIS CONDITIONS FOR PLEADING GUILTY?

A.)



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
34769

CALIFORNIA ATTORNEY GENERAL AND OR B.P.H.

PETITIONER REQUESTS FROM THE CALIFORNIA ATTORNEY GENERAL TO PROVIDE PETITIONER OF THE EXACT METHOD OF HOW PETITIONER'S CALIFORNIA SENTENCE WOULD BE DISPOSED OF HAD HE BEEN HELD IN A FEDERAL INSTITUTION? IN OTHER WORDS WOULD HE HAVE BEEN A MULTIJURISDICTION PRISONER WITHIN THE MEANING OF TITLE 15 § 2000 (70)? WOULD HE HAVE RECEIVED A MULTIJURISDICTION PRISONER DOCUMENTATION HEARING PURSUANT TO TITLE 15 § 2369?

WOULD HE HAVE RECEIVED A MULTIJURISDICTION PRISONER INITIAL PAROLE HEARING PURSUANT TO TITLE 15 § 2370?

WOULD HE HAVE RECEIVED A DISPOSITIVE DECISION PURSUANT TITLE 15 § 2370 (d)(1) OR (2)?

PURSUANT TO TITLE 15 § 2370 (d)(2) OPTION WOULD THE TERM OF IMPRISONMENT PROVIDED IN THIS CHAPTER BE PROVIDED BY CHAPTER 3, SECTION 2403, FIRST DEGREE MURDER MATRIX OF TERMS?

WOULD THE PROPORTIONATE TERM (BASE TERM) AND OTHER RELEVENT FACTORS PROVIDED IN SECTIONS TITLE 15 §§ 2405-09 PRODUCE THE "TOTAL PERIOD OF CONFINEMENT" IN YEARS PER TITLE 15 § 2411?

WOULD THAT "TOTAL PERIOD OF CONFINEMENT" BE REDUCED BY POST CONVICTION CREDIT CALCULATED PER TITLE 15 § 2410, RESULTING IN "THE ADJUSTED PERIOD OF CONFINEMENT" PER TITLE 15 § 2411 (a)?

COULD D.D.A. MILLER REASONABLY PREDICT PETITIONER WOULD BE RELEASED FROM PRISON IN 19 YEARS?

IN SUMMATION WOULD IT BE FAIR TO PRESUME THAT DURING THE PLEA BARGAINING STAGES D.D.A. MILLER COULD HAVE CALCULATED THAT PETITIONER,



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
34769

e.g., WOULD RECEIVE AN AGGROVATED BASE TERM RESULTING IN A 30 YEAR "TOTAL PERIOD OF CONFINEMENT", AND PRESUME PETITIONER WOULD EARN 4 MO. OFF (AND NOT MORE THAN 4 MO. FOR EXEMPLORARY BEHAVIOR PER TITLE 15 § 2410) A YEAR RESULTING IN AN "ADJUSTED PERIOD OF CONFINEMENT," OF 20 YEARS, SHOULD THE PANEL OPT FOR UTILIZING TITLE 15 § 2370 (d)(2)?

PETITIONER ASSERTS MR. MILLER DID IN FACT SHOW PETITIONER, AND HIS COUNSEL, THAT PETITIONER WOULD BE RELEASED, REGARDLESS OF PAROLE SUITABILITY, VIA TERM FIXING AND CREDITS.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
34769

# HISTORY

PETITIONER HAS ATTEMPTED TO OBTAIN EVIDENCE FROM:

SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE IN 2003, 2005, 2007.
SAN DIEGO UNITED STATES ATTORNEY'S OFFICE 2005, 2007.
EVAN MILLER, D.D.A. IN JANUARY 1991.
D. THOMAS FERRARO, A.U.S.A. IN JANUARY 1991.
CALIFORNIA ATTORNEY GENERAL OFFICE IN 2006, 2007.
CALIFORNIA BOARD OF PAROLE HEARING IN 2005, 2007, 2008.
UNITED STATES PAROLE COMMISSION IN 2008.
CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, NUMEROUS TIMES
THE HONORABLE JUDGE JESUS RODRIGUEZ IN JAN. 2006.
THE HONORABLE JUDGE EARL B. GILLIAM IN JAN. 2006.
THE SAN DIEGO COUNTY COURT IN 2006, 2007.
THE FEDERAL COURT IN 2006, 2007.

IN AN ATTEMPT TO OBTAIN THE REQUISITE DOCUMENTS AND OR INFORMATION ESSENTIAL TO SUBSTANTIATE PETITIONER'S CLAIMS. PETITIONER HAS DONE EVERYTHING <u>BUT</u> COME BEFORE THIS COURT SEEKING AN ORDER TO OBTAIN THE DOCUMENTS NECESSARY TO PROVE THE VIOLATION OF HIS LIBERTY INTERESTS AND PLEA AGREEMENTS, TO NO AVAIL.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 6-72)
34769

## EVIDENTIARY HEARING

PETITIONER ASSERTS THAT THERE ARE NUMEROUS FACTS IN DISPUTE THAT IF PROVEN TRUE WOULD ENTITLE PETITIONER TO RELIEF; PETITIONER'S FACTUAL ALLEGATIONS ARE NOT FALSE NOR IS THE CONTROVERSEY OF FREEDOM TRIVIAL; PETITIONER WAS DENIED A FULL AND FAIR FACT FINDING BY THE CALIFORNIA COURTS THAT WOULD HAVE ADDRESSED AND RESOLVED ALL THE CONTROLLING FACTUAL ISSUES RAISED FOR THE COURTS TO APPLY CONTROLLING FEDERAL LAW PRINCIPLES TO, THROUGH NO FAULT OF PETITIONER.

THUS, PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING AND PETITIONER WANTS AND NEEDS THE PLENARY REVIEW TO PROVE THAT IN FACT PETITIONER IS ILLEGALLY CONFINED AND OR ILLEGALLY CONFINED IN CALIFORNIA STATE PRISON IN VIOLATION OF THE PROMISES USED TO WAIVE HIS U.S. CONSTITUTIONAL RIGHTS (GUILTY PLEAS) RENDERING HIS GUILTY PLEAS OBTAINED INVOLUNTARILY (i.e. PREJUDICE), AND THEREFORE, PETITIONER IS IN FACT ILLEGALLY CONFINED IN VIOLATION OF THE LAWS, TREATIES, AND UNITED STATES CONSTITUTION AND ENTITLED TO A HEARING AND RELIEF.

## CONCLUSION

WHEREFOR, PETITIONER PRAYS THIS HONORABLE COURT GRANT PETITIONERS REQUEST FOR COUNSEL, DISCOVERY AND EVIDENTIARY HEARING (IF NECESSARY).

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
34769

Respectfully Submitted this 20th Day of August, 2008.

Martin Edward Walters
MARTIN EDWARD WALTERS

I, Martin Edward Walters declare and Verify under Penalty of perjury under the laws of the United States of America that the foregoing is True and correct. Executed on August 20, 2008.

Martin Edward Walters
MARTIN EDWARD WALTERS

# PROOF OF SERVICE BY MAIL

(CCP §§1013(a), 2015.5; 28 U.S.C. §1746)

Case Name : MARTIN EDWARD WALTERS V. D.K. SISTO, Warden.

Case No. : 08 CV 00167 DMS (NLS)

I, Martin Edward Walters, hereby declare that I am over the age of 18, the petitioner in the above-entitled cause of action, my address as an inmate is: 6-206L P.O Box 4000 / Vacaville, CA 95696-4000.

On August 24 2008, I delegated to prison officials the task of mailing, via the institution's internal mail system, (*Houston v. Lack*, 487 US 266 [101 L.Ed.2d 245; 108 S.Ct. 2379] (1988) the below entitled legal document(s):

"motion and Declaration for Appointment of counsel; Evidentiary hearing and discovery" Rules 6 and 8.

by placing said documents in a properly addressed and sealed envelope, with postage fully pre-paid and obtained the signature and date of the officer in turn on the sealing flap of the above-mentioned envelope at Facility " ", Housing Unit # 6 CSP-Solano for which were addressed as follows:

United STATES COURT HOUSE
Southern District of California
880 Front St. Suite 4290
San Diego, CA. 92101-8900
Office of The Clerk

STATE OF CALIFORNIA
Department of Justice
~~Office of the Attorney General~~
Office of the Attorney General
110 West "A" Street, Suite 1100
P.O. Box 85266
San Diego, CA. 92186-5266

I further declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct to the best of my knowledge and recollection herein and that this declaration was executed at California State Prison Vacaville, this 24 day of August, 2008.

Matt Braden
WITNESS MATT BRADEN

Martin Edward Walters
MARTIN EDWARD WALTERS, Declarant