# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN EDWARD WALTERS,<br><br>                          Petitioner,<br>vs.<br><br>D.K. SISTO, Warden,<br><br>                          Respondent. | CASE NO. 08cv0167 DMS (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING PETITIONERS' PETITION FOR WRIT OF HABEAS CORPUS** |

Martin Edward Walters ("Petitioner") is a California prisoner proceeding *pro se,* who filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for first degree murder. Magistrate Judge Nita L. Stormes issued a Report and Recommendation that the petition be denied. ("R&R," Doc. 17). Petitioner filed objections.[1] (Doc. 19.) Respondent did not file a Reply. The Court now adopts the R&R and denies the Petition.

## I.
## BACKGROUND

The full factual and procedural history has been comprehensively set forth in the R&R, which this Court adopts. Of particular relevance to Petitioner's claim are the following undisputed facts. On

---

[1] Petitioner also filed a motion requesting appointment of counsel, an evidentiary hearing, and discovery. (Doc. 21.) Because this Court adopts the R&R, the motion is DENIED, as Petitioner has failed to show a likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (court evaluates likelihood of success on the merits and petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved).

May 9, 1990, Petitioner pled guilty to first degree murder. (R&R at 2.) Petitioner sought to withdraw his guilty plea, asserting mutual mistake of fact. He argued that he mistakenly pled guilty to the state charge as part of a package plea deal involving federal charges, because he was told that he faced life without parole for the federal crimes.[2] (*Id.*) On January 10, 1991, the state trial court denied his motion and sentenced Petitioner to a term of "25 years to life." (R&R at 2.) Petitioner filed the instant petition on January 28, 2008. (Doc. 1.)

## II.

## DISCUSSION

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging his conviction for first degree murder. Petitioner challenges his confinement on four grounds: "(1) Petitioner's guilty pleas were obtained in violation of his due process or equal protection rights; (2) the statute under which Petitioner was convicted or sentenced was unconstitutionally vague in violation of his due process or equal protection rights; (3) California enacted a new law that increased Petitioner's punishment, in violation of the ex post facto or equal protection clauses of the Constitution; and (4) California's "penal consequence parole" directly conflicts with clearly established United States Supreme Court law, in violation of Petitioner's due process rights." (R&R at 1.) Respondent asserts Petitioner's claim is barred by Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA's) one-year statute of limitations. Magistrate Judge Stormes agreed with Respondent, and recommended that the Court grant Respondent's motion to dismiss. Petitioner objects to the Magistrate Judge's R&R, claiming that his petition was timely filed, and entitled to statutory and equitable tolling.

**A.     Standard of Review**

This Court's role in reviewing an R&R is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

---

[2] Petitioner pled guilty to federal charges of conspiracy to manufacture methamphetamine and possession of methamphetamine with intent to distribute, aiding and abetting the possession of an unregistered firearm, and aiding dond abetting the use and carrying of a firearm during the commission of a drug trafficking crime. (Pet'n. Ex. 8, at 122.)

recommendations made by the magistrate." *Id.* In this case, Petitioner filed objections to the R&R. Accordingly, this Court will make *de novo* determinations of those portions of the R&R to which objection is made.

**B.    Statute of Limitations**

AEDPA sets out a one-year period of limitation for state habeas corpus petitions. *See* 28 U.S.C.A. § 2244(d)(1). It provides:

> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Magistrate Judge Stormes concluded that the Petition was filed nearly 11 years too late. Petitioner's judgment became final on August 2, 1992. (R&R at 3.) The factual circumstances giving rise to Petitioner's claims involved his conviction and sentence on January 10, 1991 (grounds 1, 2, and 4) and the enactment of California Penal Code §2805.5 on September 29, 1994 (ground 3). These facts arose before the enactment of AEDPA. (*Id.* at 6.) Absent tolling, state petitioners whose judgments became final before AEDPA was enacted had until April 24, 1997 to file a petition in the federal court. *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

Petitioner objects to these findings by arguing that his Petition was timely filed, because Magistrate Judge Stormes misidentified the factual predicates of his claims, and therefore, erroneously computed the limitation period under 28 U.S.C. § 2244(d)(1)(D). As to the first ground asserted – guilty plea secured in violation of due process – Petitioner argues that he discovered the basis of his claim on January 19, 2008, "the first date upon which petitioner was factually denied the benefit(s) of his plea agreement." (Obj. at 2.) Petitioner advances alternative dates for the discovery of the "factual

1  predicate" of his claim: (1) August 17, 2007 (California Supreme Court denied Petitioner's second
2  state habeas petition, requesting for "enforcement of the terms" of his plea arrangement); (2) May 24,
3  2007 (California Court of Appeal denied same); (3) June 21, 2006 (California Superior Court denied
4  same, subject to equitable tolling); or (4) January 8, 2008 (California Board of Parole Hearings
5  declines to conduct hearing). (Obj. at 2.)

6       Petitioner argues that he discovered the second ground for his petition on April 3, 2007. (Obj.
7  at 6.) It was on that date that he discovered that he could not determine whether he was sentenced
8  under California Penal Code § 1168(b) or § 1170 after reviewing the statutes. (*Id.*) Petitioner admits
9  to having interpreted these statutes incorrectly, but points to a dissent in an unnamed California
10  Supreme Court decision that supports his position, and concludes from this that the statutes are
11  unconstitutionally vague because neither "lay persons nor professionals can[] interpret" them. (*Id.*)

12       Petitioner argues that he discovered the factual predicate of his third ground for habeas relief
13  on April 7, 2007. Petitioner was sentenced to make restitution to his victims pursuant to California
14  Penal Code § 2808.5. In 1994, that section was amended to allow the CDC to effectively impose a
15  10% administrative fee on prisoners' wages that are garnished to pay restitution fines. Petitioner does
16  not identify what events occurred on April 7, 2007, but notes that in September, 2005, the CDC failed
17  to deduct an administrative fee from the total amount owed. However, he does not identify when he
18  first learned that the CDC imposed this new fee upon him. Finally, Petitioner argues that he learned
19  of his fourth asserted ground on January 20, 2008. On that date, Petitioner's request that his lifetime
20  parole be reduced to 60 months was denied, in violation of his plea agreement.

21       Petitioner's arguments are unavailing. Under 28 U.S.C. § 2244 (d)(1)(D), the limitation period
22  begins to run at the "[t]ime . . . when the prisoner knows (or through diligence could discover) the
23  important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d
24  1150, 1154 n.3 (9th Cir. 2001). Petitioner knew of the facts underlying his claims in 1991 or 1994,
25  prior to AEDPA's enactment. Thus, the Court adopts the Magistrate Judge's finding that, absent
26  tolling, the Petition is time-barred.

27       Magistrate Judge Stormes found that statutory tolling did not apply to the Petition. Petitioner
28  objects, "assert[ing] he is also entitled to tolling on all grounds including tolling pursuant to §

2244(d)(2)." (Obj. at 13.) Under § 2244(d)(2), the limitation period does not run while a "properly filed" state habeas corpus petition is "pending" in state court. "[A] state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 128 S. Ct. 2, 3 (U.S. 2007). Petitioner's first and second state court habeas petitions were denied as untimely. (R & R at 3.) Therefore, the tolling provision would not apply, if at all, until March 5, 2007, when Petitioner filed his third state habeas petition. (R &R at 4.) However, the limitation period had already expired on his claims on April 24, 1997. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit the reinitiation of limitation period that has expired before state petition was filed). Accordingly, the Court adopts the Magistrate Judge's finding that Petitioner's claims are not statutorily tolled.

Magistrate Judge Stormes found that Petitioner did not claim entitlement to equitable tolling. (R&R at 7.) Petitioner objects, noting that he asserted that his claims were equitably tolled "because [he] was brainwashed into believing that he would be released from prison on August 2, 2005." (Obj. at 13.) The alleged brainwashing occurred when prison officials told Petitioner that he had a "25 year term" and that he could "reduce the (presumably fixed) term by participating in work, education or vocational" programs and through good behavior. (Opp. at 3.) Attached to his opposition papers is a term computation worksheet, presumably prepared by prison officials on February 26, 1991, which computes his release date based on a "total term" of "25 years." (Opp. Ex. A.) Following conversations with prison staff, inmates, and law clerks, Petitioner came to believe that he had received a determinate 25 year sentence. (Opp. at 4-5.)

A petitioner seeking equitable tolling of AEDPA's one-year statute of limitations bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see* Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (tolling available when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"). Petitioner's argument is unpersuasive, because he fails to establish how prison "staff and inmates, law clerks, etc." prevented him from timely filing his Petition. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) ("if the person seeking equitable tolling has not exercised reasonable

- 5 -

08cv167

diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken"). Similarly, Petitioner's confusion over or ignorance of the law does not excuse him. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("It is clear that pro se status, on its own, is not enough to warrant equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing."). Accordingly, Petitioner is not entitled to equitable tolling.

### III.
### CONCLUSION

For the reasons stated above, the Court ADOPTS the findings, conclusions and recommendations contained in the Magistrate Judge's R&R, Because Petitioner's claims are barred by AEDPA's one-year statute of limitations and he is not entitled to statutory or equitable tolling, the Court GRANTS Respondent's motion to dismiss and DISMISSES this case with prejudice.

**IT IS SO ORDERED.**

DATED: December 29, 2008

_____
HON. DANA M. SABRAW
United States District Judge